RECEIVED

NOV 0 1 2012
MV
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

### ~~Raleigh~~ Division
### Western

FILED

NOV 1 9 2012

JULIE A. RICHARDS, CLERK
BY US DISTRICT COURT, EDNC
DEP CLK

5:12-cv-714-D

|  |  |
|---|---|
| Loushonda Myers, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| The State of North Carolina, et al., | ) |
| Defendants | ) |
|  | ) |
|  | ) **Jury Trial Demanded** |

## COMPLAINT

### Introduction

1. This suit is brought by Loushonda Myers and her minor children, C.M., A.M., and M.M., for

Constitutional, Civil, and State rights violations. Numerous of these violations were substantive

and occurred due to law enforcement and judicial corruption. This suit alleges that South Carolina

law enforcement coerced North Carolina law enforcement in participating in their conspiracy, and

as a result of their actions Loushonda Myers and her three children were deprived of numerous

substantive constitutional and civil rights, as well as property and fundamental rights. These rights include but are not limited to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, their fundamental rights of privacy and unwarranted government intrusion, and the rights of a parent to have custody and care of their children. Plaintiffs' claims are based on but not limited to the following: public corruption; civil conspiracy; intentional infliction of harm; emotional and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property.

2. This action for money damages is brought pursuant to violations including but not limited to First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article Four of the United States Constitution, and 42 USC § 1983; 42 USC § 1981; 42 USC § 1985; 42 USC § 1988; 18 USC § 2511; and illegal cell phone tracking, tracing, and pinging, and N.C.G.S. Chapter 143 Article 31 Tort Liability. Jurisdiction is pursuant to Article III, Section 2 of the United States Constitution, 28 USC § 1331, 28 USC § 1332, the Fifth Amendment of the United States Constitution, 28 USC § 1343, and 28 USC § 1367.

3. The following persons are the Plaintiffs in the action:

     a. *Pro Se* Loushonda Myers at all times material to this complaint, she is a resident of
       Georgetown, South Carolina.

     b. *Pro Se* C.M., a minor child, at all times material to this complaint, he is a resident of
       Georgetown, South Carolina.

     c. *Pro Se* A.M., a minor child, at all times material to this complaint, he is a resident of

Georgetown, South Carolina.

d. *Pro Se* M.M., a minor child, at all times material to this complaint, he is a resident of Georgetown, South Carolina.

4. The following are the defendants in this action:

a. The State of North Carolina is the appropriate defendant under the Fourteenth Amendment of the United States Constitution and is at all times material to this complaint, is the employer and governmental agency over the North Carolina State Bar, Johnston County, Johnston County Sheriff Department (hereafter referee to as "JCSD"), North Carolina Department of Health and Human Services, Johnston County Department of Social Services (hereafter referred to as "JCDSS"), North Carolina Court System, Office of Indigent Services, Johnston County Public Defender's Office, Johnston County District Attorney Office, and Wake County Sheriff Department (hereafter referred to as "WCSD") and their respective agents. Address 9001 Mail Service Center, Raleigh, NC 27699-9001.

b. Krista L. Bennet is at all times material to this complaint. She is employed with the North Carolina State Bar as Facilitator. She is being sued in her individual and official capacity. Her address is PO Box 25908, Raleigh, NC 27611-5908.

c. Fern Gunn Simeon is at all times material to this complaint. She is employed with the North Carolina State Bar as deputy Counsel. She is being sued in her individual and official capacity. Her address is PO Box 25908, Raleigh, NC 27611-5908.

d. John Silverstein is at all times material to this complaint. He is employed with the North

Carolina State Bar as Councilor-Subcommittee III. He is being sued in his individual and

official capacity. His address is PO Box 25908, Raleigh, NC 27611-5908.

e. Unknown agents of the North Carolina State Bar are at all times material to this

complaint and are employees of the North Carolina Bar. they are being sued in their

individual and official capacity. Their address is PO Box 25908, Raleigh, NC

27611-5908.

f. Sheriff Steve Bizzel is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity.

His address is P.O. Box 1809, Smithfield, NC 27577.

g. Captain A.C. Fish is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity.

His address is P.O. Box 1809, Smithfield, NC 27577.

h. Detective C.K. Allen is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity.

His address is P.O. Box 1809, Smithfield, NC 27577.

i. Detective Don Pate is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity.

His address is P.O. Box 1809, Smithfield, NC 27577.

j. Detective J. Creech is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity.

His address is P.O. Box 1809, Smithfield, NC 27577.

k. Detective J. Canady is at all times material to this compliant. He is employed with the

Johnston County Sheriff Office and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

l. Detective A. Case is at all times material to this compliant. He is employed with the Johnston County Sheriff Office and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

m. Captain D. Daughtry is at all times material to this compliant. He is employed with the Johnston County Sheriff Office and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

n. Lieutenant Stewart is at all times material to this compliant. He is employed with the Johnston County Sheriff Office and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

o. Lieutenant Danny Johnson is at all times material to this compliant. He is employed with the Johnston County Sheriff Office and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

p. Deputy Billis/Gillis is at all times material to this complaint. He is employed by the Johnston County Sheriff Department and is being sued in his individual and official capacity. His address is P.O. Box 1809, Smithfield, NC 27577.

q. Unknown officers and agents of the Johnston County Sheriff Department are at all times material to this complaint and are being sued in their individual and official capacity. Their address is P.O. Box 1809, Smithfield, NC 27577.

r. Carmen Carrae is at all times material to this complaint. She is employed with the Johnston County Department of Social Services and is being sued in her individual and

official capacity. Her address is P.O. Box 911, Smithfield, NC 27577.

s. Kimberly Franklin is at all times material to this complaint. She is employed with the Johnston County Department of Social Services and is being sued in her individual and official capacity. Her address is P.O. Box 911, Smithfield, NC 27577.

t. Unknown officers and agents of the Johnston County Department of Social Services are at all times material to this complaint and are being sued in their individual and official capacity. Their address is P.O. Box 911, Smithfield, NC 27577.

u. Magistrate Keith Underwood is at all times material to this compliant. He is employed by the North Carolina Court System, Johnston County and is being sued in his individual and official capacity. His address is P O Box 297, Smithfield, NC 27577.

v. Magistrate/Judge Bethany Hale is at all times material to this complaint. She is employed by the North Carolina Court System, Johnston County and is being sued in her individual and official capacity. Her address is P O Box 297, Smithfield, NC 27577.

w. Magistrate/Judge Walter Stanley is at all times material to this compliant. He is employed by the North Carolina Court System, Johnston County and is being sued in his individual and official capacity. His address is unknown, believed to be P O Box 297, Smithfield, NC 27577.

x. Susan Doyle is at all times material to this complaint. She is employed by the Johnston County District Attorney Office and is being sued in her individual and official capacity. Her address is PO Box 1029, Smithfield, NC 27577.

y. Adren Harris is at all times material to this complaint. He is employed by the Johnston County District Attorney Office and is being sued in his individual and official capacity.

His address is PO Box 1029, Smithfield, NC 27577.

z. Attorney Aleta Ballard is at all times material to this complaint. She has a private practice, Ballard Law Firm,PLLC and also is an employee of the Johnston County Public Defender's Office. She is being sued in her individual and official capacity. Her address is 1327 N Brightleaf Blvd., Ste. B, Smithfield, NC 27577- 7263

aa. Attorney Steven Walker is at all times material to this complaint. He has a private practice, Walker Law Firm, PLLC and is also employed by the Johnston County public Defender's Office. He is being sued in his individual and official capacity. His address is P. O. Box 367, Selma, NC 27576.

bb. Sheriff Donnie Harrison is at all times material to this complaint. He is employed by the Wake County Sheriff Office and is being sued in his individual and official capacity. His address is 330 S. Salisbury St., Raleigh, NC 27602.

cc. Unknown officers/agents of the Wake County Sheriff Department are at all times material to this complaint and are being sued in their individual and official capacity. Address 330 S. Salisbury St., Raleigh, NC 27602.

dd. Ballard Law Firm, PLLC is at all times material to this complaint and is being sued in its individual and official capacity. Address 1327 N Brightleaf Blvd., Ste. B, Smithfield, NC 27577- 7263.

ee. Walker Law Firm, PLLC is at all times material to this complaint and is being sued in its individual and official capacity. Address P. O. Box 367, Selma, NC 27576.

ff. Johnston County, North Carolina. Address 207 E Johnston St., Smithfield, NC 27577.

gg. North Carolina Court System. Address P.O. Box 2448, Raleigh, NC 27602-2448.

hh. Office of Indigent Services. Address 123 W Main Street, Suite 400, Durham, NC
27701.

ii. Johnston County Public Defender's Office. Address unknown, main office 123 W Main
Street, Suite 400, Durham, NC 27701.

jj. Johnston County District Attorney Office. Address PO Box 1029, Smithfield, NC
27577.

kk. Wake County, North Carolina. Address P.O. Box 550, Raleigh, NC 27602.

## FACTS

5. On October 12, 2010, US Marshals initiated a traffic stop of Loushonda Myers and asked
plaintiff to produce her driver's license. Upon producing her driver's license, plaintiff inquired as to
why she was being stopped. Agent Konig of the US Marshal Service told plaintiff that information
from South Carolina law enforcement was given to them concerning the location of two alleged
fugitives. Agent Konig then asked plaintiff several questions regarding the whereabouts of the
alleged fugitives, including if they were at her home. Plaintiff told the agent that there was no one
inside her home. She was then released from the traffic stop.

6. Upon returning to her residence, 19 Topsail Island Drive, Garner, NC, plaintiff attempted to pull
into her driveway. Immediately, a vehicle abruptly pulled in front of the plaintiff blocking her from
entering the property. An agent approached Ms. Myers and told her that she could not have access
to the property because they were in the process of obtaining a warrant.

7. Plaintiff was outside the residence for hours waiting on a warrant to be issued for the residence.
During this time the Johnston County Sheriff Department's STAR Team and Captain Fish also
was present at the residence and also refused the plaintiff access to her home and property. Plaintiff

began calling family and friends due to the situation that was occurring at her residence. Plaintiff also began to videotape the incident using her Blackberry phone.

8. Upon issuance of the warrant for her residence, plaintiff asked for a copy of the warrant and was refused by both the Marshal and Johnston County Sheriff Department. The first search of the home was conducted by both agencies. Both agencies exited the home and agents huddled into a circle to have a conversation. Ms. Myers was informed by one of the Johnston County Deputies that no one was found inside her home. Ms. Myers then questioned when she would be allowed back onto the property. She was told to wait.

9. Later she was informed that the agencies were seeking a second search warrant for narcotics. During this time Ms. Myers was constantly in the presence of a Johnston County Deputy and asked permission for her youngest child to relieve himself behind a bush. She was informed no, and to take the child to a station. In route to the station, Ms. Myers was pulled over by Deputy Billis/Gillis of the Johnston County Sheriff Department. She was arrested and placed in the front of Officer Billis/Billis's vehicle. Captain Fish entered the plaintiff's vehicle and drove the vehicle, along with her three minor children inside, back to the residence.

10. Upon returning to the residence, Ms. Myers was placed inside another vehicle. While inside the front of that vehicle Ms. Myers observed law enforcement officers searching through her Blackberry phone. At a later time, Ms. Myers would also discover that both agencies searched both her phone and her child's cellphone.

11. At the Johnston County Jail during the plaintiff's bail proceedings, Detective Allen and another unknown Deputy told Magistrate Bethany Hale that Ms. Myers has knowledge of a drug ring that extends from California, Arizona, and Georgia. Ms Myers was not allowed to defend herself from

these accusations. Magistrate Hale issued a $400,000 bond. Magistrate/Judge Stanley issued a

$1000 bond. Ms. Myers charges were Trafficking Cocaine by Possession, Trafficking Cocaine by

Manufacture, Maintaining a Dwelling for keeping Controlled Substances, Possession of Marijuana

with Intent to Manufacture, Sell, or Deliver, Manufacturing Marijuana, Possession of Drug

paraphernalia, and Possession of Pyrotechnics.

12. JCDSS was called by the JCSD. Ms. Myers children were interrogated by law enforcement

and JCDSS concerning the allegations against Loushonda Myers and in furtherance of another

separate investigation that did not concern the welfare or safety of plaintiff's minor children. Three

separate allegations were reported to JCDSS on three different dates, October 12, October 28, and

November 5, of 2010. One of these allegations alleged that plaintiff's minor child was involved

with manufacturing drugs and had multiple cellphones. JCDSS continued to involve themselves in

this matter until Ms. Myers moved to South Carolina. Once in South Carolina, JCDSS enlisted the

assistance of the Georgetown County Department of Social Services in South Carolina to conduct

a visit to the home of Loushonda Myers and her minor children.

13. The North Carolina Department of Revenue initiated an Unauthorized substance tax against

plaintiff, Loushonda Myers, which has since been dismissed in favor of the plaintiff.

14. Ms. Ballard was hired in October to represent Loushonda Myers. Ms. Ballard failed to obtain

additional discovery, as well as failed to submit additional motions in pursuit of discovery

materials. Loushonda Myers terminated Ms. Ballard's services in July 6, 2011, and initiated a fee

dispute and grievance against Ms. ballad through the North Carolina Bar. No additional discovery

attempts or materials were ever presented by Ms. Ballard. Loushonda Myers also submitted a

motion to the court to be relieved from Ms. Ballard, but was not heard on the motion.

15. Attorney Steven Walker was appointed to represent Loushonda Myers on August 3, 2011. Loushonda Myers sent Mr. Walker an email regarding her case and the materials that she still needed for her defense. Ms. Myers had numerous conversations and electronic communication with Mr. Walker requesting discovery materials, as well as other issues of substantive rights violations that were occurring.

16. On November 8, 2011, Judge Paul Gessner issued an order for additional discovery to be turned over. No additional discovery had been produced and on December 13, 2011, Loushonda Myers sent a certified letter to Resident Judge Thomas Lock concerning the actions of both Adren Harris and Steven Walker.

17. At this same hearing on November 8, 2011, assistant district attorney, Adren Harris, committed perjury and confirmed on the record that the reason for the presence of law enforcement at my home on October 12, 2010 was in connection to a murder that occurred in Georgetown, South Carolina. From my November 8, 2011 transcript, page 8, lines 20 and 21; Mr. Harris stated that "murder or some type of robbery" was the reason my home was raided.

18. On January 4, 2012, I was notified by Steven Walker that my case had been dismissed due to "no probable cause for arrest" by Adren Harris.

19. After the incident at Loushonda Myers's residence in October of 2010, Ms. Myers sent out packets to various governmental agencies including the North Carolina Attorney General's Office, Governor Perdue's Office, District Attorney Susan Doyle's office, North Carolina Eastern District Office for the US Marshal's, Johnston County Sheriff Department, and the Department of Justice requesting for an investigation and charges be filed. No action has been taken in regards to the complaints.

20. Prior to the incident on October 12, 2010, US Marshal agents trespassed and conducted an unlawful search of Loushonda Myers's home. The agents were disguised as towing operators. It is unknown if the Johnston County Sheriff Department participated in these events.

21. On October 12, 2010, the Johnston County Sheriff Department used illegal cellphone tracking to track the movements of Loushonda Myers and a friend that was trying to find his way to the plaintiff's home during the incident. The friend of Loushonda Myers was pulled over by the Wake County Sheriff Department and the US Marshals. His vehicle was searched and he was threatened with imprisonment if he ever communicated with Ms. Myers or any member of her family again. Upon submitting requests to the Wake County Sheriff Department concerning the events I was told that there was no record of the traffic stop. On November 8, 2011, Adren Harris denied any type of surveillance except "eye surveillance" was done, however after submitting FOIA requests to the US Marshals and the FBI, Loushonda Myers was given documentation that supports cellphone tracking as well as an additional statement that was made by an officer of JCSD that was not turned over during discovery.

22. In addition, Loushonda Myers observed a female Agent with the Marshals that was using a computer inside the vehicle. This agent never left the vehicle. During Loushonda Myers's movements on the morning of October 12, 2010, law enforcement vehicles showed up wherever Ms. Myers had traveled, stopped, and placed a cell phone call.

23. Detective Allen Knowingly swore out false affidavits for the issuance of a warrant. Detective Allen used two different magistrates to search each warrant. The second search warrant contains the same false information as the second.

24. Magistrate/Judge Keith Underwood signed the first search warrant.

25. Magistrate/Judge Walter Stanley signed the second search warrant.

26. Loushonda Myers's property was seized, some destroyed, and others are missing. Ms. Myers vehicle was intentionally held on towing lot to incur excessive fees. The interior of Ms. Myers vehicle was damaged. The back of the driver's seat was pulled off, upholstery was ripped up, and the interior of the vehicle had several cracks in interior components.

## CONSPIRACY

27. After obtaining discovery materials and returning to South Carolina, Loushonda Myers began seeking answers into the incident that occurred on October 12, 2010. Following several FOIA requests and seeking out other court documents, Ms. Myers had discovered that the events that took place at her home was tied to the 2003 murder of a Georgetown County Detention Center employee named Joey Pope. Ms. Myers submitted a FOIA request to view the documents in that file, and sat down for a meeting with Scott Hixon, Stephen Brown, and Scott Hixon's assistant, Magdeline. Gabrielle Myers and Christina Myers were also present at this meeting and to view the documents from the Joey Pope case. During this meeting, Stephen Brown of the Georgetown County Solicitor's Office told Ms. Myers that he was in contact with the US Marshals before and after the raid was conducted on her home.

28. To cover his tracks, on November 16, 2011, Scott Hixon later sent a letter to Mr. Steven Walker informing Mr. Walker that I had submitted a FOIA request and that he was unaware that I had criminal charges pending. He also stated in this letter to Mr. Walker that I had threatened a witness or had someone to threaten a witness from within those documents. However, on November 14, 2011, Ms. Myers, Mr. Eric McNeil, and the alleged witness that was threatened, visited the Georgetown Police Department and spoke with Chief Paul Gardner, a former FBI agent

whom was also involved with the Pope murder case, and Officer Scott Scogin. Ms. Myers inquired as to why the department had called the Solicitor's Office and lied on her stating that she or someone in her family had threatened a witness. Ms. Myers also requested to file a police report and was denied by Officer Scott Scogin. On November 15, 2011. Ms. Myers filed a formal complaint with the Mayor of Georgetown, Jack Scoville. Mr. Scoville stated that my complaint would be forwarded to SLED (South Carolina Law Enforcement Division) for an investigation, however almost a year later, Ms. Myers has still not received correspondence from the Mayor nor SLED, even after several phone calls and e-mails.

29. Documentation within the Joey Pope murder case shows evidence of fraud and conspiracy on the part of the Georgetown, South Carolina law enforcement to bring the FBI in on a fictions gang named the "Myers Gang". Joey Pope's murder was being blamed on the Myers brothers, who were the alleged fugitives that "South Carolina law enforcement sources" said were at Ms. Myers's home. There is also documentation that points to cellphone tracking within a FBI report that filed with the case.

30. Loushonda Myers never received Brady materials or other substantial information to aid in her defense of her criminal charges. However, during a three- way conversation with attorney Micah Leddy and Marvin Myers, Jr., Ms. Myers told Mr. Leddy that she was aware that he was the one that gave her cellphone number to law enforcement. Mr. Leddy's reply was, "Who told you that?"

31. Georgetown County Sheriff and Police Department had a long standing vendetta against the Myers Family, and elicited the FBI, US Marshals, and North Carolina to aid them in the execution of their goals. As a result, North Carolina, its law enforcement agencies, social services department, and legal system violated the plaintiffs's rights-substantive, procedural, and

fundamental. As of the entering on this complaint, plaintiff, Loushonda Myers, has still not

received discovery materials nor her property that has been seized from her. In addition, the video

from her Blackberry cellphone that documented the events on October 12, 2010, still has not been

returned, and- according to attorney Steven Walker, has been damaged while in the custody and

care of North Carolina law enforcements officers.

## <u>COUNT I</u>

## <u>VIOLATIONS OF THE UNITED STATES CONSTITUTION</u>

32. Plaintiffs reference, incorporate, and re-allege each of the above paragraphs.

33. On October 12, 2010, Defendants used unreliable, uncorroborated information in pursuit of a

search warrant for Loushonda Myers's residence. These search warrants were issued using

probable cause that derived from the state of South Carolina. In Ms. Myers transcript (page 8and

9), Mr. Adren harris stated that the Marshals saw a person that matched the description of one of

the individuals, yet a search warrant was issued for two individuals.  *No State shall make or*

*enforce any law which shall abridge the privileges or immunities of citizens of the United States;*

*nor shall any State deprive any person of life, liberty, or property, without due process of law; nor*

*deny to any person within its jurisdiction the equal protection of the laws.- 14th Amendment*

Defendant's knowingly sought out a different magistrate/judge to sign a second warrant using the

same information in the first search warrant that had already been deemed false. Defendant's had no

arrest warrants for the alleged fugitives that they were allegedly seeking. Loushonda Myers was

never presented with a search warrant prior to the seizure of her property, and asserts that

Defendants had no lawful right to trespass on her property or to seize her property. *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.- 4th Amendment of US Constitution*

34. Defendants used illegal cellphone tracking and false uncorroborated information to obtain first search warrant, and knowingly used the same information for a second a second search warrant, and produced it to a second magistrate/judge. *4th Amendment of US Constitution,18 U.S.C. § 2510*

35. Loushonda Myers's minor children were seized from her and given into the custody of Johnston County Department of Social Services.-*4th and 14th Amendment of US Constitution*

36. Magistrate Judge Bethany Hale and Walter Stanley issued bail amounts that were clearly excessive and did so to the further the goals of the law enforcement agencies involved; and to maliciously punish Loushonda Myers physical, mentally, and emotionally. *Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.-8th Amendment of US Constitution*

36. Loushonda Myers was denied discovery on numerous occasions; denied the right to substantive defense materials; denied the right to have the video she recorded in her own cell phone; denied the right to confront her accuser; denied the NCIC report for one of the alleged fugitives; and continues to be denied her substantive rights. Attorneys Aleta Ballard and Steven Walker failed exercise due diligence and provide effective counsel for Loushonda Myers. Neither attorneys were willing or able to obtain the materials that were necessary for a proper defense. *In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an*

*impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.-6th Amendment of US Constitution, 18 U.S.C. 3500*

37. Loushonda Myers's children, rights, and rights were stricken from her. Her minor children were interrogated by law enforcement, seized, searched, and then given to the custody of a state agency. Loushonda Myers was also forced to fight against an Unauthorized Substance tax Assessment that was initiated a s a result of the actions of the above Defendants. *No person shall be held to answer for a capital, or other- wise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, with- out just compensation.- 5th Amendment of US Constitution*

38. Loushonda Myers has written complaints and sent them out to the Defendants and no one has responded with a corrective course of action. ..... *the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. -1st Amendment of US Constitution*

## COUNT II

## 42 U.S.C. §1983 CAUSE OF ACTION

39. Plaintiffs reference, incorporate, and re-allege each of the above paragraphs.

40. The actions, conduct, and omissions of the Defendants violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

## COUNT III

## VIOLATIONS OF NORTH CAROLINA CONSTITUTION AND LAWS

41. Plaintiffs reference, incorporate, and re-allege each of the above paragraphs.

42. On October 12, 2010, Magistrate/ Judges Keith Underwood and Walter Stanley signed the two search warrants that contained the false statements, uncorroborated statements, and malicious testimony. Article 1 Section 19 and 20 of the North Carolina Constitution, N.C.G.S. § 15A-245, *State v. Watkins,* 120 N.C. App. 804 (1995)

43. Loushonda Myers was prevented from entering upon the premises prior to the issuance of a search warrant, and after the first search warrant was issued for the alleged fugitives, Ms. Myers was not allowed to view the search. Article 1 Section 19 and 20 of the North Carolina Constitution, N.C.G.S. § 15A-253

44. Ms. Myers was given a bond in the amour of $401, 000. Article 1 Section 19 and 27 of the North Carolina Constitution

45. Ms. Myers was denied discovery materials, and continues to be denied property and discovery after numerous requests. Mr. Adren Harris willingly and knowingly failed to provide discovery materials. Mr. Adren Harris gave testimony in open court on November 8, 2011 in which he stated

that an NCIC of one of the alleged fugitives was used as probable cause for the raid on Plaintiffs home on October 12, 2010; however the NCIC report furnished to the defense was not pulled until the following day, October 13, 2010 ( page 11 of the November 8, 2011 transcript). In addition on page 9 of Loushonda Myers's transcript Mr. Adren Harris stated, "That was the contact that the Johnston County Sheriff's Department had with the marshals from South Carolina"; however Ms. Myers never received any discovery materials from the marshals or South Carolina. *Article 1 Section 19 and 23 of the North Carolina Constitution; N.C.G.S. 15A-903; Kyles v. Whitley, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995); United States v. Bagley, 473 U.S. 667, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985); United States v. Agurs, 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976); and Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) State v. Pigott, 320 N.C. 96, 102, 357 S.E.2d 631, 635 (1987); State v. Adams, 122 N.C. App. 538, 470 S.E.2d 838 (1996); N.C.G.S. 15A-903(d); State v. Cunningham, 108 N.C. App. 185, 423 S.E. 2d 802 (1992); 18 U.S.C. 3500; N.C. G.S. 15A-907; State v. Jones, 296 N.C. 75, 248 S.E.2d 858 (1978); N.C.G.S. 15A-902(a); N.C.G.S. 15A-910; N.C.G.S. 15A-294(d) through (f); and N.C.G.S. 99A-1.*

46. Adren Harris failed to perform his duties and obligations as an officer of the court, and as a district attorney for the Johnston County and the State of North Carolina. His actions were brought to the attention of the Court and to Susan Doyle, as well as other agents and departments of the State of North Carolina. *North Carolina State Bar Rules of Professional Conduct Rule 3.8; 8.2; and 8.3.*

47. Defense attorneys Aleta Ballard and Steven Walker failed to perform their duties as required by the *North Carolina Bar's Rules of professional Conduct Rules 1.1; 1.2; 1.3; 3.1; 3.5; 4.1; 8.2;*

_and 8.3._

48. The actions of Ms. Aleta Ballard were brought to the attention of the North Carolina Bar, and it failed to perform its duties in a fair and impartial manner. _"The North Carolina State Bar was created in 1933 by the North Carolina General Assembly as the government agency responsible for the regulation of the legal profession in North Carolina. The State Bar currently regulates over 20,000 licensed lawyers. Protection of the public and protection of our system of justice are the objectives of regulation."_

49. Carmen Carrae and Kimberly Franklin of the Johnston County Department of Social Services aided in the investigation of the law enforcement officers that were involved in the events on October 12, 2010. The JCDSS interrogated minor children concerning the arrest of Loushonda Myers and subject matters unrelated to their health and welfare. Three separate reports were filed against Loushonda Myers. The first on October 12, 2010 stated that Ms. Myers was being arrested and no one was available to care for her minor children. The second report on October 28 stated "ongoing [illegible] assessment regarding allegations of neglect". However, Ms.Myers was never made aware of the charges of neglect, nor what actions constituted charges of neglect. Ms. Myers was never made aware of allegations of neglect prior to October 28, 2010._North Carolina Department of Health and Human Services Manual Chapter VIII:Protective Services_. The third report on November 5, 2010 stated, "allegations that the Myers residence is a stash house, 2 fugitive brothers in the home. "[C.] has three cellular phones and may be involved are denied by family members." This tactic was used so that the JCDSS could be used to facilitate interaction with Loushonda Myers's children in order to interrogate the children concerning investigations in South Carolina, and to obtain evidence against Loushonda Myers for use in her criminal

proceedings. Again, Ms. Myers was never made aware of the allegations prior to November 5, 2011. The JCDSS intentionally interfered with Ms. Myers fundamental and substantive rights to her children in a manner without interference from the government. Plaintiffs assert that the JCDSS was and currently is working in conjunction with the JCSD and therefore Plaintiff had the right to confront her accuser and know the allegations and actions that gave rise to the allegations against her. *North Carolina Department of Health and Human Services Manual ChapterChapter VIII:Protective Services Section 1408, Article 1, Section 23 of the North Carolina Constitution*

50. Ms. Myers made several requests for the records that were in the possession of the JCDSS. Ms. Myers was given partial records during her criminal proceedings, but not given the identity of the person(s) that brought charges against her. Ms. Myers asserts that her children and she has a right to these records. Plaintiffs asserts that the accusers in her case are law enforcement officers and the JCDSS facilitated their objectives by proceeding withy frivolous charges against Loushonda Myers. As of the date of the submittal of this complaint, Loushonda Myers has not received an updated status of this case despite repeated requests. *North Carolina Department of Health and Human Services Manual Chapter VIII:Protective Services 1428*

51. The actions, conduct, and omissions of the Defendants violated the North Carolina Constitution and General Statutes, as well as published guidelines. *All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay.- Article 1 section 18 of the North Carolina Constitution; N.C.G.S. 99D-1*


## COUNT IV

## NORTH CAROLINA TORT CLAIMS ACT

52. Plaintiffs reference, incorporate, and re-allege each of the above paragraphs.

53. Plaintiffs submitted a Tort Claim to the North Carolina Industrial commission. By letter dated October 17, 2012, Deputy Commissioner Brad Donovan dismissed Plaintiffs claim with prejudice citing, *"...the Commission lacks jurisdiction over plaintiff's claims..."*. Plaintiffs have submitted a Notice of Appeal, however as of the signing date of this complaint has not received a response.

## COUNTS V-XXVI

## DAMAGES

## INTENTIONAL ACTS/ INJURIES/NEGLIGENCE

53. Plaintiffs reference, incorporate, and re-allege each of the above paragraphs.

54. Plaintiff restates the last section of paragraph 2, "Plaintiffs' claims are based on but not limited to the following: public corruption; civil conspiracy; intentional infliction of harm; emotional and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property. Plaintiffs are specifying each act as a separate cause of action.

55. Due to the actions, conduct, and omissions of the Defendants, Plaintiffs have sustained severe injuries. Since October 12, 2010, Loushonda Myers has been defending herself against criminal and civil charges. Due to lack of finances and the lost of earning potential due to charges that still are appearing on her criminal record, she has been forced to defend herself. She has experienced physical, mental, and emotional distress. Her minor children have also been injured to the

Defendants. They have to see their mother go through trials to fight for her rights, as well as theirs. They have been seized from the love and companion ship of their mother during the two weeks she was incarcerated. Ms. Myers and her children were forced to move to South Carolina due to the expenses that were incurred, and the property and monies that were seized from her.

56. Ms. Myers has been labeled as a drug dealer and a criminal in the public, and on her background check. Ms. Myers and her children were the subject of news on both television, radio, newspaper, and internet mediums. Ms. Myers was arrested and charged due to the malicious endeavors of law enforcement officers in North Carolina that facilitated a conspiracy that was initiated in South Carolina.

57. As of the date of the signing of this complaint, Ms. Myers is still fighting for her rights, and being denied. The process has been hard on both Ms. Myers and her children. Her chidden hurt to see her in such conditions and stress, and Ms. Myers hurts not only for herself, but for her children. Her family has been dependent upon the generosity of other family members to provide even the basics of necessities such as electricity and housing.

58. The past couple of years have been a tremendous burden upon Ms. Myers and her children. Their substantive, procedural, and fundamental rights have been taken from them, and these rights have been violated on numerous occasions.

59. As a result of the Defendants actions, Ms. Myers has suffered public corruption; civil conspiracy; intentional infliction of harm; emotional and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property. She is seeking

$25 million dollars in damages for denial of substantive and procedural due process rights, and deprivation of fundamentals rights, including but not limited to legal expenses, severe emotional distress, false imprisonment, malicious prosecution, loss of income, and transportation expenses.

60. As a result of the defendants actions, C.M.; A.M.; and M.M., minor children, have suffered damages including but not limited to severe emotional distress distress, loss of consortium, deprivation of property, deprivation of substantive and procedural rights, and deprivation of fundamental rights.

61. C.M. is seeking $25 million dollars for damages as stated in item #60.

62. A.M. is seeking $25 million dollars for damages as stated in item #60.

63. M.M. is seeking $25 million dollars for damages as stated in item #60.

WHEREFORE, the plaintiffs pray that they have a jury trial on all issues and a judgment against the defendants as follows:

1. Damages for injuries caused by the deprivation of substantive, procedural, and fundamental Constitutional rights;

2. Damages for injuries caused by the deprivation of substantive, procedural, and fundamental rights under the laws of the State of North Carolina;

3. Damages for emotional distress;

4. Damages for injury to personal property;

5. Damages for malicious prosecution;

6. Punitive damages;

7. Treble damages;

8. Legal expenses, transportation costs, and loss of earning capacity;

9. Damages for each injury; and

10. Award other and such relief that the Court deems just and proper.

Respectfully submitted,

This ____ day of October, 2012.

Loushonda Myers
Plaintiff
Mother of Minor Children
27 Wateree Trail
Georgetown, SC 29440
(843) 527-2100