IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:12-cv-00714-D

| | |
|---|---|
| LOUSHONDA MYERS, et al., | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STATE OF NORTH | ) |
| CAROLINA, et al., | ) |
|     Defendants. | ) |

---

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND DISMISS ON BEHALF OF DEFENDANTS THE STATE OF NORTH CAROLINA, UNDERWOOD, HALE, STANLEY, DOYLE, HARRIS, NORTH CAROLINA COURT SYSTEM, OFFICE OF INDIGENT DEFENSE SERVICES, JOHNSTON COUNTY PUBLIC DEFENDER'S OFFICE, JOHNSTON COUNTY DISTRICT ATTORNEY'S OFFICE**

---

Now come Defendants The State of North Carolina, Magistrate Keith Underwood, Magistrate/Judge Bethany Hale, Magistrate/Judge Walter Stanley, Susan Doyle, Adren Harris, North Carolina Court System, Office of Indigent Defense Services, Johnston County Public Defender's Office, and Johnston County District Attorney's Office ("state judicial branch defendants") to submit this memorandum of law in support of their motion to strike and dismiss filed pursuant to Rules 11 and 12(b)(6) of the Federal Rules of Civil Procedure.

NATURE OF THE CASE

Plaintiffs filed their complaint *pro se* on November 19, 2012, pursuant to 42 U.S.C. §§ 1983, 1981, 1985, 1988; 18 U.S.C. § 2511 and state tort statutes. They claim that

numerous and various actors (individuals and institutions) violated their rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs seek only monetary relief.

## STATEMENT OF THE FACTS

Plaintiffs' complaint alleges that on October 12, 2010, US Marshals initiated a traffic stop of Loushonda Myers pursuant to information from South Carolina law enforcement concerning the location of two alleged fugitives. Ms. Myers was released from the stop. (Comp. ¶ 5) Upon returning to her residence in Garner, North Carolina, she was prohibited from entering her property by Marshals and officers with the Sheriff's Department for Johnston County, North Carolina, who subsequently obtained two search warrants for the property. (Comp. ¶¶ 6-9) The Complaint alleges Defendant Magistrate Keith Underwood issued the first search warrant and Defendant Magistrate Stanley the second . (Comp. ¶¶ 24-25)

Ms. Myers was subsequently charged with various drug related offenses and two separate bonds were set; first by Defendant Magistrate Hale, and secondly by Defendant Magistrate Stanley. (Comp. ¶ 11) This matter came to state court on November 8, 2011, and Defendant Adren Harris was the assistant district attorney prosecuting the case. The Complaint alleges that Defendant Harris "committed perjury" and confirmed to the court that law enforcement was present at the Myers' residence on October 12, 2010, because they were

2

investigating a murder or some type of robbery. Ms. Myers was subsequently notified by her defense counsel that the prosecutor had dismissed the case. (Comp. ¶¶ 17-18)

The Complaint alleges that Ms. Myers sent "packets" to numerous state and federal agencies seeking an investigation and charges, but that no action was taken in regard to her complaints. (Comp. ¶ 19) It alleges Ms. Myers has not received discovery material (presumably from the aforementioned dismissed criminal case), and that law enforcement in Georgetown, South Carolina, had a long standing vendetta against Ms. Myers and elicited the aid of North Carolina, the FBI, and US Marshals in the execution of their goals (although no goals are specified) (Comp. ¶¶ 30-31).

Defendant The State of North Carolina is named because the plaintiffs allege the State is the "employer and governmental agency" over the remaining defendants, including county defendants, with the exception of the two private attorneys that represented Ms. Myers. Defendants Underwood, Hale and Stanley are magistrates of the 11th Judicial District, Johnston County, North Carolina. As such, they are constitutional officers of the District Court Division of North Carolina's General Court of Justice. N.C. Const. art. IV, Sec. 10; N.C. Gen. Stat. §§ 7A-170 and 7A-292. Defendant Doyle is the elected district attorney for Johnston County, North Carolina. As such, she is a constitutional officer of North Carolina's judicial branch. N.C. Const. art. IV, Sec. 18. Defendant Harris is an assistant district attorney appointed by District Attorney Doyle to serve at her pleasure. Defendant Harris took the same oath of office as the district attorney and performs such duties as may be

3

assigned by District Attorney Doyle. N.C. Gen. Stat. § 7A-63. Defendant Office of Indigent Defense Services is an office within North Carolina's judicial department responsible for establishing, supervising, and maintaining a system for providing legal representation for indigent persons. N.C. Gen. Stat. § 7A-498.3. Public Defender offices are established by statute. There is no public defender office for Johnston County, North Carolina. N.C. Gen. Stat. § 7A-498.7.

## ARGUMENT

I. ALL REFERENCES TO THE MINOR CHILDREN AS PARTIES AND CLAIMS ON BEHALF OF THE MINOR CHILDREN SHOULD BE STRICKEN.

The Federal Rules of Civil Procedure require every pleading to be signed by at least one attorney or, if the party is not represented, by the party. Fed. R. Civ. P. 11(a). Here, the only signatory on the Complaint is Plaintiff Loushonda Myers, as *pro se* plaintiff, and not in any representative capacity. No guardian ad litem has been appointed on behalf of the minor children. Consequently, all references to the minor children as parties, and any claims raised on their behalf, should be stricken. *See Myers v. Loudown Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005).

II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM.

  A. The State of North Carolina and Its Judicial Branch Offices and Officials Are Immune From Plaintiffs' Official Capacity Claims.

Plaintiff alleges that the State of North Carolina is liable in this action under the theory of respondeat superior. (Compl. ¶ 4) Respondeat superior, however, is a state

4

common law doctrine that is inapplicable to governmental liability in § 1983 claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1977) (concluding that local governments may not be sued under § 1983 for an injury inflicted by its employees). Furthermore, it defies logic to suggest that a state could be held vicariously liable for the actions of state officials in their official capacities. Such a situation would amount to the state being held vicariously liable for its own actions. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[An official capacity suit] is not a suit against the official personally, for the real party in interest is the entity.").

Moreover, the Supreme Court has long noted that a state is not a "person" within the meaning § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452 (1976). Because of this distinction, § 1983 suits against states are barred by the Eleventh Amendment. *Will*, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek remedy against the State for alleged deprivations of civil liberties."). Accordingly, the claims against the State of North Carolina and its judicial branch offices should be dismissed. *See Lynn v. West*, 134 F.3d 582, 586-87 (4th Cir. 1998) (agreeing with lower court's ruling that the plaintiff's claim for monetary relief against the state should be dismissed).

The same immunity principle applies to state officials sued in their official capacities. *See Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name,

5

to be treated as a suit against the entity."); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("We have plainly implied that a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . . We now make that point explicit."); *Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003) (holding that the Eleventh Amendment barred suit against a state trooper in his official capacity).

This immunity, however, is not absolute. Suits otherwise barred by the Eleventh Amendment are permitted where (1) Congress by statute abrogates the states' immunity; (2) the plaintiff seeks only prospective injunctive relief against state officials who are violating federal law; and (3) the state waives its immunity. *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012). Congress has not abrogated the states' immunity and Plaintiffs have not alleged such an occurrence. Also, in this action, Plaintiffs clearly seek monetary damages and not injunctive relief. (Comp. ¶¶ 59-63) Finally, the State has not waived its Eleventh Amendment immunity and Plaintiffs have not alleged otherwise. Waiver of Eleventh Amendment immunity will only be found where the intent to waive is shown "by the most express language or by such overwhelming implications from the text [of a statute] as (will) leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (*quoting Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)) (internal quotation marks omitted). Because none of the three exceptions to Eleventh Amendment immunity have been pleaded or have any factual support,

6

the State and its judicial branch offices and officials in their official capacities are immune from suit.

  B.  Plaintiffs' Claims Against Magistrate Underwood, Magistrate/Judge Hale, and Magistrate/Judge Stanley In Their Individual Capacities Are Barred By Judicial Immunity.

The Fourth Circuit has declared the law to be settled for centuries that a judge may not be attacked for exercising judicial authority. *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976). So strong, in fact, is the doctrine of judicial immunity, it survives even when the exercise of judicial authority is done improperly. *Id.*

The doctrine was first enunciated by the Supreme Court in *Bradley v. Fisher*, 80 U.S. 335, 20 L.Ed. 646 (1871). The Court recognized judicial immunity to be "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 347, 20 L.Ed. at 649. Accordingly, the Court held that judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. *Id.* at 352, 20 L.Ed. at 651. Judicial immunity, like other forms of official immunity, is an immunity from suit, not just from an ultimate assessment of damages. Accordingly, it is not overcome by allegations of bad faith or malice, which ordinarily cannot be resolved without engaging in discovery and trial. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

A long line of Supreme Court cases make clear that judicial immunity is overcome only when the actions taken are not in the judge's judicial capacity, or when taken in the complete absence of all jurisdiction. *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), *reh'g denied* (1978). Whether an act is a "judicial" one is based on the nature of the act itself. Is it a function normally performed by a judge, and did the parties deal with the judge in his judicial capacity? *Stump*, 435 U.S. at 362, 98 S.Ct. at 1108, 55 L.Ed.2d at 342. The *Bradley* Court drew a distinction between excess jurisdiction and the clear absence of all jurisdiction, but where jurisdiction is invested by law in the judge, or in the court which he holds, the manner in which the jurisdiction is exercised is a question for the judge. 80 U.S. at 352, 20 L.Ed. at 651.

Plaintiffs' claims against the state court magistrates deal only with actions taken and orders entered in criminal matters brought before the magistrates. Defendant Magistrates Underwood and Stanley issued search warrants upon the application of law enforcement. Defendant Magistrates Hale and Stanley set bonds for Plaintiff Loushonda Myers when she was brought before them after her arrest. There can be no question but that the acts taken by these state court magistrates were judicial in nature and that the parties appeared before these magistrates in their judicial capacities.

C. Plaintiffs' Claims Against Defendants Doyle and Harris In Their Individual Capacities Are Barred By Prosecutorial Immunity.

The United States Court of Appeals for the Fourth Circuit has repeatedly affirmed that a prosecutor is entitled to absolute immunity for claims that rest on decisions regarding "whether and when to prosecute." *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33); see also *Ehrlich v. Giuliani*, 910 F.2d 1220, 1223 (4th Cir. 1990). Plaintiffs' claims against Defendants Doyle and Harris in their individual capacities rest solely on Defendant Harris' actions as the prosecuting attorney in Ms. Myers' state criminal case, Defendant Doyle's supervision of Defendant Harris, and Defendant Doyle's failure to bring charges based Ms. Myers' complaints. These prosecutorial actions are entitled to absolute immunity.

D. Plaintiffs Have Otherwise Failed To State A Claim.

Plainitffs make no specific allegations as to the State of North Carolina other than it has some unspecified authority over the named judicial branch defendants. Likewise, there are no allegations as to the North Carolina Court system other than the allegations as to the individual judicial branch officials named. There are no allegations as to the Office of Indigent Services, and there is no such entity as the Johnston County Public Defender's Office. As such, the plaintiffs have failed to state a claim as to these defendants.

9

## CONCLUSION

Mention of the minor children and any claims on behalf of the children should be stricken. The state judicial branch defendants, in their official capacities, are not "persons" within the meaning of § 1983. Further, Plaintiff's claims for monetary relief against these defendants in their official capacities are barred by the Eleventh Amendment, and these defendants are otherwise entitled to immunity from plaintiff's claims against them in their individual capacities.

Respectfully submitted this 28th day of December, 2012.

> ROY COOPER
> Attorney General
>
> /s/ Grady L. Balentine, Jr.
> Special Deputy Attorney General
> N.C. State Bar No. 19541
> North Carolina Department of Justice
> PO Box 629
> Raleigh, NC 27699-0629
> Telephone: (919) 716-6867
> Facsimile: (919) 716-6755
> Email: gbalentine@ncdoj.gov
>
> Attorney for Defendants The State of North Carolina, Underwood, Hale, Stanley, Doyle, Harris, North Carolina Court System, Office of Indigent Defense Services, Johnston County Public Defender's Office, and Johnston County District Attorney's Office

CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND DISMISS ON BEHALF OF DEFENDANTS THE STATE OF NORTH CAROLINA, UNDERWOOD, HALE, STANLEY, DOYLE, HARRIS, NORTH CAROLINA COURT SYSTEM, OFFICE OF INDIGENT DEFENSE SERVICES, JOHNSTON COUNTY PUBLIC DEFENDER'S OFFICE, JOHNSTON COUNTY DISTRICT ATTORNEY'S OFFICE using the CM/ECF system which will send notification of such filing to the parties of record who participate in the CM/ECF system as follows:

>Brian Peter Durelle Oten
>North Carolina State Bar
>boten@ncbar.gov
>Attorney for Defendants Bennet, Simeon, Silverstein, and
>Unknown agents of the North Carolina State Bar

>Grant S. Mitchell
>grant.mitchell@mlg-mail.com
>Timothy C. Smith, Jr.
>tim.smith@mlg-mail.com
>The Mitchell Law Group
>Attorneys for Defendants Bizzell, Fish, Allen, Pate,
>Creech, Canady, Case, Daughtry, Stewart, Johnson, Billis/Gillis, and
>Unknown officers and agents of the Johnston County Sheriff's Department

>David F. Mills
>David S. Mills, PA
>david@mills-law.com
>Attorney for Defendants Carrae; Franklin; Unknown officers and agents of the
>Johnston County Department of Social Services; and Johnston County, North
>Carolina

>John P. O'Hale
>Narron O'Hale & Whittington
>knarron@nowlaw.com
>Attorney for Defendants Ballard and Ballard Law Firm, PLLC

Charles J. Bridgmon
cbridgmon@dmclaw.com
John T. Holden
jholden@dmclaw.com
Dickie, McCamey & Chilcote, PC
Attorneys for Defendants Walker and Walker Law Firm, PLLC

John A. Maxfield
Wake County Sheriff's Department
jmaxfield@co.wake.nc.us
Roger A. Askew
Wake County Attorney's Office
roger.askew@wakegove.com
Attorneys for Defendants Harrison; Unknown officers/agents of the Wake County Sheriff's Department; and Wake County, North Carolina

The undersigned further certifies that he served the following non CM/ECF participants by depositing a copy of same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

Loushonda Myers
27 Wateree Trail
Georgetown, SC 29440
*Pro se plaintiffs*

This the 28th day of December, 2012.

/s/ Grady L. Balentine, Jr.
Special Deputy Attorney General