IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-cv-714-D

| | |
|---|---|
| LOUSHONDA MYERS, et. al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| THE STATE OF NORTH CAROLINA, et. al., | ) |
| | ) |
| | ) |
|       Defendants. | ) |

**WAKE COUNTY SHERIFF DONNIE HARRISON,
ANY UNKNOWN OFFICERS/AGENTS OF THE WAKE COUNTY
SHERIFF'S DEPARTMENT AND WAKE COUNTY'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS**
**(Failure to State a Claim)**

NOW COMES defendants Sheriff Donnie Harrison (and any unknown officers/agent of the Wake County Sheriff's Department) and Wake County [hereinafter "Wake County Defendants"], and pursuant to Local Civil Rule 7.1(d) and through the undersigned attorneys and hereby submits this memorandum in support of their motion to dismiss, and in support of the motion shows unto the Court the following:

*CONCISE SUMMARY OF NATURE OF THE CASE*

Plaintiff's twenty five page complaint purports to include an unnumbered claim for "Conspiracy", a Count entitled "Violation of the United States Constitution" denominated as Count I, a Count entitled "42 U.S.C. § 1983 CAUSE OF ACTION" denominated as Count II, a Count entitled "Violations of North Carolina Constitution and Laws" denominated as Count III, a Count entitled "North Carolina Tort Claims Act" denominated as Count IV , and a final Count

entitled "Damages – Intentional Acts/Injuries/Negligence" denominated as Counts V-XXVI. The gravamen of plaintiff's pro se complaint stems from her allegations that on October 12, 2012 she was stopped by US Marshals and immediately thereafter upon her return home she was confronted with a law enforcement team which had descended on her home allegedly in search of two "fugitives" and armed with a warrant, conducted a search of her home, her phone and her children's cell phones. [Plaintiff's Complaint ¶ 10]. She alleged that she was subsequently arrested on drug charges including, *inter alia*, trafficking cocaine. [Plaintiff's Complaint ¶ 11].

For the forgoing reasons, plaintiff's complaint should be dismissed as to the Wake County defendants.

## ARGUMENT

    a. *Plaintiff's complaint is devoid of any actionable allegation relating to any of the Wake County defendants.*

In plaintiff's twenty five (25) page complaint containing sixty-three paragraphs, she never referenced defendant Wake County and only references the Wake County Sheriff's Department once. Even that passing reference to Wake County Sheriff's Department, if true, had nothing to do with the plaintiff and does not state a viable claim for relief.

The narrative of alleged events forming the basis of plaintiff's complaint is not set out chronologically. However, as it relates to these moving defendants, plaintiff's only reference to any of the Wake County defendant is a passing reference in paragraph twenty-one. In paragraph twenty-one (21) of the complaint, plaintiff avers as follows:

> "21. On October 12, 2010, the Johnston County Sheriff Department used illegal cellphone tracking to track the movements of Loushonda Myers and a friend that was trying to find his way to the plaintiff's home during the incident. The friend of Loushonda Myers was pulled over by the Wake County Sheriff Department and the US

> Marshals. His vehicle was searched and he was threatened with imprisonment if he ever communicated with Ms. Myers or any member of her family again. Upon submitting requests to the Wake County Sheriff Department concerning the events, I was told that there was no record of the traffic stop. On November 8, 2011, Adren Harris denied any type of surveillance except "eye surveillance" was done, however after submitting FOIA requests to the US Marshals and the FBI, Loushonda Myers was given documentation that supports cellphone tracking as well as an additional statement that was made by an officer of JCSD that was not turned over during discovery." [D.E. 3, ¶ 21]

This is the only reference in the entire complaint to any of the Wake County defendants. Even if paragraph 21 were true, it is nothing more than a fleeting reference about a traffic stop of an unidentified "friend" and not anything related to an act or omission of any of these Wake County defendants directed toward the plaintiff. The remaining portion of plaintiff's complaint centers around her alleged traffic stop, house search, arrest and social services interaction with Johnston County.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009). the US Supreme Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*., S.Ct., at 1949. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP*, 213 F. 3d 175, 180 (4th Cir. 2000). In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

The specific factual allegations underlying purportedly forming the basis of plaintiff's Counts I, III, and IV do not mention the Wake County defendants. The remaining "Counts" numbered II and V-XXVI in conclusory fashion refer to "defendants." Ignoring plaintiff's conclusory legal allegations, a review of plaintiff's complaint simply reveals no specific allegations of misconduct on the part of the Wake County Sheriff, his deputies or Wake County itself which, if taken as true, would state a plausible legally cognizable claim for relief under existing law. Finally, plaintiff's allegation about requesting records and being told that no record existed of the traffic stop is a mundane allegation not sufficient to form the basis of liability under any of plaintiff's enumerated "Counts."

> b. *With respect to plaintiff's alleged "tort" claims, the complaint fails to allege a waiver of immunity and should be dismissed.*

A complaint against a governmental entity that fails to allege waiver of governmental immunity does not state a claim for relief, and should be dismissed. *Vest v. Easley*, 145 N.C. App. 70, 74, 549 S.E.2d 568, 573 (2001). The North Carolina Courts have consistently held that with no allegation of waiver in a plaintiff's complaint, the plaintiff is absolutely barred from suing the state and its public officials in their official capacities in an action for negligence. *Gunter v. Anders*, 115 N.C. App. 331, 444 S.E.2d 685 (1994). In the "absence of an allegation in the complaint in a tort action against a [government defendant that it] . . . has waived its immunity by the procurement of liability insurance to cover such alleged negligence or tort . . . such complaint does not state a cause of action." *Fields v. Board of Education*, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960), *disc. review denied*, 339 N.C. 612, 454 S.E.2d 250 (1995). In *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994), the North Carolina Court said "When suing a county or its officers, agents or employees, the complainant must

allege this waiver in order to recover. . . Absent an allegation to the effect that immunity has been waived, the complaint fails to state a cause of action." Nowhere in plaintiff's complaint does plaintiff allege that any of these Wake County defendants have waived governmental immunity from tort and it is clear under North Carolina law that such claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Sheriff Donnie Harrison, his agents and officers, and Wake County respectfully requests this Court dismiss this action as to them and any unnamed or unascertained parties alleged to be acting by or through them and that said dismissal be with prejudice. Respectfully submitted this the 10th day of January 2013

ATTORNEYS FOR SHERIFF HARRISON AND WAKE COUNTY

/s/ John A. Maxfield
John A. Maxfield
Deputy County Attorney
Wake County Sheriff's Office
P. O. Box 550
Raleigh, N.C. 27602
Tel: (919) 856-6937
Fax: (919) 856-6874
E-Mail: jmaxfield@wakegov.com
N.C. State Bar # 12481

/s/ Roger A. Askew
Roger A. Askew
Deputy County Attorney
Office of the County Attorney
P.O. Box 550
Raleigh, N.C. 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
E-Mail: Roger.Askew@wakegov.com
N.C. State Bar # 18081

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-cv-714-D

| | |
|---|---|
| LOUSHONDA MYERS, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| THE STATE OF NORTH CAROLINA, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE VIA CM/ECF and US MAIL**

  I hereby certify that on January 10, 2013 I electronically filed the foregoing MOTION TO DISMISS and, I hereby further certify that I served this document electronically pursuant to Local Civil Rule 5.1(b) upon all registered users of CM/ECF; and upon all other non-registered parties or attorneys pursuant to Rule 5 of the Federal Rules of Civil Procedure by depositing a copy in the care and custody of the United States Postal Service with proper postage affixed thereon this 10th day of January 2013, and addressed as follows:

SERVED VIA US MAIL UPON:

Loushonda Myers
27 Wateree Trail
Georgetown, South Carolina 29440

             /s/ Roger A. Askew_____
             Roger A. Askew
             Deputy County Attorney
             E-mail: *Roger.Askew@wakegov.com*
             Office of the County Attorney
             Post Office Box 550
             Raleigh, North Carolina 27602
             Phone: (919) 856-5500
             Fax:  (919) 856-5504