IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-CV-714-D

| | |
|---|---|
| LOUSHONDA MYERS, et al.,<br><br>       Plaintiffs,<br><br>vs.<br><br>THE STATE OF NORTH CAROLINA,<br>et al.,<br><br>       Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STEVEN WALKER AND WALKER LAW FIRM, PLLC'S MOTION TO DISMISS** |

Defendants Steven Walker and Walker Law Firm, PLLC ("Defendants"), by and through their undersigned counsel and pursuant to Local Civil Rule 7.2, hereby submit this memorandum of law in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

Plaintiffs filed their Complaint *pro se* on November 19, 2012, alleging causes of actions against thirty-three (33) or more various governmental departments or agencies and individuals. According to the Complaint, "Plaintiffs' claims are based on but not limited to the following: public corruption; civil conspiracy; intentional infliction of harm; emotional and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property." (Complaint, ¶ 1).

Plaintiffs further state that they brought this action "for money damages … pursuant to violations including but not limited to First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article Four of the United States Constitution, and 42 USC § 1983; 42 USC § 1981; 42 USC § 1985; 42 USC § 1988; 18 USC § 2511; and illegal cell phone tracking, tracing, and pinging, and N.C.G.S. Chapter 143 Article 31 Tort Liability." (Complaint, ¶ 2).

## STATEMENT OF FACTS

According to the Complaint, this action stems from an October 10, 2010, traffic stop on Plaintiff Loushonda Myers ("Plaintiff") and the actions and criminal charges[1] and proceedings associated with this stop. (Complaint, ¶¶ 5-26).

Defendants were appointed on August 3, 2011, to represent Plaintiff in connection with the criminal charges. (Complaint, ¶ 15). Defendants were successful in obtaining a dismissal of any criminal charges, as described in the Complaint, due to "no probable cause for arrest." (Complaint, ¶ 18).

Despite obtaining on Plaintiff's behalf a dismissal of any criminal charges, Plaintiff alleges "[Defendant] Steven Walker failed to exercise due diligence and provide effective counsel for [Plaintiff]. [Defendant Walker was not] willing or able to obtain the materials that were necessary for a proper defense." (Complaint, ¶ 36). Further, Plaintiff alleges "[Defendant] Steven Walker failed to perform [his] duties as required by the *North Carolina Bar's Rules of professional Conduct Rules* 1.1; 1.2; 1.3; 3.1; 3.5; 4.1; 8.2; and 8.3." (Complaint, ¶ 47) (emphasis in original).

---

[1] Plaintiff states that she was charged with "Trafficking Cocaine by Possession, Trafficking Cocaine by Manufacture, Maintaining a Dwelling for keeping Controlled Substances, Possession of Marijuana with Intent to Manufacture, Sell, or Deliver, Manufacturing Marijuana, Possession of Drug paraphernalia, and Possession of Pyrotechnics." (Complaint, ¶ 11).

# ARGUMENT

Plaintiffs' allegations against Defendants sound in professional negligence/legal malpractice, specifically the actions and/or non-actions by Defendants following their appointment to defend Plaintiff in the criminal charges filed against her.

## I. The minor children – Plaintiffs C.M., A.M., and M.M. – cannot assert any claims against Defendants.

There are no allegations in Plaintiffs' Complaint that an attorney-client relationship existed between Plaintiff's minor children and Defendants. As such, the minor children plaintiffs cannot maintain any cause of action against Defendants. *See Watkins v. Clerk of Superior Court for Gaston County*, 2012 WL 5872751 (W.D.N.C. July 10, 2012) ("Without an attorney/client relationship between plaintiffs and [attorney/attorney's firm], plaintiffs cannot assert a claim for [legal] malpractice.").

Even if the minor children plaintiffs were able to maintain one or more causes of action against Defendants, such claims may not be litigated by Plaintiff. *See Myers v. Loudoun County Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (stating that the 4th Circuit joins the vast majority of other circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court).

## II. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### A. Pleading Standard Under Rule 12(b)(6).

The issue on a motion to dismiss under Rule 12(b)(6) is whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion under Rule 12(b)(6), factual allegations in a complaint are accepted as true; however, legal conclusions, threadbare recitals of the elements of a cause of action, and

bare assertions devoid of further factual enhancements are not entitled to the assumption of truth because they do not constitute well-pled facts. *See, e.g., Iqbal*, 556 U.S. at 677-78; *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 304 n. 5 (4th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677-78. In considering the plausibility of a complaint, this Court only needs to consider factual allegations and need not consider unsupported legal conclusions. *Id.*, at 678. The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility requires "factual content" that "allows the court to draw the reasonable inference that the defendant is liable." *Nemet Chevrolet*, 591 F.3d at 256 (*citing Iqbal*, 129 S. Ct. at 1952). Even *pro se* complaints must "contain more than labels and conclusions." *Giarratano*, 521 F.3d 298, 304 n. 5. Unwarranted inferences, unreasonable conclusions, and arguments are not considered. *Nemet Chevrolet*, 591 F.3d at 255. Ultimately, dismissal is proper if "the factual detail ... [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[2] *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

Moreover, a disjointed complaint filed by a *pro se* litigant is properly dismissed when it is "impossible for the district court to identify the specific allegations against

---

[2] Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief sought, which may include relief in the alternative or different types of relief." Here, Plaintiff's Complaint fails to comply with Rule 8(a) in its entirety, and as such, must be dismissed.

each defendant and therefore impossible to determine whether any claims had potential merit." *Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011), *reh'g denied* (Mar. 21, 2011); *see also Sapp v. Security Atlanta Mortgage Co., Inc.*, 1:10CV199, 2012 WL 1268518, at *3 (M.D.N.C. Apr. 16, 2012) (unpublished) (dismissing unclear complaint that was "disjointed and lacking in factual assertions"); *Purvis v. Countrywide Home Loans, Inc.*, 1:09CV657, 2010 WL 3488707 (M.D.N.C. Sept. 1, 2010) (unpublished) (dismissing complaint as the allegations were insufficient to state a claim); *Loney v. National City Bank*, 5:08CV126, 2009 WL 801817, at *2 (W.D.N.C. Mar. 25, 2009) (unpublished) (dismissing complaint that was "conclusory and lacking in factual support"); *Worley v. Easley*, 307CV333-03-MU, 2007 WL 2406964 (W.D.N.C. Aug. 20, 2007) (unpublished) (dismissing plaintiff's complaint on initial review by the court as containing "conclusory allegations").

**B.    Plaintiff's Complaint is Implausible and Fails to State a Claim.**

As indicated above, Plaintiff's allegations against Defendants sound in professional negligence/legal malpractice.  "In a professional malpractice case predicated upon a theory of an attorney's negligence, the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client, as set forth by *Hodges [v. Carter]*, 239 N.C. 517, 80 S.E.2d 144, and that his negligence (2) proximately caused (3) damage to the plaintiff."  *Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 365-66 (1985).

In her Complaint in this case, Plaintiff has failed to allege with any specificity any act, omission, duty, or breach of duty by Defendants that proximately caused her damage. Rather, Plaintiff states only that she "sent Mr. Walker an email regarding her case and the

materials that she still needed for her defense" (Complaint, ¶ 15) and that Mr. Walker "failed to exercise due diligence and provide effective counsel for [Plaintiff because he was not] willing or able to obtain the materials that were necessary for a proper defense." (Complaint, ¶ 36). However, by Plaintiff's own admission, Defendants were successful in having the charges against her dismissed due to "no probable cause for arrest." (Complaint, ¶ 18). As such, even taking all the allegations of Plaintiff's Complaint in the light most favorable to her, there is no conceivable manner in which Defendants proximately caused damage to the Plaintiff by having all criminal charges against her dismissed. To say that Defendants were negligent and/or did not provide Plaintiff a proper defense by successfully having all charges against her dismissed defies logic, unless of course it was Plaintiff's desire to be found guilty of the numerous criminal charges filed against her. Accordingly, Plaintiff fails to allege a claim against these Defendants that is plausible on its face, and her Complaint against these Defendants must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to allege facts sufficient to state any claim upon which relief may be granted and her Complaint against Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted, this the 10th day of January, 2013.

*[Signature on Next Page]*

By:   /s/ Charles J. Bridgmon
JOHN T. HOLDEN (NC Bar #37416)
CHARLES J. BRIDGMON (NC Bar #37887)
**DICKIE, MCCAMEY & CHILCOTE, P.C.**
2115 Rexford Road, Suite 210
Charlotte, North Carolina 28211
Phone: (704) 998-5184
Fax:   (888) 811-7144
Email: cbridgmon@dmclaw.com

*Attorneys for Defendants Steven Walker and*
*Walker Law Firm, PLLC*

## CERTIFICATE OF SERVICE

I, Charles J. Bridgmon, Esq., hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STEVEN WALKER AND WALKER LAW FIRM, PLLC'S MOTION TO DISMISS** has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record per the CM/ECF system.

I hereby certify that I have also served a copy of same upon plaintiffs by depositing said copy in a first class postage prepaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed to:

Loushonda Myers
27 Wateree Trail
Georgetown, South Carolina 29440
*Pro Se Plaintiff*


By: /s/Charles J. Bridgmon
    Charles J. Bridgmon
    *Attorneys for Defendants Steven Walker*
    *and Walker Law Firm, PLLC*