2012 WL 1268518
Only the Westlaw citation is currently available.
United States District Court,
M.D. North Carolina.

Laura–Helen SAPP, Plaintiff,

v.

SECURITY ATLANTA MORTGAGE CO., INC.,
Mortgage Electronic Registration Systems,
Inc., Nationwide Trustee Services, Inc., and
Johnson & Freedman, LLC, Defendants.

No. 1:10CV199.  |  April 16, 2012.

**Attorneys and Law Firms**

Laura Helen Sapp, Greensboro, NC, pro se.

Mark Allan Baker, Mark Allan Baker, Morris Schneider &
Prior, LLC, Andrew Roy Bickwit, Johnson & Freedman,
LLC, Atlanta, GA, for Defendants.

**Opinion**

### *MEMORANDUM OPINION AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE*

L. PATRICK AULD, United States Magistrate Judge.

 **\*1**  The instant matter comes before the undersigned United
States Magistrate Judge for a recommended ruling on the
Motion to Dismiss of Defendants Mortgage Electronic
Registration Systems, Inc., Nationwide Trustee Services,
Inc., and Johnson & Freedman, LLC (Docket Entry 10);
the Amended Motion to Dismiss of Defendants Mortgage
Electronic Registration Systems, Inc., Nationwide Trustee
Services, Inc., and Johnson & Freedman, LLC (Docket Entry
17); and the Motion to Correct Docket Entries 13, 14 and
15 (Docket Entry 16) filed by the same. For the reasons
that follow, the Court should grant Defendants' Motions to
Dismiss and deny the Motion to Correct Docket Entries as
moot.

### *Background*

Plaintiff, proceeding pro se, filed her Complaint, entitled
Petition in the Nature of a Motion for Claim in Equity for
the Beneficial Interest for the Trust, in Guilford County

Superior Court, naming Security Atlantic Mortgage Co., Inc.
(incorrectly referred to as Security Atlanta Mortgage Co., Inc.
in the Complaint) ("Security Atlantic"), Mortgage Electronic
Registration Systems, Inc. ("MERS"), Nationwide Trustee
Services, Inc. ("NTS") and Johnson & Freedman, LLC
("Johnson & Freedman") as "Respondents". (*See* Docket
Entry 4.)[1] MERS, NTS and Johnson & Freedman timely
filed a Notice of Removal of Defendants, removing the instant
action to this Court on the basis of diversity of citizenship.
(*See* Docket Entry 1, ¶¶ 4–7; Docket Entry 2, ¶¶ 4–7.)

MERS, NTS and Johnson & Freedman subsequently filed
a Motion to Dismiss (Docket Entry 10), contending that
"Plaintiff's [Complaint]: (1) is untimely under North Carolina
law for that portion of the [Complaint] that appears to
attempt to seek equitable relief; and, (2) taken as a whole, is
both incoherent and incomprehensible, and cannot possibly
state a legally sufficient claim against any of the named
Defendants." (Docket Entry 11 at 1.)

Plaintiff then filed Affidavits of Service as to Defendants
MERS, NTS and Johnson & Freedman (Docket Entries 13,
14, 15), prompting those Defendants to file an Amended
Motion to Dismiss (Docket Entry 17), incorporating the
arguments in their previously filed Motion, but also
contending that Plaintiff's service was ineffective (*see* Docket
Entry 18 at 2–4). Said Defendants also filed a Motion to
Correct Plaintiff's Affidavits of Service, contending that
despite Plaintiff's statement that service was effectuated on
December 12, 2011, the United States Postal Service shows
an actual delivery date of December 19, 2011. (*See* Docket
Entry 16, ¶¶ 1–4.) Accordingly, Defendants request that
Plaintiff's Affidavits of Service be corrected to reflect the
appropriate date, and that the due date for the Answer be
adjusted accordingly. (*See id.* ¶ 4.)

After Defendants filed their Motion to Dismiss, and again
after Defendants filed their Amended Motion to Dismiss,
the Clerk sent Plaintiff a letter explaining that Plaintiff had
"the right to file a 20–page response in opposition to [the
instant motions to dismiss]...." (Docket Entries 12 at 1; 19
at 1.) Those letters specifically cautioned Plaintiff that her
"failure to respond or, if appropriate, to file affidavits or
evidence in rebuttal within the allowed time may cause
the court to conclude that the defendant's contentions are
undisputed.... Therefore, unless [ she] file[s] a response in
opposition to the defendant[s'] motion, it is likely [her] case
will be dismissed or summary judgment granted in favor of
the defendant[s]." (Docket Entries 12 at 1; 19 at 1.) Despite
these warnings, Plaintiff has made no additional filings with

WestlawNext © 2012 Thomson Reuters. No claim to original U.S. Government Works.

the Court, whether in the form of a Response or otherwise. (*See* Docket Entries dated Jan. 24, 2012, to present.)

### Motion to Dismiss

**\*2** The instant action warrants dismissal due both to Plaintiff's failure to respond to Defendants' Motions to Dismiss and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. *See* M.D.N.C. LR7.3(k). Moreover, the Clerk specifically warned Plaintiff that her failure to respond to the instant Motion would likely lead to dismissal. (*See* Docket Entries 12 at 1; 19 at 1.) Plaintiff has offered no explanation to the Court for said failure. Accordingly, the Court should follow its general rule and dismiss Plaintiff's action.

In addition, Defendants are entitled to dismissal because Plaintiff's Complaint fails to state a claim upon which relief can be granted. A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Twombly,* 550 U .S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* [2]

Moreover, although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson,* 521 F.3d 298, 304 n. 5 (4th Cir.2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint); *accord Atherton v. District of Columbia*

*Off. of Mayor,* 567 F.3d 672, 681–82 (D.C.Cir.2009) ("A pro se complaint ... 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.' " (quoting *Erickson,* 551 U.S. at 94, and *Iqbal,* 556 U.S. 679, respectively)).

Plaintiff's Complaint contains neither factual matter nor labels and conclusions that would allow the Court to construe a viable claim. (*See* Docket Entry 4.) Even the basic facts underlying Plaintiff's Complaint are unclear. (*See id.*) Although Plaintiff appears to complain of a foreclosure action, she references admiralty and maritime law in addition to the constitutions of the United States and North Carolina. For example, Plaintiff's Complaint begins:

**\*3** COMES NOW, Laura–Helen Sapp, Petitioner/ Beneficiary by and through her Authorized Representative, comes in peace, not as a combatant, and not as an enemy of any State and/or UNITED STATES with ill intent, "Restricted Appearance" Rule E(8), Supplemental Rules for certain Admiralty and Maritime claims before this court seeking a remedy in Admiralty as provided by "The Saving to the Suitors Clause" at USC 28–1333(1), and Constitution of North Carolina State and united states of America "As lawfully Amended" under contract and trust laws.

(*Id.* at 1.) And it concludes:

> Demand that Respondents produce their proof of claim with inspection the "Original Mortgage Note" with wet ink signatures, along with the Title Page that shows whether or note [sic] the mortgage has been satisfied. We believe that SECURITY ATLANTA MORTGAGE CO. INC. has sold the original note and failed to give credit to the account. This note was created on my credit, and signature, and was not an asset of SECURITY ATLANTA MORTGAGE CO. INC. I believe the Respondents have not been damaged and have no legal right to a claim. This is Dishonor in Commerce, Fraud, Theft, Conspiracy, and Racketeering.

(*Id.* at 4.)

The body of Plaintiff's Complaint does little to clarify these statements, as it is similarly disjointed and lacking in factual assertions. (See Docket Entry 4.) Accordingly, regardless of the liberal construction Plaintiff's pro se filing is afforded under *Erickson,* Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *See, e.g., Bustos v. Chamberlain,* C.A. No. 3:09–1760–HMH–JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009) (unpublished) ( "[T]he requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." (citation omitted)); *Brice v. Jenkins,* 489 F.Supp.2d 538, 541 (E.D.Va.2007) ("[T]he liberal construction applied to a pro se plaintiff's complaint has its limits. The Court is not required to conjure up questions never squarely presented in the complaint." (internal quotation marks and citations omitted)).

### Conclusion

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to Defendants' Motions to Dismiss warrants granting the relief requested. *See* M.D.N.C. LR7.3(k). Furthermore, because the Court is unable to decipher a claim from Plaintiff's Complaint, the instant action warrants dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 10) and the Amended Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 17) be granted and that this action be dismissed.

**\*4 IT IS FURTHER RECOMMENDED** that the Motion to Correct Docket Entries 13, 14 and 15 (Docket Entry 16) be denied as moot.

Footnotes

1   Although Plaintiff's Complaint begins, "COMES NOW, Laura Helen–Sapp, Petitionary/Beneficiary *by and through her Authorized Representative* ..." (Docket Entry 4 at 1 (emphasis added)), Plaintiff appears to be proceeding without counsel (*see* Docket Entry 4 at 1 (noting Plaintiff is acting without legal education), 4 (showing Complaint signed solely by Plaintiff)).

2   "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion ... requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009).

---

**End of Document**                                   © 2012 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 3488707
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
M.D. North Carolina.

Rodney PURVIS, Plaintiff,
v.
COUNTRYWIDE HOME LOANS, INC., Defendant.

No. 1:09CV657. | Sept. 1, 2010.

**Attorneys and Law Firms**

Rodney Purvis, Winston–Salem, NC, for pro se.

Stacie C. Knight, Megan E. Miller, Hunton & Williams, Charlotte, NC, for Defendant.

**Opinion**

### MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

L. PATRICK AULD, United States Magistrate Judge.

**\*1** This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 8). (*See* Docket Entry dated Nov. 20, 2009.) For the reasons that follow, the Court should grant the instant motion.

### BACKGROUND

This action commenced when Plaintiff filed a pro se "Bill at Law: 'Complaint' " in the North Carolina Superior Court in Forsyth County. (Docket Entry 2.) [1] In said filing, Plaintiff proposed to state a claim against Defendant for "Unlawful Alteration of Contract." (*Id.* at 3.) [2] As to this claim, it appears that Plaintiff sought a judicial declaration barring Defendant from taking action regarding a credit obligation Plaintiff had incurred.

(*See id.* at 4.) The legal basis for Plaintiff's action is (to put it mildly) unclear; however, the "Bill at Law: 'Complaint'

" does contain some vague references to the Truth in Lending Act, 15 U .S.C. §§ 1601 et seq., and the United States Constitution. (*See* Docket Entry 2 at 1–3.) Defendant removed the action to this Court based on diversity and federal question jurisdiction. (Docket Entry 1 at 2–3.)

Even when viewed through the forgiving lens of liberal construction, *see Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (reiterating that "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)), Plaintiff's "Bill at Law: 'Complaint' " lacks any comprehensible factual allegations. (*See* Docket Entry 2 at 1–4.) For example, Plaintiff alleges that:

1) Defendant "failed to disclose all. Namely the demand deposit made as a direct result of the Plaintiff [sic] execution of the wet ink." (*Id.* at 3.)

2) "It is well-settled that there was at no time constitutional dollars issued in parity with any of the transaction [sic] connected to the alleged loans." (*Id.*)

3) Defendant "altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issued to the closing attorney." (*Id.*)

4) Defendant "issu[ed] credit which was unconstitutional at best ." (*Id.*)

5) Defendant "failed to disclose a material fact concerning the demand deposit of the note (pledge) which causes the Plaintiff to be the true lender in the transaction." (*Id.*)

6) Defendant "is believed to have used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouses, thus creating money out of thin air against Article I section 10 of the United States Constitution at large." (*Id.*)

7) Defendant has "received credits without disclosure and notice from the note, and [Defendant] refuse[d] to share these credits with [P]laintiff under any circumstances whatsoever." (*Id.* at 3–4.) [3]

**\*2** Following removal, Defendant filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ( "Rule 12(b)(6)") with a supporting brief.

(Docket Entries 8, 9.) In its brief, Defendant emphasized the incomprehensible nature of Plaintiff's allegations and the fact that other courts have dismissed similar (and, in some cases, identical) complaints as frivolous. (*See* Docket Entry 9 at 4–7.)

Plaintiff filed a response in which he alleged that Defendant "failed to fully answer the initial pleadings as required by ... Fed. R. Civ. Proc. Rule 8(d)...." (Docket Entry 11 at 1.) As a result, Plaintiff asserted that Defendant effectively conceded that it "violate[d] federal law regarding lending practices." (*Id.*) Alternatively, Plaintiff stated that he "believes that through the discovery process the truth of the matter will be evident with discovery items." (*Id.*) Further, Plaintiff objected to the Court's consideration of other courts' treatment of similar actions: "The court must find that regardless of what's gone on before, the plaintiff deserves his day in court ... because [Defendant engaged in] texted [sic] book banking that are [sic] deceptive and fails regarding: 1. Mutual assent, 2. Failure in consideration, 3. Breach of fudiciary [sic] responsibility regarding documents, and 4. Contract of overbearing adhesion that fails the plaintiff." (*Id.* at 2.)

### DISCUSSION

Under Rule 12(b)(6), a complaint falls short if it does not "contain sufficient *factual matter,* accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* [4]

As the description of the "Bill at Law: 'Complaint' " set out above in the Background section reveals, Plaintiff has failed to state a claim under the foregoing standard. Indeed, as Defendant accurately observes: "Nowhere in the Complaint does Plaintiff intelligibly identify (1) any specific legal duty, contractual, statutory, or otherwise, that [Defendant] may have owed Plaintiff; (2) how [Defendant] might have violated any such duty; or (3) any particular statement or omission by [Defendant] that could be construed as false or misleading." (Docket Entry 9 at 4–5.) Moreover, notwithstanding Plaintiff's objection, the Court finds persuasive the analysis of other courts which have demonstrated the patent deficiency of identical complaints. *See, e.g., Mother: Vertis–Mae v. Argent Mortg. Co. LLC,* No. 1:07–CV–2469–TWT, 2008 WL 1995363 (N.D.Ga. May 5, 2008) (unpublished) (describing complaint with allegations exactly matching Plaintiff's as "incoherent nonsense" and adopting recommendation of dismissal); *Edwards v. Citimortgage, Inc.,* No. 1:07–CV–2373–WSD, 2008 WL 905992 (N.D.Ga. Mar.31, 2008) (unpublished) (adopting dismissal recommendation as to complaint identical to this one and observing that "Plaintiff's allegations, to the extent they can be understood, consist of entirely indecipherable conclusory and speculative statements").

**\*3** At most, Plaintiff has presented a text-book "the-defendant-unlawfully-harmed-me accusation" of the type the United States Supreme Court has ruled insufficient under Rule 12(b)(6). *See Iqbal,* 129 S.Ct. at 1949. Accordingly, contrary to Plaintiff's suggestion, he cannot avoid dismissal by citing his belief that discovery will reveal a basis for relief. *See id.* at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). [5]

### CONCLUSION

The allegations in Plaintiff's "Bill at Law: 'Complaint' " are largely indecipherable and entirely insufficient to state a claim within the meaning of Rule 12(b)(6).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 8) be **GRANTED.**

Footnotes

1    It appears that Plaintiff filed a "Summons" along with the "Bill at Law: 'Complaint' " in state court and that, when the Clerk's Office for this Court docketed those items upon removal, the "Summons" inadvertently was inserted between the first and second pages of the "Bill at Law: 'Complaint.' " (*See* Docket Entry 2 at 1–3.)

2    At various points in his filings, Plaintiff refers to "Defendants" (plural), but at no time does he identify any defendant other than the one listed in the case caption. (*See* Docket Entries 2, 2–2, 3, 11.)

3    In conjunction with his "Bill at Law: 'Complaint,' " Plaintiff also filed in the state court a "Memorandum in Support of Verified Complaint for Judicial Review of Bill in Equity." (Docket Entry 2–2.) Said memorandum gives some indications that Plaintiff took out a mortgage loan from Defendant. (*Id.* at 1.) In other respects, said memorandum largely suffers from the same incomprehensibility as does the "Bill at Law: 'Complaint.' " (*See id.* at 1–10.) For example, said memorandum includes a lengthy discussion of alleged excerpts from Federal Reserve publications and early 20th Century court decisions to suggest that banks create "new money" and cannot lend their "credit" (but rather only their "money"). (*See id.* at 2–6.) It also features a series of purported definitions from Black's Law Dictionary designed to establish the principle that, during the underlying loan transaction, Plaintiff and Defendant became "equally indebted" to each other, such that Plaintiff could claim a "set-off" for any amount Defendant sought from him. (*See id.* at 7–10.)

4    "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion ... requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009). Moreover, although the Supreme Court has reiterated the importance of affording pro se litigants the benefit of liberal construction, *Erickson,* 551 U.S. at 94 (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson,* 521 F.3d 298, 304 n. 5 (4th Cir.2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor,* 567 F.3d 672, 681–82 (D.C.Cir.2009) ("A *pro se* complaint ... 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.' " (quoting *Erickson,* 551 U.S. at 94, and *Iqbal,* 129 S.Ct. at 1950, respectively)).

5    Plaintiff's suggestion that Defendant admitted violations of federal lending laws by filing the instant motion rather than an answer under Federal Rule of Civil Procedure 8 lacks merit. *See* Fed.R.Civ.P. 12(a)(4) (providing that, upon defendant's filing of motion to dismiss for failure to state a claim, deadline for filing answer tolls pending court's ruling on motion).

---

**End of Document**                                                        © 2012 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 801817
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina,
Statesville Division.

Chace Harold LONEY, Plaintiff,
v.
NATIONAL CITY BANK, et. al., Defendants.

No. 5:08–cv–126. | March 25, 2009.

**Attorneys and Law Firms**

Chace H. Loney, Mooresville, NC, pro se.

J. Scott Flowers, Hutchens, Senter & Britton, Fayetteville, NC, for Defendants.

**Opinion**

### *ORDER*

RICHARD L. VOORHEES, District Judge.

**\*1 THIS MATTER** is before the court on Defendants' Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Memoranda in support (Documents # 3–6), filed November 25, 2008. Plaintiff has not filed any response to these motions. This matter is now ripe for disposition.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Chace Harold Loney ("Loney") filed a *pro se* complaint against the defendants in this case on October 24, 2008. This complaint was one in a long series of claims filed in bankruptcy court, in state court, and in this court, all of which related to foreclosure proceedings against Loney's home after he failed to make payments on his mortgage. A detailed history of these filings is contained in a December 12, 2008 order entered by the Hon. J. Craig Whitley in Loney's most recent bankruptcy proceeding in the Western District of North Carolina, Case No. 08–50381. A brief summary of this history appears below.

Loney filed his first bankruptcy case in December 2007 after foreclosure proceedings were begun against his home by Home Loan Services, Inc. ("HLS") as the servicer for National City Bank on a mortgage issued to Loney. After HLS learned of Loney's bankruptcy filing, the foreclosure

proceeding was dismissed. Thereafter, Loney's bankruptcy case was dismissed when he failed to file the required schedules. In March 2008, HLS again initiated foreclosure proceedings against Loney by filing an action in Iredell County Superior Court. An order was entered in that case stating that "the debtors have shown no valid legal reason why foreclosure should not commence." Later that same month, Loney filed a lawsuit in Iredell County Superior Court against HLS, and in April 2008, Loney again filed for Chapter 13 bankruptcy relief in the Western District of North Carolina. The state court case was later dismissed by the Superior Court, and the bankruptcy case was also dismissed after Loney failed to make plan payments. In July 2008, Loney filed two complaints in this court that were both terminated after Loney's motions to proceed *in forma pauperis* were denied.

Also in July of 2008, the Superior Court of Iredell County granted HLS's motion to allow a foreclosure sale and instructed the trustee that it was permitted to conclude the foreclosure in accordance with applicable law. Loney then filed a motion with the bankruptcy court to "Reset Foreclosure Sale and ... Reopen Chapter 13 Case." In October 2008, Loney filed another action against HLS and others in the Iredell County Superior Court, filed a Chapter 7 petition in the bankruptcy court, and filed the instant action in this court. Loney's actions in state and bankruptcy court have since been dismissed. In addition, the bankruptcy court found that Loney's repeated filings "were frivolous in nature, constitute bad faith on the part of [Loney] and were done in an attempt to defraud, hinder, and delay HLS in pursuing its rights under applicable law." As a result, the order of the bankruptcy court awarded attorney's fees and costs to HLS, barred Loney from filing for bankruptcy in any bankruptcy court for a two year period beginning on December 12, 2008, and referred the case to the United States Attorney's Office for possible prosecution.

**\*2** A "Report of Foreclosure Sale/Resale" was filed by HLS in state court on September 4, 2008, and Loney was evicted from his home on November 24, 2008. In his complaint in this case, Loney asserts claims for "fraud, breach of contract, breach of fiduciary duty, violations of North Carolina Deceptive Trade Practices Act, violations of federal home lending, status conspiracy, state and federal RICO violations, TILA [Truth in Lending Act] violations, Regulation Z violations, RESPA violations, and another other [sic] state and federal torts." Loney lists National City Bank, Peter Raskind, Merrill Lynch, Home Loans, John Thain, First Franklin Home Loans, Andy Pollock, J. Chris Huff, and

Hunter Mortgage Brokers as defendants. [*] All of these parties were in some way connected to the mortgage transaction that led to the foreclosure of Loney's home.

### ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999). A complaint will survive a Rule 12(b)(6) motion to dismiss when it adequately states a set of facts, which, if proven to be true, entitle the plaintiff to judicial relief. *Duckworth v. State Admin. Bd. of Election Laws,* 332 F.3d 769, 772 (4th Cir.2003). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007) (quotations and citations omitted). Thus, the complaint must allege facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim for relief is "plausible on its face." *Id.* at 1965, 1974. Although this court must accept the factual allegations of the complaint as true, the court is not so bound with respect to the legal conclusions offered in the complaint. *E. Shore Mkts., Inc. v.. J.D. Assoc. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000) (citation omitted).

Even under the liberal pleading standards afforded *pro se* litigants, *see Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978),* in the present case Loney's claims fail because they do not adequately state sets of facts, which, if proven to be true, would support the legal allegations of the complaint, or any other cognizable claim. Although the complaint makes various allegations of unlawful and actionable conduct on the part of the defendants, these allegations are conclusory and lacking in factual support. None of Loney's claims alleges enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is "plausible on its face." *Bell Atl. Corp.,* 127 S.Ct. at 1965, 1974. Moreover, the complaint is largely unintelligible and incoherent. For these reasons alone, Loney's complaint is subject to dismissal for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6).

**\*3** In addition, this court finds that Loney's allegations in this case are just one in a series of frivolous and harassing lawsuits intended to prevent HLS from exercising its legal right to foreclose on Loney's home. Allegations similar to those in the instant case have been considered and dismissed by the Iredell County Superior Court and the Bankruptcy Court for the Western District of North Carolina on several different occasions. As a result of Loney's "repeated," "frivolous," and "bad faith" attempts "to defraud, hinder, and delay HLS in pursuing its rights under applicable law," the United States Bankruptcy Judge barred Loney from filing any further bankruptcy claims for a period of two years. This court similarly finds that Loney's suit in the instant case is frivolous and was filed by Loney in a bad faith effort to avoid his obligations under his mortgage contract.

"[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 462 (4th Cir.1993). However, before exercising the inherent power to dismiss, a court must weigh the following factors:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney ... (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim, (5) the availability of other sanctions ... and (6) the public interest.

*Id.* at 462–63. In the present case, Loney is entirely responsible for the frivolous filing, and this frivolous complaint impedes the efficient operation of the judiciary and punishes the defendants for exercising their legal rights. Due to the spurious nature of the complaint, dismissal is the only option that will avoid further waste of time on the part of this court and the defendants, and the public interest favors the dismissal of meritless lawsuits. Therefore, Loney's complaint is also subject to dismissal pursuant to this court's inherent power.

### CONCLUSION

**WHEREFORE,** for the foregoing reasons, it is hereby **ORDERED** that Loney's complaint against the defendants in this case is **DISMISSED** with prejudice.

Footnotes

\*      J. Chris Huff was the trustee on the mortgage. The other individual defendants are officers of the corporate defendants. No allegations are made by Loney against any of these men in their individual capacities.

 © 2012 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2012 Thomson Reuters. No claim to original U.S. Government Works.

**2007 WL 2406964**
Only the Westlaw citation is currently available.
United States District Court, W.D. North Carolina,
Charlotte Division.

Willie D. WORLEY Jr., Plaintiff,
v.
Michael EASLEY; Roy Cooper Theodis
Beck; Christian Hoell, Defendants.

No. 3:07CV333-03-MU.    |    Aug. 20, 2007.

**Attorneys and Law Firms**

Willie D. Worley, Jr., Laurinburg, NC, pro se.

**Opinion**

### *ORDER*

GRAHAM C. MULLEN, United States District Judge.

**\*1 THIS MATTER** comes before the Court on initial
review of Plaintiff's Complaint filed August 13, 2007
(Document No. 1).

Plaintiff alleges a variety of unrelated conclusory allegations
in his Complaint against various state officials. He
complains that the Defendants' policies are creating "slave
states." (Complaint at 5.) Specifically, Defendant contends
that the defendants have been:

  1) engaging in systematic corruption throughout different
  state departments in the name of taxpayers money.

  2) busing 13th Amendment in the name of allowing Jim
  Crow laws to be applied to prison administration policies
  and court convictions of uneducated individuals

  3) deception of taxpayers dollars in the name of false
  solutions for public safety

  4) creating and promotion a dangerous prison and
  society environment by the usage of mental deterioration
  techniques in the name of correction

  5) causing illness and promoting a homosexual
  environment

  6) destroying and misplacing court documents. Lying to
  judges to get convictions

  7) Inticement, (sic) inducement and other delusional
  processes to gain political leverage and convictions

  8) causing levels of poverty inside and outside prisons with
  aberrational conduct

  9) allowing evidence to be altered, mispresented (sic) and
  tailored to fit District Attorney's irrational arguments.

Complaint at 4-5.)

Plaintiff's Complaint contains only conclusory allegations.
To survive a review for factual frivolousness, a plaintiff
proceeding in forma pauperis cannot rely merely on
"conclusory allegations." *Cochran v. Morris,* 73 F.3d 1310,
1317 (4th Cir.1996) *citing White v. White,* 886 F.2d 721,
723-24 (4th Cir.1989); *accord Adams v. rice,* 40 F.3d 72,
74 (4th Cir.1994) (plaintiff "must present more than naked
allegations" to survive dismissal.) Furthermore, a complaint
may be dismissed as legally frivolous if based on "an
indisputably meritless legal theory." *Neitzke v. Williams,*
490 U.S. 319, 327 (1989). Here, Plaintiff advances no
legal theory. Moreover, a complaint may be dismissed
where the plaintiff's factual allegations are "clearly baseless"
or otherwise fail to state a federal claim. *Neitzke,* 490
U.S. at 324-27 ("[T]he statute accords judges not only
the authority to dismiss a claim based on an indisputably
meritless legal theory, but also the unusual power to pierce
the veil of the complaint's factual allegations and dismiss
those claims whose factual contentions are clearly baseless.")
*accord Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992)
(in determining whether complaint is factually frivolous, a
district court is not required to "accept without questions
the truth of plaintiff's allegations," but rather is permitted
to apply common sense, reject the fantastic, and take into
account judicially noticeable facts); *Cochran v. Morris,* 73
F.3d 1310, 1315 (4th Cir.1996) (noting that Congress' intent
under predecessor statute was to authorize dismissal of
"insubstantial" claims).

**\*2** Plaintiff's Complaint is unintelligible and as written
and contains conclusory allegations. As such, Plaintiff's
Complaint fails to state a cause of action against any of the
named Defendants.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that
Plaintiff's Complaint is Dismissed for failure to state a claim
for relief.

**SO ORDERED.**

**End of Document**                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.