UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILE NO. 5:12-CV-714-D

LOUSHONDA MYERS, ET AL

    vs.

THE STATE OF NORTH CAROLINA,
ET AL

**DEFENDANTS' BALLARD AND BALLARD LAW FIRM, PLLC, MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO STRIKE AND DISMISS PURSUANT TO RULE RULES 12(f) AND 12(b)(6)**

NOW INTO COURT, through undersigned counsel, come Defendants, Aleta Ballard ("Ballard") and Ballard Law Firm, PLLC (together, "Defendants"), and submit this memorandum of law, under Local 7.2, in support of their motions to strike certain allegations set forth in Plaintiff's complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to dismiss Plaintiff's claims asserted against Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTS

1. The factual responses of all co-defendants named herein, including but not limited to Steven Walker, Walker Law Firm, PLLC, and the State of North Carolina, are incorporated *in toto* herein by reference. See R. Docs. 36, 66, and 79.

2. Plaintiff's complaint with regard to the Defendants, Aleta Ballard and Ballard Law Firm, PLLC, alleges, in substance:

    a. Aleta Ballard is an attorney in private practice (Ballard Law Firm, PLLC) (¶¶ 4z; dd).

1

b. Paragraph 14 of the Plaintiff's complaint states:

> Ms. Ballard was hired in October to represent Loushonda Myers. Ms. Ballard failed to obtain additional discovery, as well as failed to submit additional motions in pursuit of discovery material. Loushonda Myers terminated Ms. Ballard's services in July 6, 2011, and initiated a fee dispute and grievance against Ms. Ballard through the North Carolina Bar. No additional discovery attempts or materials were ever presented by Ms. Ballard. Loushonda Myers also submitted a motion to the court to be relieved from Ms. Ballard, but was not heard on the motion.

c. Plaintiff was denied discovery and access to defense materials and the Defendants, Ballard and Ballard Law Firm, failed to perform their duties as plaintiff's legal counsel and Plaintiff brought her allegations to the attention of the North Carolina State Bar (¶¶ 36, 47, 48).

d. South Carolina law enforcement authorities and North Carolina law enforcement authorities participated in a conspiracy (¶ 1). Notably, the complaint does not allege that the Defendants, Aleta Ballard and Ballard Law Firm, PLLC, participated in any conspiracy or any willful participation in joint action between the Defendants, Ballard and Ballard Law Firm, and any government or state actors to violate any of Plaintiff's rights secured to her by the constitution and laws of the United States. Moreover, the complaint does not allege that the Defendant, Aleta Ballard, is a state actor for the purposes of 42 U.S.C. § 1983.[1]

---

[1] Paragraph 4(z) of the Plaintiff's complaint alleges that the defendant, Ballard, is engaged in the private practice of law and further alleges that Ballard is an employee of the Johnston County Public Defender's office. In fact, the Defendants, Ballard and Ballard Law Office, PLLC, are not affiliated with or employed by any state or local government agency. See Affidavit of Aleta Ballard, which is attached hereto as Exhibit A.

# MOTION TO STRIKE

# ALL REFERENCES TO THE MINOR CHILDREN AS PARTIES AND CLAIMS ON BEHALF OF THE MINOR CHILDREN SHOULD BE STRICKEN

The Federal Rules of Civil Procedure require every pleading to be signed by at least one attorney or, if the party is not represented, by the party. Fed. R. Civ. P. 11(a). Here, the only signatory on the complaint is Plaintiff Loushonda Myers, as *pro se* Plaintiff, and not in any representative capacity. No guardian ad litem has been appointed on behalf of the minor children. Consequently, all references to the minor children as parties, and any claims raised on their behalf, should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. See Myers v. Loudown Cnty. Pub. Sch., 418 F. 3d 395, 401 (4th Cir. 2005); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Title 42, United States Code, Section 1983 ("Section 1983"), provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to prevail on a Section 1983 claim, a plaintiff must show: (1) that the person engaged in the conduct complained of was *acting under color of state law*; and (2) that the alleged conduct deprived plaintiff of rights, privileges or immunities guaranteed under the U.S. Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), *overruled on other*

*grounds by*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986).  Plaintiff's complaint, even when construed in the light most favorable to the Plaintiff, fails to plead that Defendants were acting under color of state law for the purposes of 42 U.S.C. § 1983.  As a result, Plaintiff has not stated a claim upon which this Honorable Court may grant relief, and such claims asserted against Defendants must be dismissed with prejudice.

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Fourth Circuit has directed that "we 'take the facts in the light most favorable to the plaintiff,' but 'we need not accept the legal conclusions drawn from the facts,' and 'we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Giarrantano v. Johnson, 521 F. 3d 298, 302, 304 (4th Cir. 2008) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000)).  In Ashcroft v. Iqbal, the Supreme Court addressed the appropriate standard for analyzing motions to dismiss pursuant to Rule 12(b)(6), noting that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  The Court in Iqbal laid out "two working principles" for considering Rule 12(b)(6) motions to dismiss.  First, the Court in Iqbal noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" or "'naked assertions' devoid of 'further factual enhancement'" will not do.  Id.  In this regard, the Iqbal Court noted that Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a 'short and plain statement of the claim showing that the

4

pleader is entitled to relief," but Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. At 1949, 1950. Thus, in considering a Rule 12(b)(6) Motion to Dismiss, courts may begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.

Second, the Iqbal Court noted that "only a complaint that states a plausible claim for relief survives a motion to dismiss," and therefore courts must determine whether the facts actually pled in the complaint show that the pleader is entitled to relief. Id. Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1949 (internal citations omitted). Thus, dismissal of a complaint is proper where plaintiffs' factual allegations fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F. 3d 250, 256 (4th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1952 (internal quotation ommitted)).

## ANALYSIS OF THE COMPLAINT

Plaintiff's complaint alleges that Ballard "has a private practice" and "also is an employee of the Johnston County Public Defender's Office." R. Doc 3 at p. 7. Defendants submit that

5

they are not in any way related to, or affiliated with, any state agency, such as the Johnston County Public Defender's Office. See Affidavit of Aleta Ballard, Exhibit A. Nevertheless, even if the Court were to presume these facts are true, which Defendants specifically deny, for the purposes of Rule 12(b)(6), such an affiliation is insufficient to render Defendants state actors for the purposes of 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981) (holding that a public defender does not act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding). Defendants were retained as Plaintiff's counsel in a criminal matter. Given, from the face of the complaint, that Plaintiff cannot establish an essential element required under 42 U.S.C. § 1983, because Defendants are not persons acting under color of state law, Plaintiff's claims fail as a matter of law. Consequently, Defendants, Aleta Ballard and Ballard Law Firm, respectfully submit that Plaintiff's claims should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action.

## THE COURT LACKS SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367

In the unlikely event that Plaintiff's complaint in some way alleges facts that would support a cause of action for any other theory of legal relief against Defendants available under North Carolina state law, which Defendants specifically deny, this Honorable Court lacks supplemental jurisdiction to hear such claims. The complaint does not allege any joint action or conspiracy by and between any state actors and Plaintiff's privately retained counsel, Defendants Aleta Ballard and Ballard Law Firm. As a result, if any state law claims against Defendants remain, which Defendants deny, such claims do not share a common nucleus of operative fact

6

with other claims asserted against co-defendants in this matter that may confer federal subject matter jurisdiction.  <u>United Mine Workers v. Gibbs</u>, 383 US 715, 86 S. Ct. 1130 (1966). Therefore, it is submitted that this Court cannot exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

WHEREFORE, the Defendants, Ballard and Ballard Law Firm, PLLC, pray:

1.  That all allegations raised on behalf of Plaintiff's minor children be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

2.  That the Plaintiff's claims against Defendants be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.  For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 16th day of January, 2013.

NARRON, O'HALE AND<br>WHITTINGTON, P.A.

By:   /s/ John P. O'Hale
Attorney for Defendants,
Aleta Ballard & Ballard Law Firm, PLLC
N.C. State Bar No. 6794
P.O. Box 1567
Smithfield, NC  27577
(919) 934-6021
(919) 934-0417 (fax)
knarron@nowlaw.com

7

Case 5:12-cv-00714-BO   Document 82   Filed 01/16/13   Page 7 of 9

CERTIFICATE OF SERVICE

This is to certify that the undersigned has electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian Peter Durelle Oten
North Carolina State Bar
boten@ncbar.gov
Attorney for Defendants Bennet, Simeon, Silverstein and
Unknown Agents of the North Carolina State Bar

Grant S. Mitchell
grant.mitchell@mlg-mail.com
Timothy C. Smith, Jr.
tim.smith@mlg-mail.com
The Mitchell Law Group
Attorneys for Defendants Bizzell, Fish, Allen, Pate Creech, Canady
Case, Daughtry, Stewart, Johnson, Billis/Gillis, and
Unknown Officers and Agents of the Johnston County Sheriff's Department

David F. Mills
David F. Mills, P.A.
david@mills-law.com
Attorney for Defendants Carrae, Franklin, and Unknown Officers
and Agents of the Johnston County Department of Social Services and
Johnston County, North Carolina

Grady L. Balentine, Jr.
Special Deputy Attorney General
gbalentine@ncdoj.gov
Attorney for Defendants The State of North Carolina, Hale, Stanley,
Doyle, Harris, North Carolina Court System, Office of Indigent Defense Services,
Johnston County Public Defender's Office, and Johnston County District Attorney's Office

Charles J. Bridgmon
cbridgmon@dmclaw.com
John T. Holden
jholden@dmclaw.com
Dickie, McCamey, Chilcote, PC
Attorneys for Defendants Walker and Walker Law Firm, PLLC

John A. Maxfield
Wake County Sheriff's Department
jmaxfield@co.wake.nc.us
Roger A. Askew
Wake County Attorney's Office
roger.askew@wakegove.com
Attorneys for Defendants Harrison, Unknown Officers and Agents of
the Wake County Sheriff's Department, and Wake County, North Carolina

    This is to certify that the undersigned has served a copy of the foregoing by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

Loushonda Myers
27 Wateree Trail
Georgetown, SC 29440

This the 16th day of January, 2013.

        NARRON, O'HALE AND
        WHITTINGTON, P.A.

    BY:   /s/ John P. O'Hale
           Attorney for Defendants,
           Aleta Ballard & Ballard Law Firm, PLLC
           N.C. State Bar No. 6794
           P.O. Box 1567
           Smithfield, NC 27577
           (919) 934-6021
           (919) 934-0417 (fax)
           knarron@nowlaw.com