UNITED STATES DISTRICT COURT
For the Eastern District of North Carolina
Western Division

LOUSHONDA MYERS, ET AL., )
)
Plaintiffs, )
)
v. ) Civil Action No. 5:12-CV-714-D
)
THE STATE OF NORTH CAROLINA, ET AL., )
)
Defendants. )

## Answer and Motions to Dismiss

Defendants Sheriff Steve Bizzell, Lt. Danny Johnson, Cpt. A.C. Fish, Cpt. D. Daughtry, Lt. Stewart, Det. Don Pate, Det. J. Creech, Det. C. K. Allen, Det. J. Canady, Det. A. Case, Deputy Billis/Gillis, and Unknown Officers/Agents of the Office of the Johnson County Sheriff, (all herein collectively, "Defendants"), pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, allege and aver:

### Preliminary Statement

Defendants deny each and every allegation of the Complaint except as otherwise herein specifically and unequivocally admitted upon the actual personal knowledge of the Defendants (an admission upon information and belief is not such an unequivocal admission) in the paragraphs set forth in this Answer. In absence of such an unequivocal admission, however, each allegation contained in the Plaintiffs' Complaint is specifically denied.

### First Count and Defense

Defendants submit that the claims, incidents, events, transactions or occurrences, or series of incidents, events, transactions or occurrences, alleged in the Complaint are insufficient to invoke the jurisdiction of the Court, and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

### Second Count and Defense

Defendants submit that the claims, incidents, events, transactions or occurrences, or series of incidents, events, transactions or occurrences, to the extent alleged in the Complaint are insufficient to assert the jurisdiction of the Court over a proper "person" under 42 U.S.C. § 1983, having the authority to act or acting

under color of state law, and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) of the Rules of Civil Procedure.

### Third Count and Defense

Defendants submit that the events, transactions or occurrences, or series of events, transactions or occurrences, alleged in the Plaintiffs' Complaint are insufficient to state a claim for relief against these Defendants and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

### Fourth Count and Defense

Further, Defendants submit that the failure of Plaintiffs to comply with the requisite Rules of Civil Procedure and the substantive and procedural law of the United States has resulted in a failure to adequately and properly assert personal jurisdiction as well as subject matter jurisdiction and fails to state a claim upon which relief can be granted, and this action should be dismissed pursuant to Rules 12(b)(1); 12(b)(2); and 12(b)(6) of the Rules of Civil Procedure.

### Fifth Count and Defense

That the Plaintiffs bringing this action are subject to sanctions as provided in Rule 11 in that the action has been brought for an improper purpose to harass and cause unnecessary delay, that the claims and contentions are not warranted by existing law, that the factual contentions do not have factual support and are not warranted by the evidence, and that sanctions for the filing of this action are appropriate.

### Sixth Count and Defense

That the action should be dismissed in that the action lacks subject matter and personal jurisdiction, that there has been insufficient process and insufficiency of service of process, and that it fails to state a claim for which relief may be granted, and should be dismissed pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

### Seventh Count and Defense: Negative and Affirmative Averments

1. The allegations in Paragraph 1 of the Complaint are denied.
2. The allegations in Paragraph 2 of the Complaint are denied.
3. These answering Defendants respond to the allegations of Paragraph 3 of the Complaint as follows:
   a. The allegations of Paragraph 3 a. are admitted upon information and belief.

b. The allegations of Paragraph 3 b. are admitted upon information and belief.

c. The allegations of Paragraph 3 c. are admitted upon information and belief.

d. The allegations of Paragraph 3 d. are admitted upon information and belief.

4. These answering Defendants respond to the allegations of Paragraph 4 of the Complaint as follows:

   a. The allegations of Paragraph 4 a. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

   b. The allegations of Paragraph 4 b. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

   c. The allegations of Paragraph 4 c. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

   d. The allegations of Paragraph 4 d. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

   e. The allegations of Paragraph 4 e. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

   f. The allegations of Paragraph 4 f. are denied as stated; however, these answering Defendants aver that Roger S. Bizzell is the duly elected Sheriff of Johnston County, North Carolina.

   g. The allegations of Paragraph 4 g. are denied as stated; however, these answering Defendants aver that Captain A.C. Fish, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

   h. The allegations of Paragraph 4 h. are denied as stated; however, these answering Defendants aver that Detective C.K. Allen, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

i.  The allegations of Paragraph 4 i. are denied as stated; however, these answering Defendants aver that Detective Don Pate, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

j.  The allegations of Paragraph 4 j. are denied as stated; however, these answering Defendants aver that Detective J. Creech, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

k.  The allegations of Paragraph 4 k. are denied as stated; however, these answering Defendants aver that Detective J. Canady, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

l.  The allegations of Paragraph 4 l. are denied as stated; however, these answering Defendants aver that Detective A. Case, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

m.  The allegations of Paragraph 4 m. are denied as stated; however, these answering Defendants aver that Captain D. Daughtry, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

n.  The allegations of Paragraph 4 n. are denied as stated; however, these answering Defendants aver that Lieutenant Stewart, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

o.  The allegations of Paragraph 4 o. are denied as stated; however, these answering Defendants aver that Lieutenant Danny Johnson, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

p.  The allegations of Paragraph 4 p. are denied as stated; however, these answering Defendants aver that Deputy Billis/Gillis, at times relevant to the allegations of the Complaint, was employed by the Sheriff of Johnston County as a deputy.

q.  The allegations of Paragraph 4 q. are denied as stated.

r. The allegations of Paragraph 4 r. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

s. The allegations of Paragraph 4 s. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

t. The allegations of Paragraph 4 t. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

u. The allegations of Paragraph 4 u. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

v. The allegations of Paragraph 4 v. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

w. The allegations of Paragraph 4 w. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

x. The allegations of Paragraph 4 x. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

y. The allegations of Paragraph 4 y. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

z. The allegations of Paragraph 4 z. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

aa. The allegations of Paragraph 4 aa. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

bb. The allegations of Paragraph 4 bb. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

cc. The allegations of Paragraph 4 cc. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

dd. The allegations of Paragraph 4 dd. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

ee. The allegations of Paragraph 4 ee. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

ff. The allegations of Paragraph 4 ff. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

gg. The allegations of Paragraph 4 gg. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

hh. The allegations of Paragraph 4 hh. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

ii. The allegations of Paragraph 4 ii. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

jj. The allegations of Paragraph 4 jj. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

kk. The allegations of Paragraph 4 kk. are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

5. The allegations of Paragraph 5 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

6. The allegations of Paragraph 6 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

7. The allegations of Paragraph 7 of the Complaint are denied upon information and belief.

8. The allegations of Paragraph 8 of the Complaint are denied upon information and belief.

9. The allegations of Paragraph 9 of the Complaint are denied upon information and belief.

10. The allegations of Paragraph 10 of the Complaint are denied upon information and belief.

11. As to the allegations of Paragraph 11 of the Complaint, it is admitted, upon information and belief, that Plaintiff was charged as alleged and released upon a $400,000.00 and a $1,000.00 bond, as alleged in the Complaint. All other allegations of Paragraph 11 of the Complaint are denied, upon information and belief.

12. The allegations of Paragraph 12 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

13. The allegations of Paragraph 13 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

14. The allegations of Paragraph 14 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

15. The allegations of Paragraph 15 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

16. The allegations of Paragraph 16 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

17. The allegations of Paragraph 17 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

18. The allegations of Paragraph 18 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

19. As to the allegations of Paragraph 19 of the Complaint, it is admitted, upon information and belief, that Plaintiff sent "packets," or, more particularly, writings or letters to the Johnston County Sheriff's Office. All other allegations of Paragraph 19 of the Complaint are denied, upon information and belief.

20. The allegations of Paragraph 20 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. The allegations of Paragraph 22 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are admitted on information and belief.

25. The allegations of Paragraph 25 of the Complaint are admitted on information and belief.

26. The allegations of Paragraph 26 of the Complaint are denied upon information and belief.

27. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and the same are, therefore, denied.

28. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and the same are, therefore, denied.

29. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and the same are, therefore, denied.

30. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and the same are, therefore, denied.

31. The allegations of Paragraph 31 of the Complaint are denied upon information and belief.

32. These answering Defendants incorporate and adopt all foregoing denials, objections and responses.

33. The allegations of Paragraph 33 of the Complaint are denied upon information and belief. Additionally, these answering Defendants object to all allegations stating legal conclusions.

34. The allegations of Paragraph 34 of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

35. The allegations of Paragraph 35 of the Complaint are denied as stated. Additionally, these answering Defendants object to all allegations stating legal conclusions.

36. The allegations of Paragraph 36 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

36. The allegations of Paragraph 36 [sic] are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

37. The allegations of Paragraph 37 of the Complaint are denied upon information and belief. Additionally, these answering Defendants object to all allegations stating legal conclusions.

38. The allegations of Paragraph 38 of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

39. These answering Defendants incorporate and adopt all foregoing denials, objections and responses.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. These answering Defendants incorporate and adopt all foregoing denials, objections and responses.

42. The allegations of Paragraph 42 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

43. The allegations of Paragraph 43 of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

44. As to the allegations contained in Paragraph 44 of the Complaint, these answering Defendants aver, upon information and belief, that Plaintiff was released as to certain charges upon a secured bond in the amount of $400,000.00 and released as to certain charges for a separate secured bond in the

amount of $1,000.00. All other allegations of Paragraph 44 of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

45. The allegations of Paragraph 45 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

46. The allegations of Paragraph 46 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

47. The allegations of Paragraph 47 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

48. The allegations of Paragraph 48 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

49. The allegations of Paragraph 49 of the Complaint, as applicable to these answering Defendants, are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

50. The allegations of Paragraph 50 are not directed to these answering Defendants, and, therefore, no response is required. To the extent that a response is deemed to be required, the allegations of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

51. The allegations of Paragraph 51 of the Complaint are denied. Additionally, these answering Defendants object to all allegations stating legal conclusions.

52. These answering Defendants incorporate and adopt all foregoing denials, objections and responses.

53. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and the same are, therefore, denied.

53. These answering Defendants incorporate and adopt all foregoing denials, objections and responses.

54. The allegations of Paragraph 54 of the Complaint are denied.

55. The allegations of Paragraph 55 of the Complaint are denied.

56. The allegations of Paragraph 56 of the Complaint are denied upon information and belief.

57. The allegations of Paragraph 57 of the Complaint are denied upon information and belief.

58. The allegations of Paragraph 58 of the Complaint are denied upon information and belief.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint are denied.

61. The allegations of Paragraph 61 of the Complaint are denied.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

**Eighth Count and First Affirmative Defense**

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of immunity under the Eleventh Amendment to the United States Constitution in bar and as an affirmative defense to Plaintiffs' claims.

**Ninth Count and Second Affirmative Defense**

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of qualified immunity in bar and as an affirmative defense to Plaintiffs' claims.

**Tenth Count and Third Affirmative Defense**

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of privilege or immunity, including, but not limited to, the Public Duty Doctrine and Public Officer Immunity, as to the claims asserted by Plaintiffs in this Complaint, as an affirmative defense to Plaintiffs' claims.

### Eleventh Count and Fourth Affirmative Defense

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead as a defense all common law privileges, as to the claims asserted by Plaintiffs in this Complaint as an affirmative defense to Plaintiffs' claims.

### Twelfth Count and Fifth Affirmative Defense

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of sovereign or governmental immunity as an affirmative defense to Plaintiffs' claims. Accordingly, Defendants plead, pursuant to Rule 12, subsections (b)(1), (b)(2), (b)(6), and (b)(7) that the Court should dismiss this action on the grounds of such immunity.

### Thirteenth Count and Sixth Affirmative Defense

As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of immunity under the United States Constitution and the North Carolina Constitution in bar and as an affirmative defense to Plaintiff's claims. Defendants plead, pursuant to Rule 12, subsections (b)(1), (b)(2) and (b)(6) that the Court should dismiss this action on the grounds of such immunity.

### Fourteenth Count and Seventh Affirmative Defense

As a further, additional or alternative defense, Defendants, without waiving any other defense, aver that the purported claim for or demand for the patently excessive or punitive damages against Defendants is without merit or proper legal basis, and violates the provisions of the Fifth, Eighth, Eleventh and Fourteenth Amendments to the United States Constitution, and cannot be maintained under the provisions of 42 U.S.C. §§ 1983 or 2000e.

**WHEREFORE**, Defendants demand:

1. Dismissal of Plaintiff's Complaint and all claims asserted or which could have been raised in such pleading;
2. Judgment in favor of Defendants and against Plaintiffs;
3. Recovery of the costs of and in this action;
4. Trial by jury; and

5. Such other relief as the Court may deem just and proper.

Dated: January 16, 2013.

The Mitchell Law Group

By: /s/ Grant S. Mitchell - CM/ECF

Grant S. Mitchell
P.O. Box 2917
Fayetteville, NC 28302
grant.mitchell@mlg-mail.com
Telephone: (910) 678-7100
Facsimile:   (910) 678-9099
N.C. Bar No.: 36950

By: /s/ Ronnie M. Mitchell - CM/ECF

Ronnie M. Mitchell
P.O. Box 2917
Fayetteville, NC 28302
ronnie.mitchell@mlg-mail.com
Telephone: (910) 678-7100
Facsimile:   (910) 678-9099
N.C. Bar No.: 8423

By: /s/ Timothy C. Smith, Jr. - CM/ECF

Timothy C. Smith, Jr.
P.O. Box 2917
Fayetteville, NC 28302
tim.smith@mlg-mail.com
Telephone: (910) 678-7100
Facsimile:   (910) 678-9099
N.C. Bar No.: 37060
*Attorneys for Defendants Sheriff Steve Bizzell, Lt. Danny Johnson, Cpt. A.C. Fish, Cpt. D. Daughtry, Lt. Stewart, Det. Don Pate, Det. J. Creech, Det. C. K. Allen, Det. J. Canady, Det. A. Case, Deputy Billis/Gillis, and Unknown Officers/Agents of the Office of the Johnson County Sheriff*

## Certificate of Service

The undersigned hereby certifies that in conformity with Rule 5 of the Rules of Civil Procedure, the undersigned has caused a copy of the foregoing document to be served upon all parties entitled or required to be served by mailing a copy of the document in a properly addressed, postage pre-paid wrapper addressed as set forth below. Alternatively, and further, pursuant to Fed. R. Civ. P. 5 and Local Civil Rule 5.1, EDNC, this document has been filed by electronic means in compliance with the Rules and service has been effected by electronic means through the court's transmission facilities as authorized by Rule 5.1 and in conformity with these Rules.

Dated: January 16, 2013.

The Mitchell Law Group

By: /s/ Grant S. Mitchell - CM/ECF

P.O. Box 2917
Fayetteville, NC 28302
grant.mitchell@mlg-mail.com
Telephone:(910) 678-7100
Facsimile: (910) 678-9099

Served by mail upon:

Loushonda Myers
27 Wateree Tr.
Georgetown, SC 29440
*Pro Se Plaintiff and as mother of minor Plaintiffs C.M., A.M. and M.M.*