| | |
|---|---|
| LOUSHONDA MYERS, ET AL., )<br>       Plaintiffs )<br> vs. )<br>             )<br>THE STATE OF NORTH CAROLINA, ET AL., )<br>       Defendants )<br>_____) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AND DISMISS BY DEFENDANTS JOHNSTON COUNTY, JOHNSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, "CARMEN CARRAE," KIMBERLY FRANKLIN, AND THE "UNKNOWN OFFICERS AND AGENTS OF THE JOHNSTON COUNTY DEPARTMENT OF SOCIAL SERVICES"**
_____

    COME NOW the purported Defendants Johnston County, Johnston County Department of Social Services, an individual identified as "Carmen Carrae," Kimberly Franklin, and the unnamed "unknown officers and agents of the Johnston County Department of Social Services" ("Johnston County Defendants"), and respectfully submit this Memorandum of Law in support of their Motion to Strike and Dismiss pursuant to Rules 11, 12(b)(2), (4), (5), and (6), and 17 of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

    Plaintiff Loushonda Myers ("Plaintiff") filed the Complaint on her own behalf and purportedly on behalf of her three minor children on November 19, 2012. She purports to allege numerous "Constitutional, Civil, and State rights violations" against various governmental agencies and individuals, including the Johnston County Defendants. (Complaint, ¶ 1). The

Complaint does not expressly name the Johnston County Department of Social Services as a defendant but names "unknown officers and agents of the Johnston County Department of Social Services," as well as the named individuals "Carrae" and Franklin in their official capacities. Further, Defendant "Carmen Carrae" is an unknown individual who does not currently nor ever worked with the Johnston County Department of Social Services. An affidavit of Earl Marett, the Director of Johnston County Department of Social Services, has been attached to this Memoranda affirming that Defendant "Carrae" does not exist.

## STATEMENT OF THE FACTS

The acts of which the Plaintiff complains arise from an alleged traffic stop conducted by U.S. Marshals on October 12, 2010. The Plaintiff was arrested on drug related charges. According to the Complaint, upon Plaintiff's arrest, the Johnston County Sheriff's Department contacted the Johnston County Department of Social Services ("JCDSS") because the Plaintiff had her minor children with her. (Complaint ¶ 12). JCDSS took custody of the minor children. According to the Complaint, the minor children "were interrogated by law enforcement and JCDSS concerning the allegations against Loushonda Myers and in furtherance of another separate investigation that did not concern the welfare or safety of plaintiff's minor children." (Complaint ¶ 12). Thereafter, Plaintiff allegedly moved to South Carolina and JCDSS contacted the Georgetown County Department of Social Services and informed them of the situation. (Complaint ¶ 12). The factual allegations against the Johnston County Defendants are discussed more thoroughly below.

## ARGUMENT

**I. PLAINTIFF'S CLAIMS ON BEHALF OF HER MINOR CHILDREN SHOULD BE STRICKEN AND DISMISSED.**

Non-attorney parents generally may not litigate "the claims of their minor children in federal court." *Myers v. Loudoun County Pub. Sch.,* 418 F.3d 395, 401 (4th Cir. 2005). Plaintiff's capacity to sue on behalf of her minor children must be determined under state law. Fed. R. Civ. P. 17(b). North Carolina law requires that a minor must appear as a plaintiff in a lawsuit by general or testamentary guardian, or by guardian *ad litem.* N.C. Gen. Stat. § 1A-1, Rule 17(b)(1). Plaintiff makes no allegation or showing that she is prosecuting the minors' claims as a general or testamentary guardian or as guardian *ad litem*. Plaintiff may not bring the minor children's claims on their behalf.

Even if the Plaintiff were allowed to sue on behalf of her minor children, she is not allowed to *litigate* the children's claims *pro se*. *Myers,* 418 F.3d at 400. Moreover, "[e]very pleading, written motion, and other paper must be signed by… a party personally if the party is unrepresented." Fed. R. Civ. P. Rule 11(a). Since the minor children are not represented, the Complaint is not properly signed by them as plaintiffs. The Court should strike all purported claims by or on behalf of the minor children as immaterial and impertinent pursuant to Rule 12(f) and dismiss the purported claims of the minor children pursuant to Rules 11 and 17.

**II. SERVICE OF PROCESS IS INSUFFICIENT TO CONFER PERSONAL JURISDICTION OVER THE COUNTY DEFENDANTS.**

Plaintiff purports to have served each of the County Defendants by certified mail, return receipt requested, but failed to do so in accordance with Rule 4. When attempting service of process by mail, a party "must show strict compliance with the requirements of the statute.'" *In*

*re Appeal of Harris,* 273 N.C. 20, 24, 159 S.E.2d 539, 543 (1968) (quoting 66 C.J.S., *Notice* § 18(e)(1), p. 663).

  A. **Attempted service on Johnston County.**

  Service of process upon a county or county agency is properly made by "(a) delivering a copy of the summons and of the complaint to its chief executive officer; or (b) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. Rule 4(j)(2).

  Under North Carolina law, Johnston County may be served "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its county manager or to the chairman, clerk, or any member of the board of commissioners . . ." The summons directed to Johnston County was addressed to "Johnston County, North Carolina, Courthouse B-206, 207 East Johnston Street, Smithfield, NC 27577; PO Box 1049, Smithfield, NC 27577." Since the summons was not addressed to the county manager, the chairman, clerk, or other member of the Board of Commissioners, process and service of process on Johnston County is insufficient and the Court lacks personal jurisdiction over Johnston County. Dismissal is appropriate pursuant to Rules 12(b(2) and (5).

  B. **Attempted service on Johnston County Department of Social Services**.

  As stated above, the Plaintiff did not name JCDSS as a defendant nor was a summons issued directed to JCDSS. To the extent that the Complaint purports to make a claim against JCDSS, process and service of process against JCDSS is insufficient.

  Service on a county agency can be made by certified mail, return receipt requested, addressed to an officer or director, or an agent or attorney-in-fact authorized to accept service. N.C. Gen. Stat. §1A-1, Rule 4(j)(5)(c). Here, there is no summons addressed to JCDSS at all.

To the extent that the Plaintiff attempted to serve JCDSS by serving "Carrae" and Franklin in their official capacities, or the "unknown officers/agents," those summonses are not addressed to an officer, director, agent, or attorney-in-fact authorized to accept service. Service as to JCDSS, either directly or through individuals in official capacities, fails under Rule 4. The Court lacks personal jurisdiction over JCDSS because process and service of process are insufficient. Dismissal is proper under Rules 12(b)(2), (4), and (5).

### C. Attempted service on "Carmen Carrae" and Kimberly Franklin in their individual capacities.

Pursuant to Federal Rule 4(e), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. Rule 4(e). North Carolina allows an individual defendant to be served "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and *delivering to the addressee*." N.C. Gen. Stat. § 1A-1, Rule 4(j) (emphasis added).

The Plaintiff failed to properly serve the individual Defendants in accordance with Federal Rule 4(e) or North Carolina's Rule 4(j). The summonses indicate that the Plaintiff attempted to serve the individuals by certified mail, return receipt requested, at the office of JCDSS. The return receipts show that individuals other than "Carmen Carrae" and Kimberly Franklin received the summonses and signed for them. Plaintiff makes no showing that these individuals were authorized by appointment or by law to accept service on their behalf. In fact, the Affidavit of Earl Marett, Director of JCDSS, shows that the signers and recipients were not authorized to accept service on behalf of either JCDSS or the individual defendants.[1]

---

[1] The Affidavit of Earl Marett is being offered only for the Court's consideration of the issues of personal jurisdiction and service of process. It is not being offered for consideration of the Rule (b)(6) motion.

Since the summonses were not delivered to the individuals, service of process fails, the Court lacks personal jurisdiction over them, and the claims against them should be dismissed pursuant to Rules 12(b)(2) and (b)(5). For the same reasons, any purported claims against the unnamed "Unknown Officers and Agents of Johnston County Department of Social Services" should be dismissed.

## III. THE PLAINTIFF'S CLAIMS AGAINST THE JOHNSTON COUNTY DEFENDANTS ARE BARRED BY THE DOCTRINE OF GOVERNMENTAL IMMUNITY.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Dismissal is proper where it "appears that the plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Ladd v. Estate of Kellenberger,* 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985). Dismissal is also appropriate when the complaint discloses on its face an "insurmountable bar to recovery." *Id.*

### A. Governmental immunity is an insurmountable bar to recovery.

The doctrine of governmental immunity protects a county and its agencies from suit for its actions taken in the exercise of governmental functions, absent a waiver of immunity by the county or agency. *Meyer v. Walls,* 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997). A complaint which fails to allege a waiver of immunity fails to state a claim upon which relief may be granted. *Clarke v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994); *Vest v. Easley*, 145 N.C.App. 70, 74, 549 S.E.2d 568, 573 (2001); *Fields v. Board of Education*, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960). "When suing a county or its officers, agents, or employees, the complainant must allege this waiver in order to recover . . . Absent an allegation

to the effect that immunity has been waived, the complaint fails to state a cause of action."

*Clarke*, 117 N.C. App. at 88.

Further, "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 164 (1985). Accordingly, the purported claims against Defendants "Carrae," Franklin, and the "unknown officers and agents" in their official capacities are actually claims against Johnston County and JCDSS and the protection of governmental immunity likewise applies.

In the present case, the Plaintiff failed to allege waiver of governmental immunity. The claims against Johnston County, JCDSS, "Carrae," Franklin, and the "unknown officers and agents" in their official capacities fail to state a cause of action and such failure deprives the Court of personal jurisdiction over these defendants. Pursuant to Rules 12(b)(2)[2] and (6), the claims should be dismissed.

**B.  The Plaintiff sued "Carrae" and Franklin only in their official capacity and therefore, governmental immunity bars any recovery from these defendants.**

A public official may be held individually liable for his or her actions only if it is alleged that the official acted with malice, for corrupt reasons, or outside the scope of their official duties. *Myer*, at 111; *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952); *Hunter v. Transylvania County Dep't of Soc. Servs.,* 207 N.C. App. 735, 737, 701 S.E.2d 344, 346 (2010) ("A public official can only be held individually liable for damages when the conduct complained of is malicious, corrupt, or outside the scope of official authority.").

These individual defendants are public officials and in any event were sued by the Plaintiff in their official capacities. In North Carolina, public officials "exercise some portion of

---

[2] "The issue of governmental immunity is one of personal jurisdiction." *Bess v. County of Cumberland,* 722 S.E.2d 13, 2012 N.C. App. LEXIS 255 (2012); *citing Meherrin Indian Tribe v. Lewis,* 197 N.C. App. 380, 677 S.E.2d 203 (2009), *disc. review dismissed*, 363 N.C. 806, 690 S.E.2d 705 (2010).

sovereign power and discretion, whereas public employees perform ministerial duties." *Mabrey v. Smith*, 144 N.C. App. 119, 122, 548 S.E.2d 183, 186 (2001). Directors of Social Services are positions created by statute and have long been recognized as public officials. N.C. Gen. Stat. § 108A-14(a)(11) and *Hunter,* 207 N.C. App. at 738. North Carolina gives directors the authority "to delegate his or her responsibilities to staff members as he or she sees fit." *Id.*, citing N.C. Gen. Stat. § 108A-14(b). "This statutory language contemplates that staff members of departments of social services may be responsible for duties identified in the statute. It creates a structure under which department of social services staff members may function as public officers." *Hobbs v. N.C. Dep't of Hum. Res.*, 135 N.C. App. 412, 421, 520 S.E.2d 595, 602 (1999). Social workers are vested with sufficient discretion to qualify as public officials. *Hunter*, 207 N.C. App. at 738.

Further, a review of the Complaint shows that Plaintiff has sued these Defendants only in their official capacity. If a plaintiff intends to bring a suit against a defendant in his or her individual capacity, the caption should contain sufficient language to show that, the allegations within the complaint should provide further evidence, and the prayer for relief should indicate that plaintiff is seeking to recover from the defendant personally. *Mullis v. Sechrest,* 347 N.C. 548, 554, 495 S.E.2d 721, 724-725, (1998). "Accordingly, it is appropriate to consider the course of the proceedings and allegations contained in the pleading to determine the capacity in which defendant is being sued." *Mullis*, 347 N.C. at 553.

In the present case, the caption fails to identify the individual defendants. The Complaint identifies the individuals as "officers and agents" and "employees" of JCDSS. All summonses for the individual Defendants were served to the office of JCDSS and the Plaintiff did not attempt to serve the individual Defendants personally. Further, throughout the entire Complaint,

the individual Defendants were only referenced twice: when they were initially identified and in paragraph 49 of the Complaint. There are no allegations of any wrongdoing by the individual Defendants. Lastly, the Plaintiffs do not indicate that they are seeking to recover money from the Defendants personally.  A review of the allegations reveals that Plaintiff only intended to sue these individuals in their official capacities.

The Plaintiff sued the individuals in their official capacity.  This is nothing more than a suit against JCDSS.  These Defendants are therefore protected by governmental immunity and the Plaintiff's failure to allege a waiver of immunity is fatal to the Complaint and dismissal is proper under Rules 12(b)(2) and (6).

## IV.     THE PLAINTIFF FAILS TO ALLEGE ANY PLAUSIBLE CLAIM FOR RELIEF.

In testing the legal sufficiency of a complaint, the Court must "accept all well-pled facts as true and [construe] these facts in the light most favorable to the plaintiff...." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The complaint will survive a motion to dismiss if it contains "sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 (2007)).

The Supreme Court set out a two-part inquiry to determine the sufficiency of a complaint. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). This Court is not required to accept Plaintiff's conclusory statements

of law as true, nor is the Court required to consider allegations that are nothing more than "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotes omitted).

The second prong of the test questions whether "a complaint states a *plausible claim for relief*." *Id*. (emphasis added) If not, the complaint fails to state a cause of action upon which relief may be granted and the action should be dismissed. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." *Achcroft,* 550 U.S. at 679.

The Plaintiff's Complaint represents nothing more than "naked assertions devoid of further factual enhancement" and legal conclusions. The Complaint only mentions the Johnston County Defendants in five (5) paragraphs. The allegations against the Johnston County Defendants are reprinted below as stated in the Complaint:

> **Paragraph 12**: JCDSS was called by the JCSD. Ms. Myers children were interrogated by law enforcement and JCDSS concerning the allegations against Loushonda Myers and in furtherance of another separate investigation that did not concern the welfare or safety of plaintiff's minor children. Three separate allegations were reported to JCDSS on three different dates, October 12, 2010, October 28, and November 5, 2010. One of these allegations alleged that plaintiff's minor child was involved with manufacturing drugs and had multiple cellphones. JCDSS continued to involve themselves in this matter until Ms. Myers moved to South Carolina. Once in South Carolina, JCDSS enlisted the assistance of the Georgetown County Department of Social Services in South Carolina to conduct a visit to the home of Loushonda Myers and her minor children.

**Paragraph 31**: Georgetown County Sheriff and Police Department had a long standing vendetta against the Myers Family, and elicited the FBI, US Marshals, and North Carolina to aid them in the execution of their goals. As a result, North Carolina, its law enforcement agencies, social services department, and legal system violated the plaintiffs's rights....

**Paragraph 35:** Loushonda Myers's minor children were seized from her and given into the custody of Johnston County Department of Social Services.

**Paragraph 49:** Carmen Carrae and Kimberly Franklin of the Johnston County Department of Social Services aided in the investigation of the law enforcement officers that were involved in the events on October 12, 2010. The JCDSS interrogated minor children concerning the arrest of Loushonda Myers and subject matters unrelated to their health and welfare. Three separate reports were filed against Loushonda Myers. The first on October 12, 2010 stated that Ms. Myers was being arrested and no one was available to care for her minor children. The second report on October 28 stated "ongoing [illegible] assessment regarding allegations of neglect." However, Ms. Myers was never made aware of the charges of neglect, nor what actions constituted charges of neglect. Ms. Myers was never made aware of allegations of neglect prior to October 28, 2010....The third report on November 5, 2010 stated, "allegations that Myers residence is a stash house, 2 fugitive brothers in the home." [C.] has three cellular phones and may be involved are denied by family member." This tactic was used so that JCDSS could be used to facilitate interaction with Loushonda Myers's children in order to interrogate the children concerning investigations in South Carolina, and to obtain evidence against Loushonda Myers for use in her criminal proceedings. Again, Ms. Myers was never made aware of the allegations prior to November 5, 2011. The JCDSS intentionally interfered with Ms. Myers fundamental and substantive rights to her children in a manner without interference from the government. Plaintiffs assert that the JCDSS was and currently is working in conjunction with the JCSD and therefore Plaintiff had the right to confront her accuser and know the allegations and actions that gave rise to the allegations against her.

**Paragraph 50:** Ms. Myers made several requests for the records that were in possession of the JCDSS. Ms. Myers was given partial records during her criminal proceedings, but not given the identity of the person(s) that brought the charge against her. Ms. Myers asserts that her children and she has a right to these records. Plaintiffs asserts that the accusers in her case are law enforcement officers and the JCDSS facilitated their objectives by proceeding withy frivolous charges against Loushonda Myers. As of the date of the submittal of this complaint, Loushonda Myers has not received an updated status of this case despite repeated requests.

These allegations represent the sum total of Plaintiff's claims against the County Defendants. Outside of the naked assertions and conclusory statements, the Plaintiff has only alleged that at the request of the Johnston County Sheriff's Department, JCDSS investigated the report, took custody of the children, and questioned the minor children. The only specific reference to Defendants Franklin or "Carrae" is the Plaintiff's assertion that they aided in the investigation surrounding the incident on October 12, 2010. The Complaint is devoid of *any* factual allegations concerning Defendant Johnston County.

The Plaintiff's allegations, though lengthy and convoluted, make no more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. "Unwarranted inferences, unreasonable conclusions, or arguments" are insufficient to satisfy Rule 8. *Eastern Shore Mkt.'s Inc. v. J.D. Assoc's, LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

In reviewing this Complaint, this Court is called upon to use its "judicial experience and common sense" to determine whether the Complaint states a plausible claim for relief that "permits the court to infer *more than the mere possibility of misconduct*." *Iqbal,* 550 U.S. at 679 (emphasis added). After doing so, this Court should conclude that the Complaint fails to state a cause of action upon which relief may be granted and dismiss the case as to the Johnston County Defendants with prejudice.

## **CONCLUSION**

Plaintiff improperly attempts to bring a claim on behalf of her children and to represent her children *pro se*. The Plaintiff failed to properly serve the Johnston County Defendants. The Plaintiff failed to allege sufficient facts to overcome governmental immunity. The Plaintiff failed to allege anything more than naked assertions, unwarranted inferences, and unreasonable conclusions.

For these reasons, the Johnston County Defendants respectfully request that this Court dismiss this action against these defendants in its entirety.

This the 25th day of January, 2013.

>/s/ David F. Mills
> David F. Mills, State Bar No. 18326
>
> /s/ Sara E. Russell
> Sara E. Russell, State Bar No. 40045
>
> David F. Mills, P.A.
> 1559-B Booker Dairy Road
> Smithfield, NC 27577
> (919) 934-7235
> Fax (919) 989-1529
> david@mills-law.com
>
> *Attorney for Defendants Johnston County, Johnston County Department of Social Services, "Carmen Carrae," Kimberly Franklin, and the unnamed "unknown officers and agents of the Johnston County Department of Social Services"*

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of North Carolina using the CM/ECF system, which will send notification of such filing to all parties in this action registered on the system.  In addition, a copy has been sent by United States mail to the pro se Plaintiffs addressed to Plaintiff Myers's physical address of record as well as to the parties who have not yet filed their appearance in this matter:

    Loushonda Myers
    27 Wateree Trail
    Georgetown, SC  29440
    *Pro Se Plaintiff and mother of minor children, C.M., A.M. & M.M.*

    North Carolina Department of Health and Human Services,
    9001 Mail Service Center
    Raleigh, NC  27699-9001
    *Defendants*

    Charles J. Bridgmon
    John T. Holden
    Dickie, McCamey &Chilcote, P.C.
    2115 Rexford Road, Suite 210
    Charlotte, NC  28211
    *Attorneys for Defendants Steven Walker and Walker Law Firm*

    John P. O'Hale
    Narron, O'Hale and Whittington, P.A.
    P. O. Box 1567
    Smithfield, NC  27577
    *Attorney for Defendant Aleta Ballard and Ballard Law Firm, PLLC*

    Grant S. Mitchell
    Timothy C. Smith
    The Mitchell Law Group
    P. O. Box 2917
    Fayetteville, NC  28302
    *Attorneys forDefendants  Sheriff Steve Bizzell; Lt. Danny Johnson;*
    *Capt. A.C. Fish; Cpt. D. Daughtry; Lt. Stewart; Det. Don Pate;*
    *Det. J. Creech; Det. C.K. Allen; Det. J. Canady; Det. A. Case;*
    *Deputy Gillis; unknown Officers/Agents of the Office of the*
    *Johnston County Sheriff*

Brian P.D. Oten, Deputy Counsel
The North Carolina State Bar
P. O. Box 25908
Raleigh, NC  27611
*Attorney for Defendants Krista L. Bennett; Fern Gunn Simeon;*
*John Silverstein; unknown agents of the North Carolina State Bar*

John A. Maxfield
Roger A. Askew
Deputy County Attorney
P. O. Box 550
Raleigh, NC  27602
*Attorneys for Wake County Sheriff Donnie Harrison, Unknown Officer/Agents*
*Of the Wake County Sheriff's Department and Wake County*


Grady L. Balentine, Jr.
Special Deputy Attorney General
P. O. Box 629
Raleigh, NC  27602-0629
*Attorney for The State of North Carolina, Magistrate Keith Underwood*
*Magistrate/Judge Bethany Hale; Magistrate/Judge Walter Stanley;*
*Susan Doyle, Adren Harris, North Carolina Court System, Office*
*Of Indigent Defense Services, Johnston County Public Defender's*
*Office and Johnston County District Attorney's Office*

This 25th day of January, 2013.

                                            /s/ David F. Mills
                                            David F. Mills
                                            David F. Mills, P.A.
                                            1559-B Booker Dairy Road
                                            Smithfield, NC  27577
                                            (919) 934-7235
                                            Fax (919) 989-1529
                                            david@mills-law.com
                                            State Bar No. 18326
                                            *Attorney for Defendants Johnston County, Johnston*
                                            *County Department of Social Services, Carmen*
                                            *Carrae, Kimberly Franklin, and the unnamed*
                                            *"unknown officers and agents of the Johnston*
                                            *County Department of Social Services"*