THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 5:12-CV-714-D

| | | |
|---|---|---|
| Loushonda Myers, et al.<br><br>v.<br><br>The State of North Carolina, et al. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANTS KRISTA BENNETT, FERN GUNN SIMEON, JOHN SILVERSTEIN, AND UNKNOWN AGENTS OF THE NORTH CAROLINA STATE BAR'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE AND THEIR MOTION TO DISMISS** |

Now come Defendants Krista Bennett, Fern Gunn Simeon, John Silverstein, and "unknown agents of the North Carolina State Bar" (collectively, "the State Bar Defendants") to submit this memorandum of law in support of the State Bar Defendants' motion to strike and motion to dismiss pursuant to Rule 11 and Rules 12(b)(1) & (6) of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

On 19 November 2012, Plaintiff Loushonda Myers and her three minor children, C.M., A.M., and M.M. (collectively, "Plaintiffs"), filed this *pro se* action against Defendants Krista Bennett, Fern Gunn Simeon, John Silverstein, and the unnamed "unknown agents of the North Carolina State Bar" ("the State Bar Defendants") in their official and individual capacities. Plaintiffs allege that the State Bar Defendants' investigation and conclusion regarding a grievance filed by Plaintiff Myers with the North Carolina State Bar violated Plaintiffs' rights under the following: the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; Article Four of the United States Constitution; 42 U.S.C. § 1983; 42 U.S.C. § 1981; 42 U.S.C. § 1985; 42 U.S.C. § 1988; 18 U.S.C. § 2511; "illegal cell phone tracking, tracing, and pinging"; and Article 31 of Chapter 143 of the North Carolina General

1

Statutes. Plaintiffs also allege claims of "public corruption; civil conspiracy; intentional infliction of harm; emotion and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property" against the State Bar Defendants. Plaintiffs allege that the State Bar Defendants have taken no corrective course of action in response to Plaintiff Myers's grievance against Defendant Ballard, and that the State Bar Defendants failed to perform their duties in a fair and impartial manner. Plaintiffs seek monetary relief.

## STATEMENT OF THE FACTS

Plaintiffs' complaint alleges that on 12 October 2010, U.S. Marshals initiated a traffic stop of Plaintiff Loushonda Myers during which she was asked about the location of two alleged fugitives. Complaint ¶ 5. Plaintiff Myers was eventually released from the traffic stop. *Id*. Upon returning to her residence in Garner, North Carolina, law enforcement officials prohibited Plaintiff Myers from entering her house while a search warrant was obtained. Complaint ¶ 6. Plaintiff Myers was eventually arrested and charged with trafficking in cocaine by possession, trafficking in cocaine by manufacture, maintaining a dwelling for keeping controlled substances, possession of marijuana with intent to manufacture, sell, or deliver, possession of drug paraphernalia, and possession of pyrotechnics. Complaint ¶¶ 9, 11. Plaintiff Myers subsequently retained attorney Aleta Ballard for representation on the aforementioned criminal charges (who is also a defendant in the present action; "Defendant Ballard"). Complaint ¶ 14. Plaintiffs allege Defendant Ballard failed to obtain "additional discovery" and failed to submit "additional motions in pursuit of discovery materials." *Id*. In July 2011, Plaintiff Myers

2

terminated Defendant Ballard's services. *Id.* Also in July 2011, Plaintiff Myers initiated a fee dispute against Defendant Ballard with the North Carolina State Bar. *Id.* Defendant Bennett was assigned as facilitator for Plaintiff Myers's fee dispute. Plaintiff Myers's fee dispute was dismissed in September 2011. Also in July 2011, Plaintiff Myers filed a grievance against Defendant Ballard with the North Carolina State Bar. *Id.* Defendant Simeon, Deputy Counsel with the North Carolina State Bar, was assigned to investigate Plaintiff Myers's grievance. The State Bar, in accordance with its rules, investigated Plaintiff Myers's grievance. The grievance was dismissed in December 2011. Attorney Steven Walker was subsequently appointed to represent Plaintiff Myers on the aforementioned criminal charges, which were ultimately dismissed for lack of probable cause in January 2012. Complaint ¶¶ 15, 18.

Plaintiffs allege that Plaintiff Myers sent out "packets to various governmental agencies" requesting for an investigation and charges to be filed, but that no action has been taken in regards to her complaints. Complaint ¶ 19; *see also* Complaint ¶ 38 ("Loushonda Myers has written complaints and sent them out to the Defendants and no one has responded with a corrective course of action."). Plaintiffs further allege that the "Georgetown County Sheriff and Police Department have a long standing vendetta against the Myers family, and elicited the FBI, U.S. Marshals, and North Carolina to aid them in the execution of their goals. As a result, North Carolina, its law enforcement agencies, social services department, and legal system violated the plaintiffs's [sic] rights-substantive, procedural, and fundamental." Complaint ¶ 31. Plaintiffs contend the State Bar Defendants are all material to the complaint and employees of the North Carolina State Bar. Complaint ¶ 4(b) – (e). Plaintiffs do not specifically set forth the actions the State Bar Defendants took in committing the aforementioned alleged violations of Plaintiffs' rights, other than vaguely alleging, "The actions of Ms. Aleta Ballard were brought to the

3

attention of the North Carolina Bar, and it failed to perform its duties in a fair and impartial manner." Complaint ¶ 48.

## ARGUMENT

I. **ALL REFERENCES TO PLAINTIFF MYERS'S MINOR CHILDREN AS PARTIES TO THE PRESENT ACTION SHOULD BE STRUCK FROM THE COMPLAINT.**

Federal Rule of Civil Procedure 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Furthermore, "[t]he right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) (emphasis original).

In the present action, the only Plaintiff to sign the complaint is Plaintiff Loushonda Myers. However, Plaintiff Myers's signature to the complaint is solely as a *pro se* plaintiff representing her individual interests, and not in any representative capacity for her minor children. Furthermore, no guardian ad litem has been appointed to represent the minor children as parties, and Plaintiff Myers does not have standing to litigate claims on behalf of her minor children. Accordingly, all references to the minor children as parties and all claims raised on behalf of the minor children should be stricken. Even if the State Bar Defendants' motion to strike is not granted, Plaintiffs' complaint should be dismissed pursuant to Rules 12(b)(1) & (b)(6) of the Federal Rules of Civil Procedure for the reasons stated below.

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) BECAUSE PLAINTIFFS HAVE NO STANDING AS PLAINTIFFS ALLEGE NO JUDICIALLY RECOGNIZED INTEREST AND THE STATE BAR DEFENDANTS OWED PLAINTIFFS NO JUDICIALLY RECOGNIZED DUTY.

As a threshold requirement, Plaintiffs must show that they have standing to pursue their claim in Federal court. To have standing, Plaintiffs must allege facts that demonstrate injury that can be "fairly traced to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (*citing Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)). Plaintiffs must also show that they have a judicially recognized interest at stake. *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1556 (10th Cir. 1993). Plaintiffs have shown neither injury by the State Bar Defendants nor have they shown a judicially recognized interest that was harmed by the State Bar Defendants. Unless Plaintiffs can demonstrate standing, the Court lacks subject matter jurisdiction and their complaint must be dismissed.

Although their allegations are mostly disjointed, conclusory, and redundant, Plaintiffs appear to contend in their complaint that the State Bar Defendants somehow had an obligation to take some type of corrective course of action against Defendant Ballard or other attorneys or government officials in investigating Plaintiff Myers's grievance filed against Defendant Ballard. The State Bar Defendants owed Plaintiffs no such duty.

The North Carolina State Bar is an agency of the State of North Carolina. N.C. Gen. Stat. § 84-15 (2011). Chief among its responsibilities is the investigation and prosecution of attorney disciplinary cases against attorneys accused of violating the North Carolina Rules of Professional Conduct. N.C. Gen. Stat. § 84-23 (2011). The purpose of attorney discipline is protection of the public, not to provide a remedy for the party who filed the grievance. *See N.C. State Bar v.*
5

*Rogers*, 164 N.C. App. 648, 596 S.E.2d 337 (2004). In the investigative stage, investigation of attorney grievances is prosecutorial in nature; once a complaint is filed, the matter is adjudicatory. *See Doyle*, 998 F.2d at 1563. As the United States Supreme Court has held, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because "there is no constitutional right to have someone else prosecuted or discipline . . . [t]he only person entitled to due process [in a State Bar's grievance process] is the lawyer who may be subject to license-related sanctions." *Doyle*, 998 F.2d at 1570.

Although Plaintiff Myers submitted a grievance against Defendant Ballard, the investigation was not conducted on Plaintiff Myers's behalf. Even if the State Bar had filed a complaint before the Disciplinary Hearing Commission, Plaintiff would not have been a party to the proceeding. 27 N.C. Admin. Code 1B § .0113(n) (2011). Private individuals, such as Plaintiffs, have no constitutional or other right to compel investigation or prosecution of another or to contest the policies of the prosecuting authority. *Linda R. S.*, 410 U.S. at 619. To the extent that Plaintiffs' complaint can be construed to allege that the State Bar Defendants owed any duty to them to pursue an investigation of any person, Plaintiffs have no standing.

Furthermore, Plaintiffs' requested relief also shows that they have no standing. Plaintiffs request a total of $100 million in damages from the State Bar Defendants for unspecified injury or harm. Plaintiffs' broadly allege all Defendants in the present action committed a number torts against Plaintiffs, engaged in a grand conspiracy, and violated numerous rights under the Constitution of the United States, the Constitution of the State of North Carolina, and numerous federal laws. Yet none of Plaintiffs' requests for relief concern any injury to Plaintiffs that can be "fairly traced" to any conduct by the State Bar Defendants. *Allen*, 468 U.S. at 751. Their

6

requested remedies are beyond the scope of the Court to impose. Plaintiffs lack standing to pursue any claims against the State Bar Defendants, and Plaintiffs' complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III. PLAINTIFFS' COMPLAINT AGAINST THE STATE BAR DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES MUST BE DISMISSED ON GROUNDS OF SOVEREIGN IMMUNITY AND PROSECUTORIAL IMMUNITY, RESPECTIVELY.

Plaintiffs have sued the State Bar Defendants in their official and individual capacities, making a wide array of federal and state law claims. The State Bar Defendants are immune from suit under the doctrines of sovereign immunity and prosecutorial immunity, and therefore Plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The North Carolina State Bar is an agency of the State of North Carolina. N.C. Gen. Stat. § 84-15 (2011). A suit against a state official is a suit against the State or the official's office. *See Collins v. North Carolina Parole Comm'n,* 118 N.C. App. 544, 547, 456 S.E.2d 333, 335 (1995). As early as the Supreme Court's decision in *Hill v. Alderman of Charlotte*, 72 N.C. 55 (1875), the state and its agencies have been immune from tort liability under the common law doctrine of sovereign immunity. Sovereign immunity continues to be a viable protection against tort claims against the State. *See Guthrie v. N.C. State Ports Auth.,* 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983) ("It has long been the established law of North Carolina that the State cannot be sued except with its consent or upon its waiver of immunity."). In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity. *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994). Absent such an allegation, the complaint fails to state a cause of action. *Warren v. Guilford County*, 129 N.C. App. 836, 838, 500 S.E.2d 470, 472, *rev. denied*, 349 N.C. 241, 516

7

S.E.2d 610 (1998). Furthermore, it is well settled that state officials, including employees and agents of a state agency, may not be sued for damages under 42 U.S.C. § 1983 because of Eleventh Amendment sovereign immunity. *See Johnson v. Board of Bar Overseers*, 324 F. Supp. 2d 276, 286 (D. Mass. 2004). Federal courts have found that state bars are entitled to the sovereign immunity defense of the Eleventh Amendment. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994); *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980).

As the North Carolina State Bar is an agency of the State of North Carolina, and because a suit against a state official is a suit against the State or the official's office, the State Bar Defendants are shielded from liability in carrying out their duties with the State Bar under sovereign immunity. To overcome the State Bar Defendants' claim of sovereign immunity, Plaintiffs' complaint must specifically allege that the State Bar Defendants waived such immunity or consented to the lawsuit. Plaintiffs have failed to plead the State Bar Defendants' waiver or consent. Plaintiffs' claims against the State Bar Defendants are therefore barred by sovereign immunity, and Plaintiffs' lawsuit should be dismissed for failing to state a claim under Rule 12(b)(6).

Similarly, the State Bar Defendants are also immune from suit in their individual capacities. The efficient administration of justice requires that key individuals involved in the judicial system be afforded immunity from liability for damages in civil actions. Accordingly, prosecutors have long been deemed absolutely immune from civil actions for money damages. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976) ("The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that

8

harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. . . . [I]f a prosecutor had only a qualified immunity the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution."). State officials acting in prosecutorial or quasi-prosecutorial functions have absolute immunity for damages for activities in furtherance of that function. *See Mazzucco v. N.C. Bd. of Med. Exam'rs*, 31 N.C. App. 47, 228 S.E.2d 529 (1976), *disc. rev. denied*, 291 N.C. 323, 230 S.E.2d 676 (1976); *Wang v. New Hampshire Bd. of Reg. in Med.*, 55 F.3d 698 (1st Cir. 1995); *Bettencourt v. Bd. of Reg. in Med.*, 904 F.2d 772 (1st Cir. 1990); *Johnson*, 324 F. Supp. 2d. 276. "Judicial and prosecutorial immunity rests on the principle that if not so protected, our judicial and prosecutorial officers, even though honest and conscientious, would labor under the constant threat of civil suit and judicial proceedings would be seriously hindered." *Mazzucco,* 31 N.C. App. at 50, 228 S.E.2d at 532. Courts have extended absolute immunity to prosecutors in state bar proceedings. *See Clulow v. State of Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983) ("[B]ar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions."); *Niklaus v. Simmons*, 196 F. Supp. 691, 714 (D. Neb. 1961) (deputy attorney general who prosecuted attorney misconduct held to be immune); *Simmons v. Bellinger*, 643 F.2d 774 (D.C. Cir. 1980) (granting absolute immunity to members of the Committee on Unauthorized Practice of Law, who investigate violations, determine who is prosecuted, and directs the prosecution); *Green v. State Bar of Texas*, 27 F.3d 1083 (5th Cir. 1994) (granting legal counsel for Unauthorized Practice of Law Committee absolute immunity). This immunity granted to prosecutors includes immunity for decisions

whether or not to prosecute.  Plaintiffs' complaint falls squarely within this principle.  The State Bar Defendants here conducted a routine investigation into an attorney grievance to determine whether prosecution was warranted.  As Plaintiffs' complaint is based entirely on the State Bar Defendants' action taken by them in carrying out their responsibilities with the State Bar, they are shielded from civil suits seeking monetary damages based upon absolute prosecutorial immunity, and Plaintiffs' claims against them should be dismissed pursuant to Rule 12(b)(6).

## IV. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST THE STATE BAR DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED AND MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Plaintiffs' allegations in their complaint do not establish any claim for relief against the State Bar Defendants.  To state a valid claim for relief against the State Bar Defendants, Plaintiffs must plead alleged facts that, if accepted as true, establish that their claim is plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiffs must plead facts that establish or allow the court to reasonably infer that the State Bar Defendants are liable for the alleged misconduct.  *Id*. at 556.  Rule 8 of the Federal Rules of Civil Procedure requires pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, the Court is not bound to accept mere speculation, unwarranted inferences, conclusions, or statements about the law, and argument recited in the complaint is not binding on the Court.  *Id;*

*see also Frye v. Brunswick County Board of Education,* 612 F. Supp. 694 (E.D.N.C. 2009). Although the Court may liberally construe *pro se* complaints, the Court should not develop claims for relief where a plaintiff failed to clearly state any such claims on the face of the complaint. *See Brock v. Carroll*, 107 F.3d 241 (4th Cir. 1997).

Even under the most liberal construction, Plaintiffs' alleged facts do not establish any claim for relief. Plaintiffs' complaint asserts damages for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; Article Four of the United States Constitution; 42 U.S.C. § 1983; 42 U.S.C. § 1981; 42 U.S.C. § 1985; 42 U.S.C. § 1988; 18 U.S.C. § 2511; "illegal cell phone tracking, tracing, and pinging"; and Article 31 of Chapter 143 of the North Carolina General Statutes. Plaintiffs also allege claims of "public corruption; civil conspiracy; intentional infliction of harm; emotion and mental distress; loss of consortium; false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced displacement; obstruction of justice; and deprivation and destruction of property" against the State Bar Defendants. As discussed below, Plaintiffs fail to plead any facts that would allow a court to reasonably infer that the State Bar Defendants are liable for the alleged misconduct. Accordingly, these alleged violations and claims asserted against the State Bar Defendants should be dismissed pursuant to Rule 12(b)(6).

Plaintiff purports to plead these different alleged violations by separating their complaint into the following counts:

a) An unnumbered count of "Conspiracy"

b) Count I – "Violations of the United States Constitution"

c) Count II – "42 U.S.C. §1983 Cause of Action"

11

d) Count III – "Violations of North Carolina Constitution and Laws"

e) Count IV – "North Carolina Tort Claims Act"

f) Counts V – XXVI – "Damages"

Plaintiffs fail to plead any facts or even mention the State Bar Defendants in the unnumbered "Conspiracy" count or counts II, IV, and V-XXVI. A review of the facts pled in support of these counts, even if true, reveals that the State Bar Defendants had no connection to or took part in the conduct described therein. Any attempt by Plaintiffs to somehow incorporate the State Bar Defendants into these counts by simply referring to all defendants in the present action is factually insufficient and conclusory. Plaintiffs have failed to plead in their complaint "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face'" against the State Bar Defendants. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Accordingly, these counts do not state viable claims for relief against the State Bar Defendants and should be dismissed.

Counts I & III contain only minimal reference to the State Bar Defendants. In Count I, Plaintiffs allege, "Loushonda Myers has written complaints and sent them out to the Defendants and no one has responded with a corrective course of action." Complaint ¶ 38. Plaintiffs claim this allegation establishes a violation of Plaintiffs' rights to "peaceably [] assemble, and to petition the Government for a redress of grievances" under the First Amendment to the United States Constitution. *Id. See also* U.S. Const. amend I. In Count III, Plaintiffs allege, "The actions of Ms. Aleta Ballard were brought to the attention of the North Carolina Bar, and it failed to perform its duties in a fair and impartial manner." Complaint ¶ 48. Plaintiffs claim this allegation establishes a violation of the laws of North Carolina. These factual pleadings, even if true, do not state claims that are facially plausible because the pleadings do not "allow[] the court

12

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To the extent Plaintiffs' reference to "Defendants" throughout the complaint is read in its broadest sense to include Defendants Krista Bennett, Fern Gunn Simeon, John Silverstein, and "unknown agents of the North Carolina State Bar," Plaintiffs' complaint fails to articulate more than conclusory allegations regarding the State Bar Defendants' liability; these allegations are insufficient and cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs' allegations are so factually insufficient that they do not even rise to the level of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which would nonetheless be insufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.* Plaintiffs instead recite vague conclusions that, in Plaintiffs' mind alone, serve as a basis for a particular cause of action and simply list various federal laws and state claims without pleading any facts that connect the State Bar Defendants' conduct to the alleged claims. Because Plaintiffs' complaint does not include specific conduct that reasonably allows the court to infer the State Bar Defendants' liability in the alleged claims, Plaintiffs' complaint against the State Bar Defendants should be dismissed in its entirety for failing to state a claim under Rule 12(b)(6).

## **CONCLUSION**

All references to Plaintiff Myers's minor children as parties in the present action should be struck. Additionally, even if the aforementioned references are not struck, Plaintiffs' complaint fails to establish that they have standing to bring any action against the State Bar Defendants in this Court and this Court should dismiss their complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Even if Plaintiffs have

13

standing, their complaint fails to state a claim for which relief can be granted and the Court should dismiss their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This the 25th day of January, 2013.

        /s/ Brian P.D. Oten
Brian P.D. Oten, Deputy Counsel
The North Carolina State Bar
Post Office Box 25908
208 Fayetteville Street
Raleigh, North Carolina 27611
(919) 828-4620
Fax (919) 834-8156
boten@ncbar.gov
State Bar No. 34140
*Attorney for Defendants Bennett, Simeon, Silverstein, and "unknown agents of the North Carolina State Bar"*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Defendants' Krista Bennett, Fern Gunn Simeon, John Silverstein, and "unknown agents of the North Carolina State Bar" Motion to Strike and Motion to Dismiss was filed with the Clerk of Court for the United States District Court for the Eastern District of North Carolina using the CM/ECF system, which will send notification of such filing to all parties in this action registered on the system. In addition, a copy has been sent by United States mail to the pro se Plaintiffs addressed to Plaintiff Myers's physical address of record:

Loushonda Myers
27 Wateree Trail
Georgetown, SC 29440
*Pro se Plaintiff and mother of minor children C.M., A.M., & M.M.*

/s/ Brian P.D. Oten
Brian P.D. Oten, Deputy Counsel
The North Carolina State Bar
*Attorney for Defendants Bennett, Simeon, Silverstein, and "unknown agents of the North Carolina State Bar"*