IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:12-CV-00714-D

| | |
|---|---|
| Loushonda Myers, et al., | ) |
|          Plaintiffs, | ) **MEMORANDUM OF LAW IN** |
| | ) **SUPPORT OF PLAINTIFFS'** |
| | ) **MOTION IN OPPOSITION TO** |
| v. | ) **DEFENDANTS MOTION TO** |
| | ) **STRIKE AND DISMISS** |
| The State of North Carolina, et al., | ) |
|          Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) **ORAL HEARING DEMANDED** |

NOW COMES the Plaintiffs Loushonda Myers and minor children, C.M., A.M., and

M.M. to submit this memorandum of law in support of their Motion in Opposition of the

Defendants' Motion to Strike and Dismiss.


## NATURE OF THE CASE

This case has been brought upon the aforementioned Defendants due to deprivation of

Constitutional and Civil rights violations stemming from an unlawful search, seizure and arrest

that occurred on and around October 12, 2010. The US Marshals along with the Johnston County

Sheriff Department, and several agencies within North Carolina, as well as South Carolina did in

fact conspire to deprive the Plaintiff's of their substantive, inalienable rights. Plaintiffs filed suit

on November 19, 2012. Plaintiffs' have alleged, stated, confirmed, and shown through evidence,

proofs, and documentations numerous Constitutional and Civil rights violations; as well as

public corruption, by way of obstruction, omission, and erroneous commission of duties; civil

conspiracy; intentional infliction of harm; emotional and mental distress; loss of consortium;

false imprisonment; false arrest; malicious prosecution; trespass; negligence; fraud; breach of

duty; defamation of character; invasion of privacy; slander; libel; loss of earning capacity; forced

displacement; obstruction of justice; and deprivation and destruction of property.

## STATEMENT OF THE FACTS

On November 19, 2012 the Plaintiffs filed suit. The Defendants responded with a

meritless, frivolous Motion to Strike and Dismiss on December 28, 2012. The Defendants have

argued the following:

A. All references to the minor children as parties should be stricken;

B. Plaintiffs have failed to state a claim;

C. Defendants are protected by Eleventh Amendment, judicial, prosecutorial, and absolute

immunity; and

D. Plaintiffs have failed to state a claim against the State of North Carolina, North Carolina

Court System, and Office of Indigent Services. Defendants argue the Johnston County Public

Defender's Office is not an entity.

However, the Plaintiffs' complaint is substantive, factual, and extraordinary. Plaintiffs are

incorporating the facts of their original complaint, and will be presenting the following to the

Court and the Defendants.

## SUMMARY OF ALLEGATIONS

1. On October 12, 2010, US Marshals and the Johnston County Sheriff Department

executed two search warrants on the Plaintiffs' home with primary probable cause of action being

2

Case 5:12-cv-00714-BO   Document 112   Filed 02/19/13   Page 2 of 48

allegedly to seek two alleged fugitives from South Carolina. Detective Allen of the Johnston County Sheriff Department swore out both affidavits for the warrants using false, tainted, and/or untrue information. (Exhibits A-1 thru B-4)

2. Ms. Myers was arrested after the execution of the two search warrants and charged with numerous offenses; Trafficking Cocaine by Possession, Trafficking Cocaine by Manufacture, Maintaining a Dwelling for keeping Controlled Substances, Possession of Marijuana with Intent to Manufacture, Sell, or Deliver, Manufacturing Marijuana, Possession of Drug paraphernalia and Possession of Pyrotechnics. Ms. Myers's minor children were kidnapped *(N.C.G.S. § 14-39)* and placed in the custody of the Johnston County Department of Social Services. At Ms. Myers's bail hearing, Magistrate Hale issued an excessively, unfair $400,000 bond. Magistrate Hale allowed two Johnston County Sheriff Department officers, one of which was Detective Allen, to make false and/or misleading allegations concerning Ms. Myers. These statements were used to help facilitate a conspiracy upon Ms. Myers and her children.

3. Judge Keith Underwood signed the first search warrant for the two alleged fugitives. Mr. Underwood failed to verify pertinent and substantive information given to him for the search warrant. A search warrant must (a) accurately reflect the affiant's knowledge (Ex. A-3 Item #3), US Marshal Bryan Konig did not present himself for a statement, nor was he questioned about his knowledge; (b) a warrant must also contain probable cause, Ms. Myers case was dismissed due to "no probable cause for arrest" (Ex. QQ-1 and QQ-2); and (c) a magistrate or judge must critically examine an application for a search warrant, ask clarifying questions, and obtain information and/or knowledge (orally and/or written under oath) that supports and/or establishes probable cause. Additionally, Detective Allen failed to obtain assistance from his department's legal consultant and/or the district attorney before presenting his affidavit for approval in this

complex matter. Most significantly, a valid arrest warrant, which provides the sole purpose of probable cause, was never produced for either alleged fugitives; and Magistrate Underwood did not have jurisdiction over Ms. Myers or the matter. (Exhibit A-1thru A-3) Ignorance of the law is not an excuse chiefly, when a person's life, liberty, and freedom are at jeopardy.

4. Magistrate Stanley signed the second search warrant. Likewise, he failed to verify pertinent and substantive information given to him for the issuance of a search warrant. To reiterate, a search warrant must (a) accurately reflect the affiant's knowledge (Ex. A-3 Item #3), US Marshal Bryan Konig did not present himself for a statement, nor was he questioned about his knowledge; (b) a warrant must also contain probable cause, Ms. Myers case was dismissed due to "no probable cause for arrest" (Ex. QQ-1 and QQ-2); and (c) a magistrate or judge must critically examine an application for a search warrant, ask clarifying questions, and obtain information and/or knowledge (orally and/or written under oath) that supports and/or establishes probable cause. Additionally, Detective Allen failed to obtain assistance from his department's legal consultant and/or the district attorney before presenting his affidavit for approval in this complex matter. Most significantly, a valid arrest warrant was never produced for either alleged fugitives, and Magistrate Stanley did not have jurisdiction over Ms. Myers or the matter. (Ex. B-1 thru B-4) Again, ignorance of the law is not an excuse chiefly, when a person's life, liberty, and freedom are at jeopardy.

5. Magistrate Hale did not take into consideration all pertinent facts before establishing the bail amount for Ms. Myers. Such as, Ms. Myers had no criminal record, she posed no threat to the community, and that she was innocent until proven guilty. Magistrate Hale's bond was excessive and violated the Eighth Amendment of the US Constitution. Moreover, at a bond reduction hearing, Ms. Myers's bond was substantially reduced to $100,000.

4

6. Adren Harris was the district attorney appointed on the charges. Mr. Harris erred at the very beginning of this case when he failed to verify and oversee Detective Allen's affidavit. Adren Harris violated Plaintiff, Loushonda Myers's, due process rights when he failed to turn over substantive discovery materials. In addition, he (a) committed perjury when he stated under oath that a NCIC report was used as the basis for probable cause in the issuance of the search warrants, knowing that the NCIC report was not pulled until October 13, 2010, the day after Ms. Myers was arrested and her children kidnapped (Ex. D and Ex. H-10 and H-11; Lines 12-15); (b) withheld material evidence (Ex. G-6; H-7, Lines 12-14); (c) committed fraud upon the court by introducing fabricated, false, and/or misleading testimony and documents in the criminal proceedings of Ms. Myers (Ex. H-3, Line 6; H-4, Lines 12-15; H-10 and H-11, Lines 24-6). Adren Harris conspired with the US Marshals and the Johnston County Sheriff Department, as well as other agencies, in violating due process rights in order to facilitate an ongoing conspiracy in South Carolina. Additionally, a copy of a FOIA request that was sent to the Wake County Sheriff Department was given to Adren Harris by the Wake County Sheriff Department (Ex.II-1 thru II-4), violating Loushonda Myers's privacy, and conspiring with Johnston County Sheriff Department and the State of North Carolina. It is important to note, the Wake County Sheriff Department did not deny any involvement in the events on and around October 12, 2010, and failed to turn over materials related to the incident, thereby withholding, interfering, hindering, and/or obstructing justice; and violating N.C.G.S. § 132-1.4.

7. Loushonda Myers sent Susan Doyle, Governor Perdue, and the North Carolina Attorney General's Office certified packets of information alerting them to the conspiracy and asking for an investigation. No one followed up with Ms. Myers, instead her complaints were dismissed. Moreover, it is important to note that the Governor's response is not signed. In

addition, Ms. Myers stated to Judge Paul Gessner that she was being denied her substantive and fundamental due process rights, and besides partially denying and granting Ms. Myers Motion to Compel Discovery, the Court failed to act upon testimony of grave Constitutional and Civil Rights violations. Instead, the Plaintiff was told, "Well, those are all arguments that are relevant and may be brought up at a later point in time". (Ex. H-24, Lines 17-19) Perhaps, in prison? Similarly, Paul Gessner stated in his order " [t]he State has substantially complied with discovery under N.C. Gen. Stat. 15A-903" (Ex. I-1, Item #2), however the statute **does not** provide for "substantial" compliance; it provides for total compliance. Pursuant to N.C.G.S. 15A-903, the State must provide (a) "the complete files of all law enforcement agencies, investigatory agencies, and prosecutors' offices involved in the investigation of the crimes committed or the prosecution of the defendant"; and (b) "[t]heState shall give the notice and furnish the materials required by this subsection within a reasonable time prior to trial". The statute goes on to state, "Any person who willfully omits or misrepresents evidence or information required to be disclosed pursuant to subdivision (1) of subsection (a) of this section, or required to be provided to the prosecutor's office pursuant to subsection (c) of this section, shall be guilty of a Class H felony. Any person who willfully omits or misrepresents evidence or information required to be disclosed pursuant to any other provision of this section shall be guilty of a Class 1 misdemeanor". Third, judge Paul Gessner himself was unaware of the proper procedures regarding the incident (Ex. H-12, Lines 9-15). Fourth, Mr. Gessner continued and set a trial date knowing that substantial due process violations had occurred. (Ex. H-25, Lines 8-14) The denial of constitutional guaranties is in itself prejudice. *(Kotteakos v. United States, 328 U.S. 750, 765, 66S.Ct. 1239, 1248)* Again, ignorance of the law is not an excuse for these Defendants.

Ms. Myers also sent a certified letter to resident Judge Thomas Lock and expressed her

concerns about Adren Harris as well as Steven Walker. However, Adren Harris voluntary dismissed the charges prior to an alleged hearing in which Judge Thomas Lock was allegedly going to address the matter. (Ex. H-22 thru H-24; U-1 thru U-2; V; W-11 thru W-2; X-1 thru X-3; Y-1 thru Y-2; Z-1 thru Z-2; AA-1 thru AA-2; BB-1 thru BB-2; CC-1 thru CC-2; DD-1 thru DD-2; FF-1 thru FF-15)

8. The Office of Indigent Services is responsible for "establishing, supervising, and maintaining a system for providing legal representation for indigent person" (Defendants' Memorandum, pg. 4). However, this department failed to supervise the activities of Steven Walker, who was a court appointed attorney, and Aleta Ballard who also practices as a court appointed attorney, as well as has her own private practice (Ex. JJ-1)

9. The North Carolina Court System has engaged in a practice of allowing prejudice and injustice to go unchecked within the courts of North Carolina. The court system is supposed to be fair and impartial, yet it fails to provide due process to defendants within the system. There are conflicts of interest between the courts, clients, defendants, and attorneys that go unchecked. Jurisdiction is not verified, and private corporations are controlling the system. Attorneys are committing fraud, and concealing the fact that they owe their primary allegiance, duties, and/or responsibilities to the court and not the client, which presents an additional conflict of interest. *(Corpus Juris Secundum, Vol. 7, Sec. 4)*

    **a.** No arrest warrant was ever produced. Adren Harris testified in court that the NCIC report was used for probable cause, but it was not pulled until October 13, 2010. ( Ex. H-10, Lines 24 and 25; H-11, Lines 1 thru 12)

    **b.** Adren Harris stated that he produced all discovery materials. Yet, the US Marshals produced a statement that was not in Ms. Myers discovery material. (Ex. G-6)

7

**c.** A search warrant was issued for two individuals, yet allegedly only one was seen at the residence. (Ex. A-3; B-2)

**d.** Adren Harris failed to comply with a court order ( Ex. I-1 Item #3) *(NC Rules of professional Conduct 3.8)*, and The State of North Carolina and its departments failed to return Plaintiffs' property. (Ex. I-1 thru I-2)

**e.** Loushonda Myers's attempts to regain possession of her property that was unlawfully seized was denied. Plaintiff is still being denied her property even-though her criminal charges have been dismissed, and despite the fact that the JCSD is withholding, damaged, and/or destroyed material evidence. (Ex. LL-1 and LL-2) Moreover, Ms. Myers has been denied her substantive right to petition the court for property that has been illicitly seized from her, and her children. (Ex. LL-1) Ms. Myers made several attempts at rescheduling a hearing for her property, however Adren Harris refused to return her phone calls, and her motions were denied even though the Court knew Ms. Myers was forced to relocate to another state (Ex. MM) and was going to incur travel and related expenses. (Ex. J-2, Lines 18-21); L; M; and N) *(Including, but not limited to NC Rules of Professional Conduct 3.1, 3.4, 3.5, 4.1, 6.6, and 8.4)*

**f.** The Plaintiffs' fundamental privacy and familial rights were violated due to illegal cell phone tracking (Ex. EE-1thru EE-3), and through the Johnston County Department of Social Services (also referred to as JCDSS), which is a division of the State of North Carolina's Department of Health and Human Services. The JCDSS initiated three separate incident reports on Loushonda Myers and her children, knowing that all of the allegations were brought forth on one day. Ms. Myers was unaware of the fraud and deception that was being utilized by this department, until late 2011. The JCDSS was

**8**

working in conduction with the law enforcement agencies involved, and providing

information in furtherance of an ongoing conspiracy. (Ex. O; P; T-1 thru T-9; EE-1 thru

EE-3; and HH)

**g.** Ms. Myers was discriminated against due to the fact that she is a black female with no

law enforcement or political influence. (Ex. K-1 thru K-2)

**h.** Ms. Myers has put the State of North Carolina and its divisions on notice of their

illegal action towards her and her minor children. (Ex. U-1 thru U-2; AA-1 thru AA-2;

X-1 thru X-3; Y-1 thru Y-2; Z-1 thru Z-2; BB-1 thru BB-2; CC-1 thru CC-2; and DD-1

thru DD-2)

**i.** North Carolina and its departments, agencies, divisions, and/or agents have displayed a

gross pattern of prejudice and discrimination acts and omissions against the Plaintiffs.

For example, The North Carolina Industrial Commission dismissed the Plaintiffs'

claims, despite the fact that only one attorney for one defendant was present during the

hearing. No other Defendants and/or their attorneys presented themselves yet, the

Plaintiffs' case was dismissed in favor of each of the Defendants. On the other hand,

when Loushonda Myers, presented a valid explanation for her inability to be present at

her hearing, she was prejudiced. (Ex. PP-1; J-2,Lines 1 thru 13) Likewise, repeated

requests for the return of her property have been denied, even - though it has been

established that the Court lacked jurisdiction over the Plaintiff, Loushonda Myers, and

therefore is holding the Plaintiffs' property hostage. (Ex. LL-1 and LL-2) The Plaintiffs

have abided by every order and/or ruling, even when it was not in their favor. However,

the Defendants failed to abide by all orders and/or rulings when it was in the Plaintiffs'

favor, and they restricted, hindered, and obstructed the Plaintiffs' from exercising their

substantive, fundamental Constitutional and Civil rights.

## ARGUMENT

## I. THE DEFENDANTS'S ARGUMENTS ARE CONTRARY TO THE CONSTITUTION OF THE REPUBLIC OF THE UNITED STATES, THE SUPREME LAW OF THE LAND, AND CONSTITUTES AN ACT OF TREASON.

The Constitution of the United States of America does not give citizens of the United States any rights, privileges, or power. However, it is a contract that guarantees every natural person and/or People of the United States that their rights, privileges, and powers will not be stricken from them. It also guarantees a Republican form of government. *Article IV, Section 4* states, "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened), against domestic Violence."

A republic is " a system of government in which [THE PEOPLE HOLD SOVEREIGN POWER] and elect representatives who exercise that power". (Black's Law Disctionary, 7th Edition). According to Black's Law Dictionary, "[a republic] contrasts...with a pure democracy .... , and with "the rule of one person (such as a king, emperor, czar, or sultan)". As a People in a Republic form of government, the people "hold" sovereign power, which means that they "possess" it. The people, including the Plaintiff and her minor children, are the sovereign and hold powers of that sovereignty. *(In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627)* Thus, the Plaintiffs have made clear that they have presented their claims in their sovereign capacity, possessing full rights.

Accordingly, to strip the Plaintiffs of their rights and privileges is equivalent to taking their property, sovereignty and/or their inalienable rights and/or privileges from them.

The violations that the Plaintiffs' have alleged in their complaint are of a grave nature. It concerns violations of substantive and fundamental God given, and Constitutionally guaranteed rights. The United States Constitution provides that the United States shall protect its citizens from "domestic violence". Every state, including North Carolina, has agreed upon a Republic government and as such has the duty to protect its citizens from interference of their rights by other states or foreign powers. *(Roberts v. Roberts (1947) 81 CA2d 871, 185 P2d 381)* Plaintiffs assert that domestic violence has occurred against them, and that they have the sovereign rights to bring suit, and be compensated for the actions of the Defendants. The denial of the Plaintiffs' Constitutional rights by the Defendants, whom have taken an oath to uphold the Constitution, is an act of treason. The Defendants in this action have committed treason. *( U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)).*

## II. THE PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE 11TH AMENDMENT, JUDICIAL, PROSECUTORIAL IMMUNITY, NOR ABSOLUTE IMMUNITY.

The defendants have introduced several case laws regarding 11th Amendment immunity, judicial immunity, absolute immunity, and prosecutorial immunity. First, in *Bradley v. Fisher, 80 U.S. 335, 20L.Ed. 646 (1871)*, the Defendants arguments are based on Justice Fields. Within which he states, "The principle [of immunity] .... has been the settled doctrine of the English courts for many centuries." Justice Fields goes on to state that, "[T]he judges of the realm could not be drawn in question .... except before the king himself". Here, in the United States, we do not have titles of nobility. We are not a nation of tyrants, nor a monarchy. We are a Republic. All

power is in the people and no one can be granted immunity for their actions because of a title of occupation. Are judges considered kings in the United States? Is the United States granting titles of nobility to the judiciary? *(Article 1, Section 9 and Article VI of US Constitution).*

Furthermore, Justice Stewart in his dissent stated in *Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978),* "[In] Bradley v. Fisher.....[there was no] claim that the conduct in question was not a judicial act, and the Court thus had no occasion to discuss the meaning of that term". In addition, the two grounds behind the holding - one being ' a function normally performed by a judge' ; and the other 'judicial capacity', "is factually untrue and ... the second is legally unsound". Lastly, in Justice Powell's dissent he stated, "[The] judge's actions were not 'judicial', and that he is entitled to no judicial immunity from suit under 42 U.S.C. 1983".

The Defendants arguments are stunning. They defy nature, law, and/or all logical reasoning. What makes these Defendants different from DC Mayor Marion Barry, Illinois Governor Rod Blagojevich, North Carolina Governor Mike Easley, Alabama Governor Don Eugene Siegelman, Rhode Island Governor Edward Daniel DiPrete, Pennsylvania Judge Mark Ciavarella, Texas Judge Abel C. Limas, North Carolina District Attorney Mike Nifong, Texas District Attorney Armando Villalobos, Louisiana District Attorney Harry Connick, or the numerous other individuals that violated their oaths of office, the United States Constitution, and the citizens' trust.

Besides, the President of the United States himself cannot claim that he has immunity for his actions. For example, Andrew John Johnson and Bill Clinton were both impeached. In connection with the Watergate scandal, Richard Nixon was about to be brought up on charges including obstruction of justice, misuse of powers and violation of his oath of office. However,

12

he resigned before the vote could be cast. The Office of the United States President is the highest office that can be obtained in the United States. Are the Defendants asserting that they possess powers and privileges above and beyond that office? Alternatively, are the Defendants claiming some form of diplomatic immunity? If so, the Plaintiffs would like to know which country they represent? Above all, "In declaring [what is ] the supreme law of the land, the Constitution itself is first mentioned, and not the laws of the United States generally", therefore any "law, [doctrine, principle, and likewise] repugnant to the Constitution is void". *(Marbury v. Madison, 5 U.S. 1 Cranch 137 137 (1803)*. Thus, the Defendant's arguments are preposterous.

## III. THE DEFENDANTS' ( STATE OF NORTH CAROLINA AND ITS DIVISIONS, DEPARTMENTS, AND AGENTS) CLAIMS OF IMMUNITY DUE TO THEM BEING ENTITIES ARE INEFFECTIVE AND BASELESS.

The defendants have claimed that they are entitled to be immune from liability due to the fact that they are entities. However, these entities violated the Plaintiffs's fundamental and substantive Constitutional and Civil rights. The State of North Carolina has continually engaged in a practice violating the Constitutional and Civil rights of its citizens. It has employed private corporations and bestowed upon them the authority to arrest, detain, search, prosecute, and deprive citizens of inalienable rights. When the State of North Carolina, a corporate entity, acts to bring charges against a person, a human being, they are not initiating an action against another artificial being; they are initiating an action against a human being. Therefore, it defies logic to suggest that as an "artificial person", a corporation - regardless of what role it has within a state- can be granted more protection and power than a human being, a sovereign citizen.

Moreover, a State can bring actions against a private citizen without regard to a complaint by a human, private citizen. To suggest that an "artificial" person can enjoy more powers,

privileges, and protections than a real human being also goes against an individual's inalienable rights, and the US Constitution that guarantees those rights. Private corporations cannot enjoy more powers, protection, and/or privileges than the citizens that created it. Private corporations have no legal authority to interfere with the rights, privileges, and protections of the sovereign citizens, nor to enjoy rights in excess of what a citizen possesses.

Defendants have stated that a §1983 claim against a person in their official capacity is a suit against the entity. They further state, "a state is not a 'person' "within the meaning of §1983. However, this argument is also erroneous. An entity is defined as "an organization that has a legal identity apart from its members". *(Black's Law Dictionary, 7th. Ed.) Article VIII, Section 2 of the North Carolina Constitution* states, "All corporations shall have the right to sue and shall be subject to be sued in all courts, in like cases as natural persons." Any "legal" entity operating within the boundaries of the United States can be sued. *Black's Law Dictionary* defines "person" as "a human being"; an entity (such as a corporation) that is recognized by law as having the rights and duties of a human being." *(Black's Law Dictionary, 7th Ed.)* However, it is important to note that laws give corporations the ability to act as a "person". A real, sovereign person or human being has the ability to act by their Creator, God. No man-made doctrine or law can abrogate these rights. *(US v. United Mine Workers of America, 330 U.S. 258, 67, S.CT. 677 (1947))*

Additionally, § 1983 suits has no immunities or privileges for the Defendants. "Every person" can be held liable, and everyone has the right to compensation who has been "wronged by the abuse of governmental authority". *(Owen v, City of Independence 445 U.S. 622 (1980); Imbler v. Pachtman, 424 U.S. 409, 424 U.S. 417; Monell v. New York City Department of Social Services).* "The rule of governmental immunity as to all political subdivisions of government is

hereby abrogated as it has heretofore been abrogated as to municipal corporations, i.e., cities. No longer is the defense of governmental immunity for tort liability available, irrespective of whether the involved political subdivision is functioning 'governmentally' or 'proprietarily'". *(Myers v Genesee County , 375 Mich 1, 1965.)*

These "entities" have been given power that has a critical impact on the lives of citizens within the State of North Carolina, as well as the United States. If these "entities" can bring forth an action against an individual, why would an individual be restricted from bringing an action against an entity? To use this form of logic would suggest "entities" have far greater powers, privileges, and protections than the individual - a principal that is contrary to an individual's inalienable rights, and the US Constitution that guarantees those rights. The same applies to the actions of the State, a corporation, in bringing criminal charges against a private citizen without having a complaint by another private citizen. How can a State prosecute a private citizen claiming that they have injured every citizen within that State, without testimony from every citizen of that State? The State has not been injured, and is acting beyond its power and jurisdiction. Unless it can be shown in their corporate by-laws- which would grant the State and the other Defendants the ability to act in this capacity, it is violating the law. In addition, they must also show that their actions are consistent with the US Constitution, which is the Supreme Law of the Land. By and through its actions and/or omissions, the State of North Carolina, and its departments, institutions, divisions, agencies, and likewise have implicitly consented to being sued. Immunity does not apply when the "government is a lawbreaker or jurisdiction is the issue". *(Arthur v. Fry, 300 F.Supp. 622 (1960)).* The Defendants have broken the law and stepped outside of their jurisdiction.

More specifically, how can an entity that has been created for the purposes of protecting

15

the citizens, freely cause harm upon the citizens? If a person was to create a violent gang and incorporate it, then perform activities necessary to facilitate its goals, would it be legal because it is an entity? In essence, this is what the State of North Carolina, its divisions, and agents have both stated and done. Not once has the Defendants denied that they have caused harm to the Plaintiffs. In fact, they have affirmed that they were involved in the events that have caused the Plaintiffs harm. Entities are created by human beings. An entity is nothing more than a group of human beings that hold offices or appointments within an artificial creation. What makes these entities different from any other group of human beings when it comes to breaking the law of the land? Were Enron, Tyco, Arthur Anderson, Aldelphis Communications, Global Crossing and others able to shield themselves with immunity? As a matter of fact, not only were they not able to shield themselves with immunity, but specific individuals were held accountable and the entity still had to fit the bill for the individuals' actions. Even Exxon had to take responsibility for its actions and/or mistakes.

As illustrated in Item #9 (h), the Defendants are mistaken in their belief that Plaintiffs are requesting relief based on a "theory". (Memorandum, Pg. 4, II. A.) Plaintiffs gave notice to the superiors of each division and they failed to act. They have officially been put on notice that the actions of their subordinates have injured the Plaintiffs. Moreover, the failure of the superiors to act is essentially affirming the actions of the subordinates, and places them in conjunction with the actions of their subordinates. Failure to act is as detrimental as the act itself. The actions of the Defendants were outside their jurisdiction and in clear absence of Constitutional and State laws, as well as a violation of their Oaths of Office. "[No] state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". *( Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958))*. Quite

Case 5:12-cv-00714-BO Document 112 Filed 02/19/13 Page 16 of 48

obviously, this is exactly what the Defendants have chosen to do. They are warring against the Constitution. Additionally, "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence. " (*Ableman v. Booth, 21 Howard 506 (1859)*). The Defendants in this suit have acted beyond their jurisdiction and/or authority.

In addition, to state that any act committed while holding a title of judicial authority is within a judicial function or duty is erroneous and violates the fundamental principles upon which the Constitution was written."Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process". (*Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694*). Moreover, the "Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law. (*Warnock v. Pecos County, Texas., 88 F3d 341 (5th Cir. 1996)*). And, there is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. (*Cooper v. O'Conner, 99 F.2d 133*). Likewise, prosecutors cannot claim immunity for their erroneous actions, including violations of their oaths of office, violating Constitutional and federal laws, and violation of due process rights. The Defendants oaths of office mandates them to abide by the Supreme Law of the Land. In other words, abiding by the US Constitution is not optional, it is demanded and obliged. There are no duties or responsibilities of these Defendants that require them to break the law. Thus, breaking the law is not an act of their offices or a duty thereof, and their actions cannot be protected, upheld, and/or shielded. The Defendants cannot be dissolved from taking responsibility and accountability for

17

their actions and/or omissions.

## IV. ARTICLE VI OF THE UNITED STATES CONSTITUTION, ESTABLISHES THE CONSTITUTION AS THE SUPREME LAW OF THE LAND AND AS SUCH, THE 14TH AMENDMENT IS MATERIAL.

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding". *(Article VI, US Constitution)*. "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution". *(US Constitution)*

Judges and prosecutors are bound to follow the law of the land and cannot infringe upon the God given rights of the people or the protection guaranteed in the US Constitution. Any judge, prosecutor, or employee of the government that has taken an oath to uphold the United States Constitution and commits an unconstitutional act has at the very least violated their oath of office, and there are no official immunity or privileges of office or position that can survive the commission of unlawful acts. *(16 Am Jur 2d, Sec 177 late 2d, Sec 256)*.

Perhaps the best decision to illustrate this is in *Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180, (1803)*, where it has been affirmed "In declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank". The decision goes on to state that, "All law (rules and practices) which are repugnant to the

18

Constitution are VOID". What does this mean? It means, "NO State (Jurisdiction) shall make or enforce any law which shall abridge the rights, privileges, or immunities of citizens of the United States nor deprive any citizens of life, liberty, or property, without due process of law, ... or equal protection under the law". Immunity (Judicial, Prosecutorial, Sovereign, Absolute, etc.) is unconstitutional, and therefore void.

To reiterate, no principle; doctrine; state statute; congressional law; ordinance; policy; and/or procedure out ranks the US Constitution, and certainly not any inalienable rights. To deny the Plaintiffs the right to pursue their claims would be telling the Plaintiffs that they are not human beings who are entitled to equal protection under the law. Yet, even then that would be violating the Plaintiffs' rights, due to the fact that their either being considered "not human" or less than human due to their "skin color". Certainly, Plaintiffs' claims cannot be dismissed because of the persons or entities involved. Every state power is limited by the Constitution, and the 14th Amendment. Similarly, if there is a dispute between an amendment and the Constitution, the amendment controls. *(Schick v. United States, 195 US 65, 49 L. Ed 99, 24 S.Ct. 826)*. The denial of a Constitutional right is "a denial of due process of law". *(Simmons v. U.S., 390 U.S. 377(1968) )*. To dismiss Plaintiffs' claims would be to deny the Plaintiffs' their First Amendment rights. "[Plaintiffs] cannot be .... [punished] because [they] exercise [their]Constitutional right [s]". *(Sherar v. Cullen, 481 F 2d 946, (1973).* "Sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it. All else is withheld". *(Juilliard v. Greenman, 110 U.S. 421 (1884).* The Defendants cannot exercise a power that the people do not possess. "The power which is derived cannot be greater than that from which it is derived". *(Bouvier's Law Dictionary Unabridged, 8th Ed. pg. 2131).*

Whosoever has taken an oath to uphold the laws of the US Constitution, and then

violates the laws thereof have not only violated their oath of office, but has engaged in acts of treason. *(Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958)).* A denial of rights based on the Defendants's assertions is erroneous, and a perversion of the US Constitution. The State of North Carolina, its departments, agencies, officials, and likewise cannot interpret or construe the law so that it will be favorable to them at their pleasure. The Courts are not meant to hinder ordinary citizens from obtaining justice. The Courts are provided to protect justice and equality, not meaningless utterances of words that pervert the law and thwart justice.

## V. THE PLAINTIFF, LOUSHONDA MYERS, HAS THE GOD GIVEN RIGHT, AND AUTHORITY TO BRING AN ACTION ON BEHALF OF HER MINOR CHILDREN.

Rule 17(c)(1)(A) allows Loushonda Myers to bring an action on behalf of her minor children as their guardian, both legally and naturally through her inalienable rights. Loushonda Myers has the fundamental right to protect the interests of her children; and any law, statute, or rule that hinders that right is invalid. Moreover, pursuant to *Section 63-5-30 of the South Carolina Code of Laws*, "[t]he mother [is the] natural [guardian] of [her] minor children and [is] charged with the welfare and education of [her] minor children and the care and management of the estates of [her] minor children". In addition, Loushonda Myers is also a "next friend", and can act on behalf of "someone who is unable to tend to his or her own interest." *(Voss v. Neineber (C. C.) 68 F. 947; Blumenthal v. Craig (C. C. A.) 81 F. 320)*

Plaintiffs are appearing Pro Se and in Sui Juris, possessing all rights. Without compelling evidence, to suggest that another person is capable of pursuing the best interest of a child other than their natural parent is illogical. Loushonda Myers's natural and God given rights are to her children and for their protection, and best interest. Plaintiffs do not need to have representation by an attorney to bring suit. Obtaining an attorney would strip Plaintiffs of their God given rights

protected by the US Constitution.

Furthermore, Plaintiff, Loushonda Myers, sought out the help of attorneys, however no attorney has agreed to represent the Plaintiffs due to the individuals and entities involved. Besides, an attorney for the minor children will present a conflict of interest between the minor children, the Court, and the attorney. An attorney's first duty is to the courts and public, "not to the client" *(Corpus Juris Secundum, Vol. 7, Sec. 4)*. Loushonda Myers, who does not owe an allegiance to the Courts, is of sound mind and is not an infant or minor. She has the full capacity and authority to act on behalf, and in the best interest of her minor children. The Defendants are attempting to deprive the minors in this suit of their rights. The minor children's interests need to be preserved and protected. Plaintiff, Loushonda Myers, believes that if her minor children are stricken and made to wait until they become of full age, it would substantially hinder the minor children's rights. Evidence may be destroyed and/or lost, and the minors run the risk of being hindered by statutes of limitations. Pleadings have been signed by Loushonda Myers in her God given and sovereign capacity; and she should not be prevented from presenting a claim on behalf of her children simply because she does not possess a license to practice law, which is a right and not a privilege. "Woe unto you lawyers! for ye have taken away the key of knowledge: ye entered not in yourselves, and them that were entering in ye hindered." (Holy Bible, KJV, Luke 11:52)

## VI. THE DEFENDANTS CANNOT EXERCISE ANY PRIVILEGES AND/OR RIGHTS THAT THE SOVEREIGN CITIZENS DO NOT POSSESS.

Plaintiffs assert that their relief is requested due to substantive and fundamental violations of their inalienable rights. These rights were bestowed upon them by God, and those rights have been contractually protected by the United States Constitution. The State of North Carolina

acknowledges this in its Constitution, "We, the people of the State of North Carolina, grateful to Almighty God, the Sovereign Ruler of Nations, for the preservation of the American Union and the existence of our civil, political and religious liberties, and acknowledging our dependence upon Him for the continuance of those blessings to us and our posterity, do, for the more certain security thereof and for the better government of this State, ordain and establish this Constitution." *Article 1, Section 18* of its Constitution states, "All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay." Likewise it is written that "he that doeth wrong shall receive for the wrong which he hath done: and there is no respect of persons." *( Colossians 3:25 Holy Bible, KJV)*

In like manner, the State of North Carolina wants to pervert its Constitution and the Constitution of the United States in an effort to circumvent responsibility and accountability. Any State or department within a state or their officials that cannot responsibly handle the power or authority that has been granted to them through its citizens should relinquish its power. The governance of people requires moral and ethical behavior in order to be just and fair. A moral and ethical government would admit its wrong and promptly take accountability and responsibility for its actions. When it fails to do so, it is the responsibility of the citizens to step in and demand that it does. The State of North Carolina exists because of its people, not vice versa. Sovereign power in government is fictional, and incompatible with our Republic form of government. It opposes civil liberty and property rights. *(Gaines v. Buford, 31 Ky. (1 Dana) 481, 501)*

In the words of U.S. Supreme Court Justice Robert H. Jackson, "I do not understand the government to contend that it is any less bound by the obligation than a private individual would be..." "It is not the function of our government to keep the citizen from falling into error; it is the

function of the citizen to keep the government from falling into error." *(Perry v. United States,*

*204 U.S. 330, 358)*

## VII. JUDICIAL IMMUNITY AND PROSECUTORIAL IMMUNITY DO NOT APPLY TO ACTS OUTSIDE JURISDICTION AND ACTS IN VIOLATION OF A CITIZEN'S INALIENABLE, SUBSTANTIVE, AND FUNDAMENTAL RIGHTS.

Judicial and prosecutorial immunity are unlawful doctrines. They are not laws

enforceable through the US Constitution. It is erroneous and a miscarriage of justice to state that

any type of immunity is lawful for the government, its departments, employees, and likewise-

when it is not stated anywhere in the United States Constitution. Again, the doctrine of

sovereign immunity is void under the US Constitution. *Black's Law Dictionary* defines a

"doctrine" as "a principle... a legal principle that is widely adhered to". *(7th Ed.)* While a

principle can be a law, there is no law giving the government sovereign immunity. There is no

sovereign immunity for the government-state, local, or federal; and if there were, it would apply

equally to every citizen within the states of the United States. The same applies to absolute

immunity. The United States Constitution explicitly states, "No State shall make or enforce any

law which shall abridge the privileges or immunities of citizens of the United States; nor shall

any State deprive any person of life, liberty, or property, without due process of law; nor deny to

any person within its jurisdiction the equal protection of the laws." *( Fourteenth Amendment)* It

also states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny

or disparage others retained by the people." *(Ninth Amendment, US Constitution)* In fact the US

Constitution specifically states "immunity" twice, *Article IV, Section 2* and the *Fourteenth*

*Amendment Section 1*, and both protects the immunity of citizens, not the government. Therefore,

"judicial immunity is not a bar to relief against a judicial officer acting in her [his] judicial

capacity." ( *Pulliam v. Allen, 466 U.S. 522 (1984); 104 S. Ct. 1781, 1980, 1981, and 1985).*

## VIII. THE ELEVENTH AMENDMENT, CANNOT BE USED AS A DEFENSE TO BREAKING THE LAW.

The State of North Carolina, its agencies, agents, and officers have become law breakers. They cannot break the law and invent a shield of immunity as a defense. The mere fact that they have broken the law has stricken them of their alleged immunity and subjected them to the same punishments as would be any other citizen. The Defendants have implicitly consented to suit through their illicit actions. "Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperilled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means—to declare that the Government may commit crimes in order to secure the conviction of a private criminal—would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face." (*Olmstead v. United States, 277 U.S. 438 (1928) Dissenting opinion of Justice Louis D. Brandeis)*

Government exists because of the citizens. It is through the citizens that government obtain their power, so a government or its agents, departments, officials, and likewise cannot have or be given more power, authority, privileges and/or likewise than those that have conferred it its power. To argue otherwise is a direct contradiction to our Republican form of government, it

strips citizens of their power, and it is a perversion of the Constitution and an act of treason.

In the words of US Supreme Court Justice Douglas in his dissenting opinion, "Judges, like other people, can be tried, convicted and punished for crimes... The judicial power shall extend to all cases, in law and equity, arising under this Constitution". ( *Chandler v. Judicial Council of the 10th Circuit, 398 U.S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100).* "No man in this country is so high that he is above the law". "All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it". Moreover, the US Constitution is the supreme law of the land for "our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority which it gives." *( U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)).* Furthermore, when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution.... The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States". *( Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)).*


## IX. THE ELEVENTH AMENDMENT, DOES NOT BAR JURIES.

The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." There are two powers by which the courts rule: Judicial power and Jury power. The Seventh Amendment states, "...the right of trial by jury shall be preserved... ." Plaintiffs have demanded a jury trial on all issues. All power resides with the people, not with the courts, nor government.

Again, "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." *(Article VI, US Constitution).*

## X. THE FOURTEENTH AMENDMENT GUARANTEES EVERYONE EQUAL PROTECTIONS UNDER THE LAW.

Citizens are the sovereign and States nor governments can be given more rights, authority, protection, or privileges than the sovereign citizens. *Article IV Section 4 of the United States Constitution* guarantees a Republican form of government. This is government "by the people, for the people". Any other form of government is unlawful and violates the US Constitution. The Fourteenth Amendment was created to restore proper rights to all citizens. Equal protection under the law is not a privilege, but a right. This right has been bestowed upon us, the citizens, not by any government, but by our Creator - God. These inalienable rights cannot be waived, taken away, and/or perverted by any law, rule, and/or interpretation of the law.

Laws were created to ensure a moral society. What is more immoral than providing certain classes and/or titles of citizens more rights, power, protection, and/or privileges than another? We, the citizens of the United States, are all created equal and as such enjoy the rights, powers, protections, and/or privileges as the other. To withhold and/or restrict these substantive and fundamental God given rights from certain people while allowing others to enjoy them, is an act in violation of the Constitution. Accordingly, to give judges, prosecutors, officials, and/or agents of any government immunity without affording the same right to the people betrays the

26

US Constitution. *Article 1, Section 9, Clause 8 of the US Constitution*, expressly forbids titles of nobility. Likewise, by granting certain individuals within the United states immunity based on their profession, title, and/or duties is in fact creating a title of nobility with which they can enjoy more privileges and/or rights than that of others citizens. Again, *Article 1, Section 10, Clause 1*, states that no state shall grant any Title of Nobility.

To further emphasize, "No Title of Nobility shall be granted by the United States". Judges, prosecutors, governmental employees, divisions, and/or their agents cannot and shall not be granted any privileges above and beyond those of the sovereign citizens of the United States. There shall not be a separation of classes what so ever, especially based on one's chosen profession.

## XI. THE PLAINTIFFS'S COMPLAINT CANNOT BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiffs have brought their complaint Pro Se/Sui Juris. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers". *( Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240)*. Likewise, a Pro Se complaint "requires a less stringent reading than one drafted by a lawyer". *( Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA) )*. Furthermore, "the question presented by a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted." *(Zenobile v. McKecuen, 144 N.C. App. 104 (2001))*. Also, Plaintiffs assert that their complaint has given the Defendants sufficient notice as to the events that gave rise to the complaint. *(Dixon v. Stuart, 85 N.C. App. 338 (1987))*.

As for the North Carolina Court System, *Article IV of the North Carolina Constitution* governs the court system. *Section 13* states, " There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action, and in which there shall be a right to have issues of fact tried before a jury".

Plaintiff, Loushonda Myers, was brought up on criminal charges in which the State of North Carolina, and its agents and/or officials initiated. However, the State and its agents and/or officials failed to bring forth an injured party, and violated the *Federal Rules of Civil Procedure Rules of Evidence 602, 603, 608, and 802*. The State erroneously alleged that Ms. Myers committed offenses against all the people of North Carolina, and the Court System ( including the judges and prosecutors) continued the case knowing that they lacked jurisdiction, and were not in compliance with the laws of the land. Equally important, in accordance with their duties, the North Carolina Administrative Office of the Courts, failed in their duties in ensuring that the courts are adhering to the laws. *( Article IV, Section 15 NC Constitution)*. Then Governor, Beverly Perdue, was notified of the actions of the State and its officials, and under *Article Section 5, of the NC Constitution*, should have ensured "all laws [were being] faithfully executed".

Finally, Plaintiffs have listed the Johnston County Public Defender's Office, as well as the Office of Indigent Services as Defendants in this action. Plaintiff, Loushonda Myers, was appointed a public defender during her criminal trial, and also retained an attorney that also performs duties as a public defender. Plaintiff sought disciplinary actions against both attorneys prior to initiation of suit. And, Ms. Myers charges were in Johnston County to which Ms. Myers believed there to be a local office for indigent defense. Due to the fact that public defenders are

28

agents of the Office of Indigent services, and one of its responsibilities is "developing training, qualification, and performance standards to govern the provision of legal services to indigent persons", the above offices are rightfully named as a Defendant in this matter. Plaintiffs also incorporate the preceding paragraphs in regards to these agencies; the Office of Indigent Services and the Johnston County Public Defender's Office.

## A. SUBSTANTIVE PROCEDURAL VIOLATIONS

1. US Marshals illegally trespassed and searched Plaintiffs' property on several occasions prior to October 12, 2010. (Complaint, Item# 20; Ex. A-3 Item #2, Lines 1-4)

2. The initial traffic stop initiated by the US Marshals was an unlawful seizure. Plaintiff, Loushonda Myers, had committed no traffic violation to warrant a stop. Probable cause or reasonable suspicion must be determined from facts known at the time of stop, not the results after the stop. In Detective Allen's affidavit for a search warrant he stated "an unknown black female", and he goes on to state " a traffic stop was conducted..... the female operator was identified as Loushonda Roshelle Myers". (Exhibit A-3, Item #2) This information was then used by the US Marshals and Johnston County Sheriff Department. This tactic was utilized in an effort to circumvent the exclusionary rule on evidence that is illegally obtained, and to further the scheme that was concocted and manifested in Georgetown, South Carolina. *(Mapp v. Ohio 367 U.S. 643 (1961))* South Carolina was and still is attempting to manufacture evidence to facilitate their intricate plot.

3. Loushonda Myers was denied access to her home by the US Marshals and the Johnston County Sheriff Department (also referred to herein as JCSD). (Complaint, Item # 6 and 7; Ex. A-3 Item #2 Last Three Lines of Paragraph)

4. The Johnston County Sheriff Department failed to verify both NCIC reports; they failed to

obtain and verify arrest warrants for both of the alleged fugitives prior to submitting a sworn affidavit to a judge; and they omitted substantial, material fact in their sworn affidavit to the second judge (Ex. B1 and B-2; Ex. H-12, Lines 5 thru 25 and H-13 Lines 1 thru 8)

5. When Johnston County Sheriff Officer Billis/Gillis placed Loushonda Myers under arrest, Captain Fish took unlawful possession of Ms. Myers's vehicle, and drove it back to the residence with her minor children inside. All of this was executed without considering the safety of her children, and/or the risk of damage to her property. Additionally, he omitted these actions in his report. (Comp. Item # 9; Ex. C-1 and C-2).

6. Loushonda Myers's vehicle was both seized and searched. During the search, Plaintiff's vehicle was scratched and the interior sustained damage, including ripping up of the upholstery and ripping off the back of the seat. Loushonda Myers filed a police report with Deputy Tyler Rose of the Johnston County Sheriff Department at Doug's Towing Center detailing the fact that the Department failed to take reasonable care of the Plaintiff's property. Additionally, no notice was left to alert Loushonda Myers or her family of where her vehicle was towed. Upon her release she was delayed from retrieving her vehicle and incurred substantial costs. (Ex. O and KK)

7. At Loushonda Myers's bond hearing Johnston County Sheriff Officers were allowed to make false and/or defamatory statements to the judge, while Loushonda Myers was allowed no attorney for her defense of the allegations, and she was denied an opportunity to defend herself against the statements that were used in consideration of her bond amount. (Comp. Item # 11)

8. Johnston County Sheriff Department contacted the North Carolina Department of Revenue and informed them to initiate an unauthorized substance case against the Plaintiff. The Johnston County Sheriff Department turned over unlawfully seized money, and collectible coins and bills

belonging to the minor children. Thereby depriving the Plaintiffs of their property without due process. (Ex.GG-1) Additionally, during Ms. Myers's tax case, AT&T failed to respond to a lawfully executed subpoena. Plaintiff's tax case was dismissed shortly thereafter.

9. Both the JCSD and US Marshals conducted a search and seizure of minor child C.M.'s cellphone that was in his possession without obtaining a valid search warrant, or establishing probable cause.

10. The JCSD, Wake County Sheriff Department (also referred to herein as WCSD), and US Marshals participated in and used illegal cell phone tracking, blatantly disregarding Federal and State law procedures for obtaining the ability to conduct surveillance of that magnitude. Adren Harris, Johnston County assistant district attorney never denied its use, however, he confirmed that no one went through the proper procedures, and he never produced the documentation from its use. (Ex. H-14, Page 14, Lines 3 thru 20)

11. WCSD failed to turn over evidence of their participation in the events that transpired on October 12, 2010 during Ms. Myers' criminal procedures, which hindered and obstructed justice, as well as deprived her of Brady/Agurs material that she was entitled to. ( Ex. H-19, Page 19, Lines 2 thru 6).

12. The Johnston County Department of Social Services (herein also referred to as JCDSS) initiated a case against Loushonda Myers alleging three different reasons, with three different dates. At no time did Terrae Carmon or Kimberly Franklin, nor the JCDSS or the North Carolina Department of Social Services provide Loushonda Myers with the specific reason she was being threatened with the removal of her children, other than her incarceration. Pursuant to Section V. of the North Carolina Department of Health and Human Services Manual, (Loushonda Myers had the right to " know the allegations of abuse, neglect, or dependency reported" that initiated

Case 5:12-cv-00714-BO   Document 112   Filed 02/19/13   Page 31 of 48

the case. Plaintiff was never informed why her rights and those of her children were being violated. Vague general descriptions such as "neglect" were used. Not once did anyone inform Loushonda Myers of what actions were being alleged against her that surmounted to neglect. Furthermore, two of the complaints arose after Ms. Myers was released from the Johnston County Jail. The last report stated information that was available from the search warrants and maliciously accused plaintiff's oldest child of being a drug dealer. (Ex. T-1 thru T-9)

13. The North Carolina Department of Health and Human Services (herein also referred to as NCDHH) and the JCDSS were acting as a prosecutorial agency capable of bringing criminal charges against Plaintiff, Loushonda Myers, and failed to properly investigate and turn over materials essential to her defense, thereby denying the Plaintiffs due process. Ms. Myers has the right to know who initiated the complaint against her, as well as the actions that were alleged of her in these proceedings. Abrogating a person's substantive due process rights is not justifiable by stating that a reporting person may remain anonymous. Accordingly, N.C.G.S. §7B-301 does not "grant or even mention the right for the reporter to remain anonymous". *(North Carolina Department of Health and Human Services Manual)* An accused person has the right to confront their accuser and know the circumstances that gave rise to the allegations. *(Sixth Amendment)*

14. In addition, N.C.G.S. §7B-101 of The North Carolina Juvenile Code defines neglect as the following:

"Neglected Juvenile - A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is

Case 5:12-cv-00714-BO   Document 112   Filed 02/19/13   Page 32 of 48

relevant whether that juvenile lives in a home where another juvenile has died as a result of abuse or neglect or lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or by an adult who regularly lives in the home." The Defendants never raised an appropriate action against the Plaintiff, Loushonda Myers, until November 5, 2010; and at that time the information stated was similar to information provided from the law enforcement agencies that were involved in the investigation, search, and seizure of Loushonda Myers - which raises the issue of malice, intent, and conflict of interest. In addition, the Defendants committed fraud when they concealed material evidence, and presented themselves in a manner that suggested that they had legal authority to execute control over the Plaintiffs, and deprive them of their substantive and fundamental rights.

15. Pursuant to *42 USC § 14141*, "It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." The Defendants violated this code of law.

16. The NCDHHS, JCDSS, and its agents Kimberly Franklin and Terrae Carmon violated the Plaintiffs' First Amendment (Ms. Myers was denied the right to address her concerns about their involvement); Fourth Amendment (Minor children were seized, search, and interrogated without parent present or legal representation); Fifth Amendment ( legal representation was not provided for interrogation of minor children); Sixth Amendment ( Plaintiffs were not given the opportunity

**33**

to confront their accuser); Seventh Amendment (Loushonda Myers was tried, convicted, and sentenced by the JCDSS and the NCDHHS without being allowed her due process right to a jury trial); Eight Amendment (denial of inalienable rights to children, their upbringing, and privacy); Ninth Amendment (Plaintiffs have been denied inalienable rights including freedom from governmental intervention in their private family affairs); Thirteenth Amendment ( Ms. Myers was fraudulently lead to believe that she had to comply with certain requests in order to retain custody of her children, including a drug test) (Ex. P); and the Fourteenth Amendment (the actions of the Defendants diminished the Constitutionally protected guarantees for the Plaintiffs by depriving them of equal protection of the law, thereby making the Defendants' actions unlawful) rights. The aforementioned actions are not to be construed as all inclusive. Plaintiffs have been and currently is being denied material evidence concerning the involvement of the Defendants.

17. As shown in Item 1 and 9(a) in the Summary of Allegations, the act of perjury facilitates compounding crimes to be committed. It is agreeing to hamper the prosecution of an individual. The Defendants have taken oaths, an oath of allegiance to the US Constitution; an oath of office which also upholds the US Constitution; and an oath of calumny in applying for search warrants, and prosecuting an individual.

## B. SUBSTANTIVE VIOLATION OF EVIDENCE HANDLING PROCEDURES

1. Loushonda Myers's Blackberry cell phone was initially seized and searched by the US Marshals. The phone was then placed in the custody of the JCSD. (Ex. H-13, Lines 15 thru 25; E-14, Lines 1 and 2)

2. While the Plaintiff's phone was in the possession of the JCSD, the phone was damaged. (Ex. N)

3. Material evidence for the defense of Loushonda Myers was never turned over by the State of

North Carolina, Adren Harris, the US Marshals, JCSD, WCSD, NCDHHS, South Carolina, and

judge Thomas Lock turned over what he decided Ms. Myers was entitled to.


## C. JOINT/ SEPARATE CONTROLLING AGENCY AND LAWS

The Defendants have used the laws of South Carolina, North Carolina, and Federal laws

against the Plaintiffs. Plaintiffs would like to inquire as to which laws are being utilized? In

Exhibit B-2, Item #2 (first line), it states, "Information was received from law enforcement

sources in South Carolina". In Exhibits A-3 and B-2 items #3 (First line), it states, Deputy United

States Marshal Bryan Konig came to the Johnston County Sheriff's Office on October 12, 2010,

and met with Detective Kritch Allen and provided the above information to Detective Allen". So,

the events that manifested this suit began with South Carolina. Secondly, in Exhibit C-1(first

paragraph), it states "I (Captain A. C. Fish) assigned Johnston County Sheriff's Narcotic Agent

Kritch Allen to assist Marshall Konig". Paragraph 4 of the same page states, "I explained to her

( Loushonda Myers) that I did not know how they got their information but that they (US

Marshals) had a search warrant"; which would suggest that the US Marshals were the leading

agency. However, within the same exhibit (C-2, paragraph 1) Captain Fish states, "I advised

Agent Kritch Allen to apply for another search warrant". This, suggests that the JCSD was the

leading agency. Nevertheless, each party has violated the substantive rights of the Plaintiffs,

rather it was separately or collectively. Each entity and their agents took control at given times

and was in their full capacity. Ignorance of the law is not an excuse, and this leads to the next

matter.


## D. CONSPIRACY

Civil conspiracy is defined as an agreement between two or more persons to commit an unlawful act that causes damage to a person or property. *(Black's Law Dictionary, Pg. 305, 7th Ed.)* These Defendants have participated in an illicit act that caused damages to the Plaintiffs' property and persons; physically, mentally, financially, and socially. The conspiracy began with South Carolina and its law enforcement agencies. However, they were able to solicit North Carolina, its entities, and agents to facilitate the conspiracy; thus enhancing the group of conspirators, and compounding the damages done unto the Plaintiffs. The actions of these Defendants was also part of a chain conspiracy; a single conspiracy in which each person is responsible for a distinct act within the plan. *(Black's Law Dictionary, Pg. 305, 7th Ed.)*

To illustrate, South Carolina manufactured a fictitious drug gang to gain the assistance of the FBI in a murder investigation. (Ex. F-1 thru 3) Within that report it was stated that cellphone usage was the means of communications. So, South Carolina and its entities combined with North Carolina, its entities, and agents to use illegal cellphone tracking, which erroneously brought them to the home of Loushonda Myers. The first search warrant did not yield favorable results, so there was a need for a second one, this time for a different subject matter. Knowing that there was no probable cause, and that an unlawful means of tracking and surveillance was already conducted; the Defendants had to employ extensive, illicit measures in an effort to cover up their acts and omissions. JCSD omitted discovery materials (Ex. G-6); WCSD never produced any materials regarding their involvement; Adren Harris perjured himself regarding discovery (Ex. H-3, Line 6), probable cause, and the alleged reason for the US Marshals being at the Plaintiffs' residence (H-8, Lines 20 and 21; and H -10 & H-11, Lines 24 thru 25 and 1 thru 12); South Carolina US Marshals were involved, but no materials were provided (Ex. H-9, Lines 22 thru 24); and Susan Doyle refused to investigate a serious matter that was brought to her

attention, and which occurred under her direct supervision. The same applies to the State of North Carolina, it failed to act upon notification of significant Constitutional and Civil rights violations. ( Ex. U1-2; V; AA1-2) The State of North Carolina was aware, by and through its agents, that Plaintiffs' rights were being violated. ( Ex. H-22 thru 24, Lines 12 thru 16) Loushonda Myers clearly, openly, and emphatically expressed that her defense against the State of North Carolina was being hindered, obstructed, and/or restricted by the Defendants.(Ex. H-24, Lines 20-22)

All of the above brings in the charge of seditious conspiracy; a criminal conspiracy to oppose the authority or the execution of the laws of the United States government. As stated previously, the Unites States Constitution is the Supreme law of the land, and the acts and omissions of the Defendants is at odds with the authority and laws of the United States. For illustrative purposes, first, Loushonda Myers exercised the Plaintiffs' First Amendment rights and petitioned North Carolina to address the damages done to her and her family. The request was denied, and the North Carolina Industrial Commission dismissed her claim with prejudice due to the Defendants arguing that they were not a department or division of the State of North Carolina. (PP- 8, Lines 19-24) Second, the Ninth Amendment was opposed when North Carolina, its divisions, and law enforcement agencies sought to have Plaintiff's minor children taken from her. Third, Plaintiffs's Fourth Amendment rights, one of the most precious substantive rights, was maliciously opposed by South Carolina, North Carolina, the US Marshals (South Carolina and North Carolina), JCSD, Johnston County Department of Social Services, and the judges that issued the search warrants. Needless to say, the aforementioned examples do not include each circumstance, nor the number of times that the Plaintiffs were violated, and are continuing to be denied their rights. Thus, the actions of one individual or entity can constitute a

conspiracy so vast that each and everyone acting based upon the initial conspirators has committed an illegal act.

Above all, South Carolina probable cause, the NCIC report (Ex. D), substantiates Plaintiffs claims of a conspiracy, and the attempts to conceal a conspiracy. First, the FBI report (Ex. E-1 thru F-3) states violent gang associations; conspiracy; firearms offenses; burglary and robbery; drug offenses, and murder. Yet, the NCIC report, information that is maintained by the FBI and the Department of Justice, fails to state any of these offenses on the report provided. Second, the report provided was accessed on October 13, 2010, the day after the illicit arrest, search, and seizure of Loushonda Myers; which gave South Carolina, North Carolina, and the law enforcement agencies involved time to alter the information in the NCIC system. (Ex. NN-1 thru NN-2, Paragraphs 1 and 2; OO-1 thru OO-2, Paragraphs 3 thru 6 ) Third, in the statements of Captain Fish and Adren Harris (C-1, Paragraphs 1 and 2; H-8, Lines 20 thru 21), they state robbery, narcotics, murder, and that the alleged fugitives are to be considered armed and dangerous, however there is no corroboration of the accusations from the NCIC report provided; and the NCIC report provided is evidence against the Defendants in that the alleged allegations are not factual and were fabricated, misconstrued, altered, and/or misrepresented. Bear in mind, the NCIC report for Dameon Myers was never provided, proven, and/or verified. Not to mention the fact that a narcotics team was solicited for help with the alleged arrests of two alleged fugitives. As such, it is questionable whether the NCIC report provided for Tyre Myers is indeed accurate and/or valid. Finally, the FBI investigation was requested by Horry and Georgetown Counties, South Carolina due to their malice and vindictiveness; and their unscrupulous, unlawful behavior surrounding the murder investigation of Joey Pope. Subsequently, one of the assigned investigators, Ex-Special Agent Paul Gardner, became and presently is the Chief of

Police for the Georgetown City Police Department.

**E. THE DEFENDANTS HAVE CONSISTENTLY FAILED TO PROVIDE THE PLAINTIFFS, MATERIALS THEY HAD A RIGHT TO AND/OR WHAT WAS GRANTED TO THEM, AND ARE CONTINUING TO DO SO.**

1. Ms. Myers asserts that the criminal proceedings initiated against her were malicious and without just cause. However, Plaintiff endured the long, drawn out process and abided by the Court's direction at all times, including showing up in court.

2. Ms. Myers was granted additional discovery by Judge Paul Gessner, however Adren Harris and the law enforcement agencies involved failed to comply.

3. The North Carolina Department of Revenue unlawfully seized Plaintiffs' property, and Loushonda Myers fought legally in order to have the assessment dismissed, however she never received substantive discovery materials.

4. Plaintiffs had a hearing in the North Carolina Industrial Commission, several of the Defendants failed to show, however plaintiff was present and proceeded in the absence of those Defendants and was still denied.

5. Ms. Myers showed the proper courtesy and respect to assistant district attorney, Adren Harris, however he willfully and intentionally failed to return numerous phone calls and/or messages in regard to rescheduling a hearing regarding the Plaintiffs' property.

6. Ms. Myers has had her criminal case dismissed and she is still being denied property, evidence, and material that was seized from her and her children.

7. Before and during the investigation, arrest, search, and seizure of Loushonda Myers, the Defendants asserted under oath that they possessed various types of evidence. However, during the criminal procedures of the Plaintiff, the Defendants failed to produce substantive evidence,

materials, documents, papers, effects, and most importantly, probable cause.

## XII. DEFENDANTS' MOTION TO DISMISS AND STRIKE CANNOT SURVIVE.

The Defendants have presented a motion to dismiss and strike by and through their counsel. "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) .... Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss....." *(Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647)* Likewise, the Defendants motion to strike the minor children must also be dismissed.

"Pro se plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe pro se complaints liberally and to apply a more flexible standard in determining the sufficiency of a pro se complaint than they would in reviewing a pleading submitted by counsel. *(Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S.Ct. 173, 175-76, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (per curiam); Elliott v. Bronson, 872 F.2d20, 21 (2d Cir.1989) (per curiam)*. In order to justify the dismissal of a pro se complaint, it must be " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *(Haines v. Kerner, 404 U.S. at 521, 92 S.Ct. at 594 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957))". ( Platsky v. Central Intelligence Agency 953 F. 2d 26)* Furthermore, it would be erroneous to dismiss Plaintiffs' claims without giving notice of the deficiencies and providing an opportunity to amend the pleadings. *( Platsky v. Central Intelligence Agency 953 F. 2d 26)*

## A. SOVEREIGN PEOPLE OF THE REPUBLIC OF THE UNITED STATES

1. "The sovereignty of a state does not reside in the persons who fill the different departments of its government, but in the People, from whom the government emanated; and they may change it at their discretion. Sovereignty, then in this country, abides with the constituency, and not with the agent; and this remark is true, both in reference to the federal and state government."

Spooner v. McConnell, 22 F 939, 943

2. "... Our government is founded upon compact. Sovereignty was, and is, in the people"

Glass v. Sloop Betsey 1794 US Supreme Court

3. "People of a state are entitled to all rights which formerly belong to the King, by his prerogative."

Lansing v. Smith 1829 US Supreme Court

4. "The United States, as a whole, emanates from the people... The people, in their capacity as sovereigns, made and adopted the Constitution..."

4 Wheat 402 US Supreme Court

5. A county is a person in a legal sense, however a sovereign is not.

Lancaster Co. v. Trimble, 34 Neb. 752, 52 N.W. 711; but a ; In re Fox, 52 N.Y. 535, 11 Am.Rep. 751; U.S. v. Fox 94 U.S. 315, 24 L.Ed. 192 ....

Black's Law Dictionary, 4th Ed., p 1300

6. Since in common usage, the term `person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it."

US v. Fox 94 US 315

7. "In United States, sovereignty resides in people... the Congress cannot invoke the
sovereign power of the People to override their will as thus declared."

Perry v. US (294, US 330)

8. "While sovereign powers are delegated to ... the government, sovereignty itself remains
with the people.."

Yick Wo. v. Hopkins, 118 US 356, 370

9. "In common usage, the term 'person' does not include the sovereign, and statutes
employing the word are ordinarily construed to exclude it."

Wilson v. Omaha Indian Tribe 442 US 653, 667 (1979)

10. "Since in common usage the term `person' does not include the sovereign, statutes
employing that term are ordinarily construed to exclude it."

US v. Cooper, 312 US 600, 604, 61, S.CT. 742 (1941)


## XIII. PLAINTIFFS ARE NOT SEEKING ONLY MONETARY RELIEF.

Plaintiffs are seeking any and all remedies available to them by and through the Courts
for the wrongs that Defendants have committed, including but not limited to monetary,
equitable, cumulative, and alternative forms of relief. Plaintiffs seek permanent, prohibitory
injunctions. Plaintiffs are not only seeking relief for themselves, but also for society as a whole.
The Defendants should not be allowed to inflict harm, knowingly or unknowingly, on a certain
class of citizens. No one should have to experience the distressing ordeals that the Plaintiffs
have. No one should be subjected to the agonizing, unlawful damages that the Plaintiffs received.
The Defendants need to be restrained from performing any and all acts that interferes, restricts,

takes away or hinders the rights of citizens. In addition, proper training and a method of ensuring

that Constitutional guarantees are being upheld are being sought by the Plaintiffs. Plaintiffs are

seeking all remedies that the Court finds just and proper, including the restoration of property,

rights, and any and all rights in which Plaintiff, Loushonda Myers, was entitled to and never

received during her criminal proceedings.


## A. SPEEDY REMEDY

Plaintiffs are seeking relief in a manner that will prevent further substantial harm from

befalling upon them. Ms. Myers has been granted evidence that she has never obtained, and is

seeking any and all materials that has been previously denied or with held form her. In addition,

the judges have been subjected to a conflict of interest due to the acts and omissions of the

Defendants. Plaintiffs are seeking a fair and impartial proceeding for all parties involved, and in

the interest of justice.

## B. SUBSTITUTION AND INTERIM REMEDIES

Loushonda Myers asserts that she has been denied judgement for her cell phone and

accompanying records, and for every evidence that she has claimed she has the right to, but was

refused, obstructed, withheld, and/or denied by Defendants. Ms. Myers wants everything that she

has been granted by judge Paul Gessner, including evidence in the possession and control of all

participating agencies, and everything that she has a Constitutional, Civil, and/or inalienable

right to. To further illustrate, Plaintiffs are seeking the return of property that is currently in the

possession of any and all investigative agencies that belong to the Plaintiffs and/or which the

Plaintiffs have a substantive and fundamental right to; production of any and all material that

Plaintiff, Loushonda Myers, was granted and denied; and all materials, evidence, documents,

papers, and/or effects Plaintiff was denied and has a substantive right to, including materials in the possession of the NCDHHS and JCDSS. Plaintiffs are asking for any and all remedies and/or relief that is just.

## C. REMEDY OVER

Plaintiffs are seeking remedy through the right of indemnification and subrogation. The State of North Carolina is responsible for the acts and omissions committed by and through its departments, agencies, political subdivisions, and the like who have been permitted by and through the State of North Carolina's statutes, laws, and delegation of powers to enforce and/or carryout the duties and responsibilities of the State of North Carolina. The State of North Carolina has a responsibility and a duty to ensure that no entity, division, department, and/or their respective agents, operating within its borders and under its direction, commits any offense that would hinder, restrict, prohibit, and/or take away the rights of the sovereign citizens.

## D. REMEDIAL LAW

Plaintiffs are seeking laws to prevent the State of North Carolina, its departments, political divisions, agencies, and agents from using unconstitutional methods to circumvent taking responsibility for their actions and depriving citizens of their substantive rights. For example, the North Carolina Industrial Commission has created laws that override Judicial law. (Ex. PP-1 thru PP-15) Judicial law governs this country, and the State of North Carolina has circumvented the Judicial law of this country maintaining that it has no control or responsibility over its counties. (PP-10, Lines 9-25 and PP-11, Lines 1-24) If this is the case, the Federal government has the duty and responsibility to intervene. A citizen should not have to resort to the most drastic measures in order to obtain relief and/or rectify a wrong that has been committed against them by a state or it divisions, departments, agencies, and/or agents. Morally, ethically,

and lawfully the defendants have erred.

## ALTERNATIVE REMEDY

Plaintiffs are asking for specific damages and performance.

1. A written apology stating the reasons for the apology and detailing the acts and omissions that caused harm to the Plaintiffs.

2. Damages are being sought for the Plaintiffs' time spent fighting for their substantive, vested, and fundamental rights.

3. The Defendants appear to believe that is fair for an individual to be charged with criminal offenses, expend money towards the defense of charges, and spend years of mental anguish and torment, only to be told that that there is no relief. The Defendants appear to believe that it is fair for the minor children to have to experience years of mental anguish having to watch their mother go through this type of emotional turmoil, and for the children themselves to have to be deprived of time spent with their mother due to the defense of criminal charges, and researching and working on materials in an effort to seek justice. A simple "slap on the wrist" for these types of acts and omissions is unacceptable, the Defendants need to be punished in a manner that will make it clear and distinct that their actions are reprehensible, and must not occur again.

4. Plaintiff, Loushonda Myers, is also seeking damages for the lost of earning potential; monies spent for travel and legal expenses; damages for the destruction and/or loss of property, including rights and privileges. Plaintiffs are seeking damages for loss of inalienable, substantive, and fundamental rights and/or privileges.

## CONCLUSION

The State of North Carolina and its departments, agencies, agents, and likewise have

stripped Plaintiffs of their First Amendment right to petition the government for a redress of grievances. Even if this Court was to ignore all other facts and evidence, the Plaintiffs have already experienced substantial "irreparable injury". *( Elrod v. Burns, 427 U.S. 347; 6 S. Ct. 2673; 49 L. Ed. 2d (1976)).* The Defendants are asking this court to knowingly and willingly commit treason against our sacred instrument, the US Constitution, upon which we are guaranteed our freedoms, rights, and privileges. Wherefore, the Plaintiffs respectfully and humbly plead this Court to deny the Defendants' Motion, and grant the Plaintiffs' Motion.

Respectfully submitted this  13th  day of February, 2013.

Loushonda Myers
Sui Juris/Pro Se
Mother of Minor Plaintiffs
27 Wateree Trail
Georgetown, SC 29440
loushondamyers@yahoo.com
(843)527-2100

## CERTIFICATE OF SERVICE

I, Loushonda Myers, herby certify that a copy of the foregoing was served upon the following Defendants in the following manner:

**Grady L. Balentine, Jr.**
(Attorney for Defendants The State of North Carolina, Underwood, Hale, Stanley, Doyle, Harris, North Carolina Court System, Office of Indigent Services, Johnston County Public Defender's Office,and Johnston County District Attorney's Office)
**email: gbalentine@ncdoj.gov**

**David S. Mills**
(Attorney for Defendants Johnston County, Johnston County Department of Social Services,
Carmen Carrae, Kimberly Franklin, and unknown officers/agents of the JCDSS)
**email: david@mills-law.com**

**Brian P.D. Oten**
(Attorney for Defendants Bennet, Simeon, Silverstein, and "unknown agents of the North
Carolina Bar)
**email: boten@ncbar.gov**

**Grant S. Mitchell and Timothy C. Smith, Jr.**
(Attorneys for Defendants Bizzell, Fish, Allen, Pate, Creech, Canady, Case, Daughtry, Stewart,
Johnson, Billis/Gillis, and unknown officers/agents of the Johnston County Sheriff Department)
**email: grant.mitchell@mlg-mail.com and tim.smith@mlg-mail.com**

**Roger A. Askew and John A. Maxfield**
(Attorney for Defendants Donnie Harrison, unknown officers/agents of the Wake County Sheriff
Department, and Wake County)
**email: roger.askew@wakegov.com and jmaxfield@co.wake.nc.us**

**Charles J. Bridgmon**
(Attorney for Defendant Steven Walker and Walker Law Firm)
**email: cbridgmon@dmclaw.com**

**John P. O'Hale**
(Attorney for Defendants Aleta Ballard and Ballard Law Firm)
**knarron@nowlaw.com**

Respectfully submitted this 13th day of February, 2013.

*Loushonda Myers*
Loushonda Myers
Sui Juris/Pro Se
Mother of Minor Plaintiffs
27 Wateree Trail
Georgetown, SC 29440

47

loushondamyers@yahoo.com
(843)527-2100