IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-714-D

| | |
|---|---|
| LOUSHONDA MYERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On November 19, 2012, plaintiff Loushonda Myers filed this action on behalf of her self and her three minor children against the State of North Carolina; North Carolina State Bar; Johnston County; Johnston County Sheriff Department; North Carolina Department of Health and Human Services; Johnston County Department of Social Services; North Carolina Court System; Office of Indigent Services; Johnston County Public Defender's Office; Johnston County District Attorney Office; Wake County Sheriff Department; Krista L. Bennet; Fern Gunn Simeon; John Silverstein; unknown agents of the North Carolina State Bar; Sheriff Steve Bizzel; Captain A.C. Fish; Detective C.K. Allen; Detective Don Pate; Detective J. Creech; Detective J. Canady; Detective A. Case; Captain D. Daughtry; Lieutenant Stewart; Lieutenant Danny Johnson; Deputy Billis/Gillis; unknown officers and agents of the Johnston County Sheriff Department, Carmen Carrae, Kimberly Franklin, unknown officers and agents of the Johnston County Department of Social Services; Magistrate Keith Underwood; Magistrate/Judge Bethany Hale; Magistrate/Judge Walter Stanley; Susan Doyle; Adren Harris; Attorney Aleta Ballard; Attorney Steven Walker; Sheriff Donnie Harrison; unknown

officers/agents of the Wake County Sheriff Department; Ballard Law Firm, PLLC; Walker Law Firm, PLLC; Johnston County, North Carolina; North Carolina Court System; Office of Indigent Services; Johnston County Public Defender's Office; Johnston County District Attorney Office; and Wake County, North Carolina ("defendants")[D.E. 3]. Plaintiff appears pro se. On January 22, 2013, plaintiff filed a motion for electronic delivery of papers [D.E. 86]. Plaintiff seeks leave to serve defendants with pleadings and other papers electronically at the e-mail addresses of record. For the reasons stated, plaintiff's motion for electronic delivery of papers is denied [D.E. 86].

Local Civil Rule 5.1 addresses filing and service of papers in the Eastern District of North Carolina. Under this rule, "all documents submitted for filing shall be filed electronically using the Case Management/Electronic Case Filing system (CM/ECF)." Local Civil Rule 5.1(a)(1). However, documents filed by a pro se litigant are required to be filed in paper and are "excluded from electronic filing." Local Civil Rule 5.1(f). Accordingly, plaintiff is not permitted to file directly into CM/ECF any motions, replies, or other papers. The local rule further states that "[w]hen filed in paper form, the document . . . must be served upon opposing parties as provided in Fed. R. Civ. P. 5(b)." Id.

In general, pleadings, motions, responses, discovery paper, and other documents must be served on every party. See Fed. R. Civ. P. 5(a). If a person is represented by an attorney, service of the paper must be made on the attorney. See Fed. R. Civ. P. 5(b)(1). The rule lists several means of accomplishing service including handing the paper to the person, leaving the paper with a person in charge, or mailing the document. See Fed. R. Civ. P. 5(b)(2)(A)-(C). In addition, the rule allows a party to effect service of the papers by electronic means "if the person consented in writing" or by "any other means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E), (F). Plaintiff

2

failed to show that defendants consented in writing to service of papers by electronic or any other means. Thus, plaintiff must serve defendants with papers as otherwise provided under Rule 5(b) of the Federal Rules of Civil Procedure.

In sum, plaintiff's motion for electronic delivery of papers is denied [D.E. 86].

SO ORDERED. This 5th day of July 2013.

*Julie A. Richards*
Julie A. Richards, Clerk of Court