IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-714-D

| | |
|---|---|
| LOUSHONDA MYERS, individually and on behalf of her minor children C.M., A.M., and M.M., ) ) ) ) Plaintiffs, ) ) v. ) ) THE STATE OF NORTH CAROLINA, et al., ) ) ) ) Defendants. ) | **ORDER** |

On November 19, 2012, Loushonda Myers ("Myers"), who is proceeding pro se, filed suit seeking $25 million in damages on behalf of herself and her three minor children from 47 defendants. Myers's complaint is difficult to understand, but essentially she alleges a wide-ranging conspiracy including violations of federal law, state law, and her constitutional rights arising from a traffic stop, search of her home, and arrest on October 12, 2010. See Compl. [D.E. 3]. Defendants timely filed motions to strike and motions to dismiss [D.E. 35, 64, 78, 81, 99, 101, 115, 138, 140]. See Fed. R. Civ. P. 12(b)(6), (f). As explained below, the court grants defendants' motions to strike all references to Myers's minor children as parties, grants some defendants' motions to dismiss the complaint with prejudice, and grants other defendants' motions to dismiss the complaint without prejudice. Myers may file an amended complaint no later than September 3, 2013.

I.

First, the court addresses defendants' motions to strike all references to Myers's minor children as parties. Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading

. . . any redundant, immaterial, impertinent, or scandalous matter." Although granting a motion to strike is generally disfavored, the court has such discretion. See Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); F.D.I.C. v. Willetts, 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012). Non-attorney pro se plaintiffs may not litigate their minor children's claims. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). The policy animating the rule against allowing non-attorney pro se plaintiffs to litigate their children's claims is "based on protection of the legal interests of the minor and the impropriety of a person who is not a member of the bar representing another person in court proceedings." Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005); see Myers, 418 F.3d at 400.

On April 4, 2013, the court directed Myers to explain why she believes she may litigate on behalf of her minor children [D.E. 144]. On April 22, 2013, Myers responded [D.E. 153–54], but failed to rebut the Fourth Circuit precedent that non-attorney pro se plaintiffs may not litigate claims on behalf of their minor children. See Myers, 418 F.3d at 400; Oxendine, 509 F.2d at 1407.

Myers may not litigate her minor children's claims. Any reference to the children as parties is immaterial and impertinent. Accordingly, under Rule 12(f), the court strikes all references to the Myers's minor children as parties. See Myers, 418 F.3d at 400; see also Spears v. Liberty Life Assurance Co. of Bos., 885 F. Supp. 2d 546, 557 (D. Conn. 2012); Smith v. Jefferson Pilot Fin. Ins. Co., 367 F. Supp. 2d 839, 841–44 (M.D.N.C. 2005); Gourdine v. Ellis, 435 F. Supp. 882, 883–84 (D.S.C. 1977); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004). The children are no longer parties.

Next, the court addresses the defendants' motions to dismiss. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the

2

complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. In construing Myers's complaint, the court has considered her pro se status and held the complaint to a less-stringent standard than a pleading drafted by a lawyer. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). Nonetheless, Myers must comply with the Federal Rules of Civil Procedure. See id.; Iqbal, 556 U.S. at 678; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

Myers seeks only damages. Myers alleges a conspiracy against her under 42 U.S.C. § 1985. See id. ¶¶ 2, 27–31. A cause of action may exist under 42 U.S.C. § 1985 when two or more persons conspire to interfere with an individual's civil rights. To state a claim under section 1985, a claimant "must show an agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (quotation omitted). The Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy" and has "specifically rejected 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id.; Fox v. City of Greensboro, 807 F. Supp. 2d 476, 495–96, (M.D.N.C. 2011) (collecting cases); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 571–72 (E.D.N.C. 2009) (same). Here, Myers's section 1985 claim is merely conclusory and does not plausibly allege an actionable

3

section 1985 claim. Thus, the section 1985 claim fails and is dismissed.

Myers's complaint also mentions 42 U.S.C. § 1981. See Compl. ¶ 2. Section 1981 protects the right of individuals to make and enforce contracts without racial discrimination. To establish a claim under section 1981, a plaintiff must prove purposeful race discrimination in the making, performance, modification, or termination of a contract, or that affects enjoyment of the benefits, privileges, terms or conditions of a contractual relationship. See 42 U.S.C. § 1981(b); Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476–77 (2006); Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999); Cooper v. Brunswick Cnty. Sheriff's Dep't, 896 F. Supp. 2d 432, 443 n.5 (E.D.N.C. 2012). Myers's claims do not concern any contractual rights protected by section 1981. Thus, Myers's section 1981 claim fails and is dismissed. See McDonald, 546 U.S. at 476–77; Cooper, 896 F. Supp. 2d at 443 n.5.

Myers's complaint also asserts violations of her rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and various other federal laws pursuant to 42 U.S.C. § 1983. Compl. ¶ 2. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (quotations omitted). To state a claim under section 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

As for Myers's section 1983 claims against the state of North Carolina, North Carolina state agencies (including the North Carolina Court System, Office of Indigent Defense Services, and North Carolina Department of Health and Human Services), and North Carolina state officials acting

4

in an official capacity, the Eleventh Amendment bars suits against the state, absent consent or congressional abrogation. See U.S. Const. amend. XI; Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72–73 (2000); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974). "The Eleventh Amendment confirms that the fundamental principle of sovereign immunity limits the grant of judicial authority in [Article] III" of the Constitution. Green v. Mansour, 474 U.S. 64, 68 (1985) (quotation omitted). State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Will, 491 U.S. at 71; Edelman, 415 U.S. at 666–68; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479 (4th Cir. 2005). Myers has not plausibly alleged that North Carolina has consented to this suit for damages or that Congress has abrogated the state's immunity. See, e.g., Will, 491 U.S. at 67–68. Thus, the court grants defendants' motions to dismiss with prejudice as to the state of North Carolina, North Carolina state agencies, and North Carolina state officials acting in their official capacities. See U.S. Const. amend. XI.

As for Myers's section 1983 claims against her criminal defense attorneys, Steven Walker ("Walker") and Aleta Ballard ("Ballard"), and their law firms, Walker Law Firm, PLLC, and Ballard Law Firm, PLLC, see [D.E. 78–79, 81–82], a criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. Thus, defense attorneys are not amenable to suit under section 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 318–25 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Moreover, Myers has failed to plausibly allege that Walker and Ballard participated in any alleged conspiracy. See Dennis v. Sparks, 449 U.S. 24, 27–28 (1980); Stubbs v.

5

Hunter, 806 F. Supp. 81, 83 (D.S.C. 1992). Myers also cannot sue Walker's and Ballard's law firms under section 1983. See, e.g., Polk Cnty., 454 U.S. at 318–25. Thus, the court dismisses with prejudice Myers's claims against Walker, Ballard, and their law firms.

As for Myers's section 1983 claims against Krista Bennett, Fern Gunn Simeon, John Silverstein, and "unknown agents of the North Carolina State Bar" (collectively, "State Bar defendants"), see [D.E. 101–02], the North Carolina State Bar is an agency of the state of North Carolina. See N.C. Gen. Stat. § 84-15. Thus, the State Bar defendants are state officials and enjoy immunity for their actions taken in an official capacity. See Will, 491 U.S. at 71; see, e.g., Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006). As for Myers's section 1983 claims against the State Bar defendants in their individual capacities, the State Bar defendants enjoy prosecutorial immunity. Notably, Myers's claims against the State Bar defendants arise from their alleged failure to take disciplinary actions against her former attorneys. Prosecutors are absolutely immune from suits for money damages for actions in or connected with judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Nivens, 444 F.3d at 250. This prosecutorial immunity extends to state bar officials performing a disciplinary role. See, e.g., Green v. State Bar of Tex., 27 F.3d 1083, 1088 (5th Cir. 1994); Clulow v. Oklahoma, 700 F.2d 1291, 1298 (10th Cir. 1983), overruled on other grounds by Newcomb v. Ingle, 827 F.2d 675 (10th Cir. 1987); Simons v. Bellinger, 643 F.2d 774, 778–79 (D.C. Cir. 1980); cf. Ostrzenski v. Seigel, 177 F.3d 245, 248–49 (4th Cir. 1999) (recognizing absolute immunity for members of state medical disciplinary boards). Deciding whether to bring a disciplinary case against a lawyer is a core prosecutorial function protected by absolute immunity. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 272–73 (1993); Imbler, 424 U.S. at 424–26 & n.24. Absolute immunity protects the State Bar defendants from Myers's claims regarding their alleged failure to discipline her attorneys. Accordingly, the court grants the State Bar defendants' motion

6

to dismiss and dismisses these claims with prejudice.

As for the motion to dismiss of Magistrate Judge Keith Underwood, Magistrate Judge Bethany Hale, and Magistrate Judge Walter Stanley's (collectively, "judges") [D.E. 35–36], "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); see Rehlberg v. Paulk, 132 S. Ct. 1497, 1503 (2012). Judges enjoy absolute immunity except for actions taken outside of their judicial capacity or in the complete absence of jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 360 (1978); King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992). Myers's allegations regarding the judges involve issuing search warrants and setting bail. See Compl. ¶¶ 11, 24–25. When performing these core judicial functions, the judges were acting within their judicial capacities. See, e.g., King, 973 F.2d at 357. Thus, the judges enjoy judicial immunity and the court dismisses with prejudice Myers's claims against the judges.

As for Myers's section 1983 claims against the Johnston County Public Defender's Office, no such office exists. See [D.E. 36] 4; N.C. Gen. Stat. § 7A-498.7. Thus, Myers's claim against the Johnston County Public Defender's Office is dismissed with prejudice. Likewise, the Johnston County Sheriff's Department is not amenable to Myers's section 1983 claims and is dismissed. See, e.g., Hill v. Robeson Cnty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010); Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008).

Finally, as for the remaining defendants, Myers's claims against them are asserted in vague and confusing terms. As written, the allegations are not plausible. Under Federal Rule of Civil Procedure 12(e), a court may require a party to cure defects of a vague or ambiguous pleading to allow the opposing parties to frame responsive pleadings. Fed. R. Civ. P. 12(e). When a claimant's

7

pleading is impermissibly vague, "the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004). Thus, the court grants the remaining defendants' motions to dismiss without prejudice. Myers may file an amended complaint against one or more of the remaining defendants, but the amended complaint must identify a specific defendant or defendants as to each claim, state what the defendant or defendants allegedly did with respect to that claim, state whether Myers is suing the defendant in the defendant's official or individual capacity, and state why the defendant's alleged conduct as to each claim violated the law.

II.

In sum, the court GRANTS defendants' motions to strike [D.E. 81, 99, 101, 115] all references to Myers's minor children as parties. The children are no longer parties. The court GRANTS the motions to dismiss with prejudice as to defendants (1) the State of North Carolina, North Carolina Court System, Office of Indigent Defense Services, Keith Underwood, Bethany Hale, Walter Stanley, and Johnston County Public Defender's Office [D.E. 35], (2) the Johnston County Sheriff Department [D.E. 140], (3) Steven Walker and Walker Law Firm, PLLC [D.E. 78], (4) Aleta Ballard and Ballard Law Firm, PLLC [D.E. 81], (5) Krista Bennett, John Silverstein, Fern Gunn Simeon, and unknown agents of the North Carolina State Bar [D.E. 101], and (6) North Carolina Department of Health and Human Services [D.E. 115]. The claims against these defendants are DISMISSED with prejudice. As for the remaining defendants, the court GRANTS without prejudice their motions to dismiss [D.E. 35, 64, 99, 138]. Myers may file an amended complaint against these other defendants but any amended complaint must comply with this order and the Federal Rules of Civil Procedure. Myers may file such an amended complaint not later than September 3, 2013.

8

SO ORDERED. This 16 day of August 2013.

                                             JAMES C. DEVER III
                                             Chief United States District Judge