IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-714-D

LOUSHONDA MYERS, individually )
and on behalf of her minor children )
C.M., A.M., and M.M., )
)
)
               Plaintiffs, )
)
v. )        **ORDER**
)
THE STATE OF NORTH CAROLINA, )
et al., )
)
               Defendants. )

On August 22, 2013, Loushonda Myers filed a notice of appeal [D.E. 166] concerning this court's order of August 16, 2013. See [D.E. 164]. In that order, the court dismissed Myers's minor children as plaintiffs and dismissed Myers's claims against certain defendants. See id. The court also gave Myers leave to file an amended complaint. Id.

On August 29, 2013, Myers filed a motion to stay the order of August 16, 2013, pending her interlocutory appeal. See [D.E. 172]. The court has jurisdiction to consider the motion. See Wolfe v. Clarke, 718 F.3d 277, 281 n.3 (4th Cir. 2013). The court grants Myers's motion to stay [D.E. 172] pending her interlocutory appeal. She need not file an amended complaint until the United States Court of Appeals for the Fourth Circuit resolves her interlocutory appeal.

On August 30, 2013, defendants Steven Walker and Walker Law Firm, PLLC (collectively, "Walker defendants") moved for a certification pursuant to Federal Rule of Civil Procedure 54(b). Pursuant to Rule 54(b), the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Fed. R. Civ. P. 54(b). Rule 54(b) certification "is recognized as the exception rather than the norm" and "must be reserved for the unusual case in which the costs and risks of multiplying the proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for early and separate judgment as to some claims or parties." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993); see Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10–11 (1980). The party moving for Rule 54(b) certification has the burden of showing that certification is warranted. See Braswell Shipyards, 2 F.3d at 1335. The Walker defendants have not shown that Rule 54(b) certification is warranted. They have not shown a "pressing need" for early and separate judgment, and the interest of efficient judicial administration would best be served by allowing the resolution of all pending claims before an appeal is taken. Thus, the motion is denied.

In sum, the court GRANTS Myers's motion to stay [D.E. 172] and DENIES the Walker defendants' motion for Rule 54(b) certification [D.E. 171].

SO ORDERED. This 1 day of October 2013.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:12-cv-00714-BO Document 177 Filed 10/01/13 Page 2 of 2