IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:12-CV-714-BO

| | |
|---|---|
| LOUSHONDA MYERS, ET AL., <br><br>　　　　　　　　　　　Plaintiffs, <br><br> v. <br><br> AT&T, INC., AT&T MOBILITY LLC, UNKNOWN AGENTS/EMPLOYEES OF AT&T, INC., <br><br>　　　　　　　　　　　Defendants. | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AT&T INC., AT&T MOBILITY LLC, AND UNKNOWN AGENTS/EMPLOYEES OF AT&T INC. and AT&T MOBILITY LLC'S MOTION TO DISMISS |

Defendants AT&T Inc., AT&T Mobility LLC, and Unknown Agents/Employees of AT&T, Inc. and AT&T Mobility LLC (hereafter "AT&T defendants"), by and through their undersigned counsel and pursuant to Local Civil Rule 7.2, hereby submit this memorandum of law in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

Plaintiffs filed their Complaint pro se on November 19, 2012 alleging various causes of action against multiple defendants. [D.E.3]. By order dated August 16, 2013, the Honorable Chief Judge James C. Dever III dismissed the majority of the named defendants from this lawsuit with prejudice and further held that Plaintiffs may filed an amended complaint against one or more of the remaining defendants. [D.E.164]. In allowing Plaintiffs to refile, the Court required that the amended complaint identify a specific defendant as to each claim, state what the defendant allegedly did with respect to that claim, state whether Myers is suing the defendant in the defendant's official or individual capacity, and state why the defendant's alleged conduct as to each claim violated the law. [D.E.164].

On February 10, 2014, the Honorable Chief Judge James C. Dever III ordered that Plaintiffs had until March 30, 2014 to file an amended complaint against the defendants who had been dismissed without prejudice. [D.E.168]. On March 31, 2014, Plaintiffs filed an amended complaint arising out of the same transactions set forth in the initial complaint. *See* Amended Compl. [D.E.189]. The Amended Complaint alleged substantially the same causes of action against the remaining defendants: law enforcement violated Plaintiffs' civil rights. In addition, the Amended Complaint added AT&T Inc., AT&T Mobility LLC, and Unknown Agents/Employees of AT&T, Inc. and AT&T Mobility LLC as defendants for the first time in this lawsuit.

## STATEMENT OF FACTS

Plaintiff initially filed this action against the State of North Carolina, the North Carolina Court System, the North Carolina Department of Health and Human Services, the Johnston County Public Defender's Office, the Johnson County Sheriff's Department, the North Carolina State Bar, and several magistrates, among others. *See* Compl. The thrust of her Complaint was that she was the victim of law enforcement and judicial corruption, and that all parties were engaged in a conspiracy to injure her and her family. As part of her initial Complaint, she alleged that law enforcement used illegal cell phone tracking, tracing, and pinging to track her on October 12, 2010. *See* Compl. para 2; para. 21.

On August 16, 2013, the Honorable Chief Judge James C. Dever III dismissed all of Plaintiffs' claims against law enforcement, the judicial system, and several other defendants with prejudice. With regard to the remaining defendants, the Court held that Plaintiffs' claims were "asserted in vague and confusing terms" and "not plausible" as they were written. Order, p. 7. Plaintiffs were then ordered to file an amended complaint against the remaining defendants on or before March 30, 2014. Plaintiffs missed this deadline.

00453R.00004 - Doc. No. 86

Case 5:12-cv-00714-BO   Document 222   Filed 08/26/14   Page 2 of 9

On March 31, 2014, Plaintiffs filed an amended complaint. In addition to re-asserting claims against the initial defendants, Plaintiffs' Amended Complaint added several new defendants, including "unknown officers/employees of the Johnston County Sheriff's Office," BB&T Corporation, and the AT&T Defendants. The only wrong allegedly committed by the AT&T defendants, repeated throughout the Amended Complaint, is that the AT&T defendants provided cellular phone tracking, tracing, and/or surveillance to law enforcement on and around October 12, 2010. *See* Amended Compl. This is the same allegation of wrongdoing previously made against the law enforcement parties which were previously dismissed.

During the pendency of this litigation, Loushonda Myers additionally filed *Loushonda Myers, et. al v. AT&T Corporation, et. al*, in the United States District Court for the District of South Carolina, Charleston Division, 2:13 CV-1432-RMG-BM, on May 28, 2013. Like the instant case, this action alleged that the AT&T Defendants provided illegal tap, trace, tracking, and/or surveillance to law enforcement on October 12, 2010. Adopting the recommendation of the Magistrate, the Court did not authorize service of the South Carolina complaint on the basis that the allegations were "convoluted, wide ranging, general and conclusory, lacking in specifics, and generally lacking reference(s) to any particular Defendant (other than in some limited circumstances)." The AT&T defendants are now asking the Court to dismiss this action.

## ARGUMENT

A. Plaintiffs' Amended Complaint does not meet the requirements of Rule 12(b)(6).

The issue on a motion to dismiss under Rule 12(b)(6) is whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677-78. In considering the plausibility of a complaint,

this Court only needs to consider factual allegations and need not consider unsupported legal conclusions. *Id.* at 678. The plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility requires "factual content" that "allows the court to draw the reasonable inference that the defendant is liable." *Nemet Chevrolet, Ltd. v. Consumeraffiars.com*, 591 F.3d 250, 256 (4th Cir. 2009)(*citing Iqbal*, 129 S. Ct. at 1952). Unwarranted inferences, unreasonable conclusions, and arguments are not considered. *Id.*, 591 F.3d at 255.

No specific factual allegations or actions are set forth against it which could have plausibly caused harm to the Plaintiffs or the deprivation of their rights. The AT&T defendants, without disclosing any information regarding the existence of any alleged phone tracing,[1] would have – at most – provided information to law enforcement on October 21, 2010 pursuant to court order. Plaintiffs conclusorily allege that such action is illegal. It is not. *See, e.g.*, 18 U.S. Code § 2511; S.C. § 17-30-25; N.C.G.S. § 15A-261 (exceptions allow telephone service providers to listen to or monitor telephone calls when they are directed to do so by law enforcement). This Court has already dismissed the action against the law enforcement agencies and their allegedly unlawful phone monitoring. Plaintiffs now seek recovery from the AT&T defendants on the same grounds after having failed to previously assert such claims. The complaint against the above-referenced Defendant should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) in that Plaintiffs have failed to state a claim for which relief can be granted.

B. The AT&T defendants are excepted from liability.

N.C.G.S.§15A-264 expressly provides that there is no cause of action against a telecommunications provider giving information or assistance to law enforcement. South

---

[1] N.C.G.S. § 15A-263(d), S.C. 17-19-40(d), and Section 3123(d) of Title 18 all mandate the nondisclosure of the existence of a pen register or trap and trace device. Such an order is ex parte, sealed, and cannot be disclosed without the court's order. *Id.*

Carolina has an identical statute. *See* S.C. §17-29-50. N.C.G.S.§15A-264 provides, in pertinent part:

> (d) No Cause of Action Against a Provider Giving Information or Assistance Under this Article.--No cause of action shall be allowed in any court against any provider of a wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order under this Article.
>
> (e) Defense.--A good faith reliance on a court order or a statutory authorization is a complete defense against any civil or criminal action brought under this Article or any other law.

Plaintiffs' Amended Complaint does not reveal where the alleged cell phone tracking, tracing, and pinging took place on October 12, 2010, but the Amended Complaint does claim that the AT&T defendants provided such tracking to law enforcement. These law enforcement parties have been dismissed, and now Plaintiffs seek recovery in excess of $25 million against the AT&T defendants. The relevant law provides the AT&T defendants with a complete defense and no cause of action may be asserted against them for the conduct alleged in this lawsuit.

C. Plaintiffs' Amended Complaint violates the order of this Court.

When the Honorable Chief Judge James C. Dever III dismissed the majority of the named defendants from this lawsuit with prejudice, he further ordered that Plaintiffs "may filed an amended complaint against one or more of *the remaining defendants*, but the amended complaint must identify a specific defendant or defendants as to each claim, state what the defendant or defendants allegedly did with respect to that claim, state whether Myers is suing the defendant in the defendant's official or individual capacity, *and state why the defendant's alleged conduct as to each claim violated the law.*" Order, p. 8. Emphasis added. After Plaintiffs' appeal ran its course, the Court ordered that Plaintiffs had until March 30, 2014 to file an amended complaint against the remaining defendants in this action.

Plaintiffs' Amended Complaint is defective for two reasons: (i) it was filed late, and (ii) it does not meet the specificity requirements ordered by the Court. Rather than reassert specific claims against the remaining defendants, Plaintiffs added the AT&T defendants as new defendants and attempted to reassert the same vague claims which were previously dismissed. A review of the Amended Complaint reveals thirteen claims for relief alleging violations of laws ranging from 18 USC § 1962 to the Universal Declaration of Human Rights. *See* Amended Compl. The only substantive allegation which could give rise to any of these claims is the contention that the AT&T defendants provided cellular phone tracking, tracing, and/or surveillance on and around October 12, 2010. Plaintiffs do not state how AT&T's alleged conduct violated the law as to each claim. Dismissal is therefore appropriate.

D. Plaintiffs' Complaint against the AT&T defendants is barred by the statute of limitations.

Plaintiffs seek monetary recovery for personal injury. Although Plaintiffs initiated this lawsuit in 2012, Plaintiffs did not file their Amended Complaint against the AT&T defendants until March 31, 2014 – more than three years after the October 12, 2010 action which allegedly gives rise to recovery against the AT&T defendants. Of the claims which are actionable, almost all are subject to a three year statute of limitations. *See, e.g.*, N.C.G.S. § 1-52. Plaintiffs' civil RICO claim has a four year statute of limitations, but this claim is implausible and inadequately pleaded. *See Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987)(statute of limitations). In any event, Plaintiffs fail to state what the AT&T defendants allegedly did with respect to that claim such that they may have violated 18 USC 1962(c).

## CONCLUSION

Plaintiff attempts to bring numerous causes of action against the AT&T defendants for allegedly providing wire tapping and tracing services to law enforcement on or around October 12, 2010. The Amended Complaint is barred by the Court's prior order, the allegations of the

Amended Complaint fail to allege sufficient facts to state a claim, and the AT&T defendants cannot be held liable as a matter of law for the alleged wrong committed.

For these reasons, the AT&T defendants respectfully request that this Court dismiss this action against these defendants in its entirety.

This the 26th day of August, 2014.

                By:    /s/ James R. Baker
                      James R. Baker (NC Bar #38009)
                      Kristie H. Farwell (NC Bar #31577)
                      Hedrick Gardner Kincheloe & Garofalo, LLP
                      4011 Westchase Boulevard, Suite 300
                      Raleigh, NC 27607
                      Phone: (919) 832-9424
                      Fax: (919) 832-9425
                      Email: jbaker@hedrickgardner.com
                      State Bar No. 38009

                      *Attorneys for Defendants AT&T Inc., AT&T Mobility LLC, and Unknown Agents/Employees of AT&T Inc. and AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 26, 2014, I electronically filed the foregoing MEMORANDUM OF LAW and, I hereby further certify that I served this document electronically pursuant to Local Civil Rule 5.1(b) upon all registered users of CM/ECF; and upon all other non-registered parties or attorneys pursuant to Rule 5 of the Federal Rules of Civil Procedure by depositing a copy in the care and custody of the United States Postal Service with proper postage affixed thereon this 4th day of August 2014, and addressed as follows:

SERVED VIA US MAIL UPON:

Loushonda Myers
27 Wateree Trail
Georgetown, South Carolina 29440

          By:    /s/ James R. Baker
                  James R. Baker (NC Bar #38009)
                  Kristie H. Farwell (NC Bar #31577)
                  Hedrick Gardner Kincheloe & Garofalo, LLP
                  4011 Westchase Boulevard, Suite 300
                  Raleigh, NC 27607
                  Phone: (919) 832-9424
                  Fax: (919) 832-9425
                  Email: jbaker@hedrickgardner.com
                  State Bar No. 38009

                  *Attorneys for Defendants AT&T Inc., AT&T Mobility LLC, and Unknown Agents/Employees of AT&T Inc. and AT&T Mobility LLC*