IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-714-BO

| | |
|---|---|
| LOUSHONDA MYERS, TYRE MYERS, And DAMEON MYERS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) **ORDER** |
| AT&T, INC, et al., | ) ) ) |
| Defendants. | ) ) |

This matter is before the Court on plaintiffs' motion to correct clerical mistake [DE 194], plaintiffs' motion for a more definite statement [DE 195], defendant AT&T Inc.'s motion to dismiss [DE 221], defendant Branch Banking and Trust's motion to strike and to dismiss [DE 225], defendant United States Marshal, Bryan Konig's, motion to dismiss [DE 234], plaintiff's motions to deny motions to dismiss [DE 237 & 238], plaintiffs' motions for oral hearing [DE 239 & 240], plaintiffs' ex parte motion [DE 241], plaintiffs' motion for joinder [DE 242], plaintiffs' motion for extension of time [DE 243], and plaintiff's motion for assistance of counsel [DE 246]. Each of these motions is ripe for adjudication. For the reasons stated herein, defendants' motions are GRANTED and plaintiffs' motions are DENIED.

## BACKGROUND

Plaintiffs filed their complaint *pro se* on November 19, 2012, alleging various violations of federal law, state law, and plaintiffs' constitutional rights against 47 defendants. [DE 3]. Chief United States District Judge Dever originally had this case and entered an order on August 16, 2013 which dismissed plaintiffs' claims against many of the defendants and allowed plaintiffs to

file an amended complaint. [DE 164]. The matter has since been transferred to the undersigned. On March 31, 2014, plaintiffs filed an amended complaint in which they added several new defendants. [DE 189]. The amended complaint alleges violations of the Fourth Amendment, 18 U.S.C. § 1962, and 42 U.S.C. §§ 1983 and 1985, in addition to claims of false imprisonment, emotional distress, loss of consortium, loss, deprivation, and destruction of property, malicious prosecution, fraud, and treason. Plaintiffs have separated their complaint into the following counts: (1) Violations of 18 U.S.C. §§ 1962(c), 1951, 1341, 1443, 1344, and 1512, and N.C. Gen. Stat. §§ 14-118.4, 87, and 87.1; (2) Violations of 18 U.S.C. § 1962(d); (3) Violations of 42 U.S.C. §§ 1985(2), 1985(3), and 1983; (4) Violations of N.C. Gen. Stat. §§ 14-39, 31, 43.3, 43.11, 51, 51.2, 87, 113.31, 370, 118.4, 221.1, 225, 230, and 231; (5) Violations of the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments and various treaties; (6) False imprisonment; (7) Emotional distress; (8) Loss of Consortium; (9) Loss, deprivation, and destruction of property; (10) Malicious Prosecution; (11) Fraud; (12) Loss of Earning Capacity; and (13) Treason.

## DISCUSSION

I. MOTIONS TO DISMISS.

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements

2

of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

    A.    Branch Banking and Trust's Motion and Plaintiffs' Related Motion.

Defendant Branch Banking and Trust ("BB&T") moves to strike from the pleadings all mention of Tyre Myers, Dameon Myers, and the minor children as parties and to dismiss all claims against BB&T.

Federal Rule of Civil Procedure 11(a) provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Here, only one plaintiff, Loushonda Myers, signed the complaint as *pro se* plaintiff, not in any representative capacity. A non-attorney *pro se* litigant may not litigate other parties' rights. *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others."). There is no indication in the complaint that Tyre or Dameon Myers have consented to this action. Furthermore, non-attorney parents may not litigate their minor children's claims. *Id.* at 401 (explaining "non-attorney parents generally may not litigate the claims of their minor children in federal court"). Accordingly the amended complaint is not in conformity with the requirements of Rule 11 and any mention of plaintiffs Tyre and Dameon Myers and minor children is properly stricken and their claims, if any are dismissed.[1] Further, Chief Judge Dever already addressed the issue of plaintiff Loushonda Myers's

---

[1] Because the Court has now struck the references to plaintiffs other than Loushonda Myers, the Court will only reference Loushonda Myers as "plaintiff" in discussing the remaining matters before it.

3

representation of her minor children and struck any reference to the minor children as parties. [DE 164 at 2]. This Court finds no reason to disturb the Chief Judge's ruling despite its application to the original complaint rather than the amended complaint.

Defendant BB&T also argues that the amended complaint fails to state a claim and must be dismissed in its entirety. The Court agrees. Plaintiff fails to plead any facts that would allow for a reasonable inference that BB&T is liable for any alleged misconduct.

1. Plaintiff's first and second claims.

Plaintiff's first and second claims for relief relate to plaintiff's various theories of conspiracy under RICO statutes. The RICO statutes "create civil liability for those who engage in a "pattern of racketeering activity." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing 18 U.S.C. § 1962). Plaintiff alleges that BB&T and other defendants engaged in racketeering activity including extortion, robbery with a firearm, bank and wire fraud, and tampering with a witness. [DE 189 at ¶¶ 138–88]. Plaintiff makes no specific allegations of any unlawful activity committed by BB&T. Plaintiff's claims under the RICO statutes are therefore factually insufficient and fail to state facts which "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554. Thus, plaintiff's first and second claims must be dismissed.

2. Plaintiff's third claim.

In her third claim for relief, plaintiff alleges a conspiracy under 42 U.S.C. § 1985. [DE 189 at ¶¶ 189–91]. Under § 1985, "a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimants constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a § 1985 conspiracy," and has "specifically rejected section

4

1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* Here, plaintiff's § 1985 claim is conclusory and fails to allege any supporting facts and therefore must be dismissed.

Likewise "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, plaintiff purports to claim violations under 42 U.S.C. §1983. However, "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, it is unclear what violations plaintiff alleges in her § 1983 claim. Regardless, the claim must fail as BB&T is not a government entity and was not acting under the color of state law. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) ("[M]erely private conduct, no matter how discriminatory or wrongful[,] fails to qualify as state action."). Therefore, plaintiff's claims for relief under §§ 1985 and 1983 have not stated a claim to relief that "is plausible on its face" and must be dismissed. *Iqbal*, 556 U.S. at 678.

### 3. Plaintiff's fifth claim.

Plaintiff's fifth claim for relief alleges violations of her rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments and various treaties. All of these claims fail to state a claim for which relief may be granted. The protections of the Fourth Amendment "protects the sanctity of the person against unreasonable intrusions on the part of all government agents." *Sibron v. New York*, 392 U.S. 40, 65–66 (1968); *see also Honeycutt v. Aetna Ins. Co.*, 510 F.2d 340, 348 (7th Cir. 1975) (explaining that the protections of the Fourth Amendment protects "against unlawful searches and seizures and applies only to governmental

5

action. As BB&T is not a government agent the Fourth Amendment does not restrict any action by BB&T. Additionally, Plaintiff fails to even mention BB&T in their claims for violation of the Fifth, Sixth, Seventh, Eighth, Ninth and Fourteenth Amendments and various treaties. [DE 189 at ¶¶ 217–32]. Therefore plaintiff's fifth claim fails and must be dismissed.

### 4. Plaintiff's sixth through thirteenth claims.

Plaintiff fails to plead any facts or even mention BB&T in her sixth, seventh, eighth, ninth, tenth, twelfth, and thirteenth claims for relief. Plaintiff's eleventh claim for relief claims BB&T "committed fraud whether in action or by silence where there was a duty to speak." [DE 189 at ¶ 245]. A review of the facts pleaded in support of these claims, even taken as true, reveals BB&T had no connection to and took no part in the conduct described in the claims. Plaintiff has failed to plead any of the facts beyond the speculative level. Any attempt by plaintiff to incorporate BB&T into these claims is factually insufficient. Plaintiff has failed to plead "sufficient factual matter . . . to 'state a claim for relief that is plausible on its face'" against BB&T and therefore BB&T must be dismissed as a defendant to this action. *Iqbal*, 556 U.S. at 678.

### 5. Plaintiff's motion to deny BB&T's motion.

Plaintiff offers no argument in her motion [DE 237] other than to say that she has in fact pleaded sufficient facts to survive BB&T's motion to dismiss. In light of the Court's findings above, that is clearly not the case and plaintiff's motion to deny BB&T's motion to dismiss and to strike is denied.

### B.  AT&T, Inc.'s Motion.

Defendants AT&T, Inc., AT&T Mobility LLC, and Unknown Agents/Employees of AT&T, Inc. ("AT&T defendants") have also moved to dismiss plaintiff's claims against them for

6

Case 5:12-cv-00714-BO   Document 248   Filed 12/02/14   Page 6 of 15

failure state a claim under FED. R. CIV. P. 12(b)(6). [DE 221]. Here, plaintiff has filed to set forth specific factual allegations or actions against these defendants. These defendants would have at most provided information to law enforcement on October 12, 2010 pursuant to court order which is not illegal. *See e.g.*, 18 U.S.C. § 2511; N.C. Gen. Stat. § 15A-261 (exceptions allow telephone service providers to listen to or monitor telephone calls when they are directed to do so by law enforcement.). Chief Judge Dever has already dismissed the action against the law enforcement agencies and their allegedly unlawful phone monitoring. [DE 164]. Plaintiff now seeks recovery from the AT&T defendants on the same grounds after having failed to previously assert such claims.

Further, the AT&T defendants are excepted from liability under state law. North Carolina law expressly provides that there is no cause of action against a telecommunications provider giving information or assistance to law enforcement. N.C. Gen. Stat. § 15A-264. South Carolina has an identical statute. S.C. § 17-29-50. Plaintiff's amended complaint does not reveal where the alleged cell phone tracking, tracing, and pinging took place on October 12, 2010, but the amended complaint does claim that the AT&T defendants provided such tracking to law enforcement. The relevant law provides the AT&T defendants with a complete defense and no cause of action may be asserted against them for the conduct alleged in this lawsuit. For these reasons, plaintiff's claims against the AT&T defendants are properly dismissed.

Plaintiff offers no argument in her motion [DE 238] to deny AT&T's motion other than to say that she has in fact pleaded sufficient facts to survive the motion to dismiss. In light of the Court's findings above, that is clearly not the case and plaintiff's motion to deny AT&T's motion to dismiss and to strike is denied.

7

C.  Marshal Konig's Motion.

Defendant Marshal Konig has also moved to dismiss plaintiff's claims against him for failure state a claim under FED. R. CIV. P. 12(b)(6). [DE 234].[2]

1. Claims 6–12.

The Federal Tort Claims Act ("FTCA") creates a remedy against the United States Government for certain personal injuries and property damage caused by government employees in the course and scope of their official duties. At the same time the FTCA waives the government's sovereign immunity for these types of claims, it grants absolute immunity from liability to the government employees themselves, with two limited exceptions. 28 U.S.C.§ 2679(b)(1), (2). Specifically, the official immunity doctrine does not extend to a civil action against an employee of the Government (A) which is brought for violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized. 28 U.S.C. § 2679(b)(2).

Claims 6 through 12 of plaintiff's complaint all attempt to state causes of action arising under the common law of torts. These claims do not fall within one of the exceptions listed in § 2679(b)(2), and thus Marshal Konig enjoys absolute official immunity from those claims under § 2679(b)(1). *See United States v. Smith*, 499 U.S. 161, 163 (1991). Therefore the tort claims against Konig must be dismissed. Similarly, the Court *sua sponte* finds that the claims must be dismissed against the similarly situated "unknown agents" as they too have absolute immunity from these claims.

---

[2] The United States Attorney's Office which represents Marshal Konig in this matter informs the Court that its motion to dismiss cannot be brought on behalf of the "unknown agents" since DOJ representation cannot be authorized on behalf of a John Doe defendant. However, the USAO suggests that the same arguments it forwards in regards to Marshal Konig would apply equally to these defendants. Accordingly, the Court will consider the arguments in light of the "unknown agents" *sua sponte*.

8

### 2. Claims 4 and 13 (State Criminal Statutes and Treason).

Claim 4 of plaintiff's complaint attempts to state causes of action arising under various provisions of the North Carolina criminal code. Therefore the state law portions of claim 4 also fail against Marshal Konig and the "unknown agents" pursuant to 28 U.S.C. § 2679(b)(1). *See supra* Part I.C.1.

Claim 13 asserts a claim for treason. The Fourth Circuit has specifically held that no private right of action may be implied for treason. *Rodriguez v. Doe*, 549 F. App'x 141, 146 (4th Cir. 2013). Accordingly claim 13 must also be dismissed against Konig and the "unknown agents."

### 3. Claim 4 (Violations of the United States Constitution).

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), the Supreme Court recognized an implied cause of action for money damages against federal officers for alleged violations of the Fourth Amendment protection against unreasonable searches and seizures. The Supreme Court has extended the *Bivens* remedy to alleged violations of the Fifth Amendment due process right and Eighth Amendment's prohibition against cruel and unusual punishment, but has resisted extending it into other new contexts. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66–68 (2001).

Because *Bivens* is a judicially created remedy with no express limitations period, the Fourth Circuit has held that courts should apply the statute of limitation governing personal injury claims in the state where the claim accrued. *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999). In North Carolina, the applicable limitation is three years. N.C. Gen. Stat. § 1-52(5) (stating that an action must be brought "[w]ithin three years . . . for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated").

9

Case 5:12-cv-00714-BO   Document 248   Filed 12/02/14   Page 9 of 15

It is clear from plaintiff's complaint that all of the allegations pertaining to Konig and the "unknown agents" relate to events which took place on October 12, 2010. [DE 189 at ¶¶ 84-98]. This conclusion is further confirmed by the voluminous exhibits attached to the complaint all of which mention only October 12, 2010 in connection with Konig and the "unknown agents." [DE 189-2, 189-7, 189-8]. Any cause of action plaintiff possesses against Konig and the "unknown agents" for conducting an unlawful investigative stop and/or entry into her home therefore accrued on that date. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 182–83 (4th Cir. 1996) (cause of action for warrantless arrest or detention accrues on date of seizure); *Cramer v. Crutchfield,* 648 F.2d 943, 945 (4th Cir. 1981) (cause of action for illegal search accrues on date of search). Thus, the limitations period during which plaintiff could have filed a *Bivens* complaint expired on October 12, 2013. The amended complaint, the first in this case naming Konig and the "unknown agents" was not filed until March 31, 2014. Therefore these claims are barred by the applicable statute of limitation unless the claims "relate back" to the filing of her original complaint pursuant to FED. R. CIV. P. 15(c).

Under Rule 15(c), an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading only if "the new party . . . received adequate notice within the limitations period and suffer[s] no prejudice in its defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007). Fourth Circuit precedent suggests that "adequate notice" is achieved when there is either actual notice (e.g., service of the complaint on the party to be added), *see Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010), or where there is commonality of counsel, an identity of interests, and/or a close relationship (e.g., parent-subsidiary) between the original defendant and the new defendant, *see Goodman*, 494 F.3d at 473–75.

10

Here Konig did not receive formal notice of the lawsuit until he was served with the complaint and summons on or about July 17, 2014 [DE 204], well after the limitation period expired. Furthermore, none of the factors identified in *Goodman* that would justify an inference of adequate constructive notice are present here. It would seem that there is no possible way for "unknown agents" to receive constructive notice as there are unnamed. Accordingly, plaintiff's *Bivens* claim is barred by the statute of limitations and must be dismissed as to Konig and the "unknown agents."

4. Claim 3 (violations of 42 U.S.C. §§ 1983 & 1985).

Like *Bivens* claims, claims brought under 42 U.S.C. §§ 1983 and 1985 are subject to North Carolina's three-year statute of limitation for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *McCausland v. Mason Cnty. Bd. of Ed.*, 649 F.2d 278 (4th Cir. 1981); *McHam v. N.C. Mut. Life Ins. Co.*, 2007 WL 1695914, at *2 (M.D.N.C. June 11, 2007). Accordingly claim 3 is time-barred as to Konig and the "unknown agents" and must be dismissed. *See supra* Part I.C.3.

5. Claims 1 and 2 (violations of RICO).

Claims 1 and 2 of plaintiff's complaint are the only claims not barred by the statute of limitation, however, they fail for the more fundamental reason that RICO is simply not the appropriate vehicle for bringing claims against law enforcement officials discharging their public duties, as this Court has recently recognized. *See Johnson v. Pope*, 2013 WL 6500752 (E.D.N.C. Dec. 11, 2013).

The essential elements of a federal RICO cause of action are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "In addition, the plaintiff only has standing if . . . he has been injured

in his business or property by the conduct constituting the violation." *Id.* In this case, plaintiff's complaint fails to allege any plausible facts to support any of these elements.

Plaintiff fails to satisfy the first conduct element where, as here, "the conduct [plaintiff] complains of is legitimate law enforcement activity carried out in the course of the officers' employment." *Kahre v. Damm*, 342 F. App'x 267, 268 (9th Cir. 2009). Similarly, the second enterprise element is not satisfied by "the cooperation between [a] federal agenc[y] and local police in a [criminal] investigation." *Id.* This failure is enough to doom plaintiff's first and second claims for relief against both Konig and the "unknown agents."

As plaintiff has no surviving claims against Konig and the "unknown agents, both must be dismissed from this action.

II.   REMAINING MOTIONS.

Plaintiff has filed several various motions which the Court now addresses.

    A.    Motion for Extension of Time.

Plaintiff requests additional time to respond to Marshal Konig's motion to dismiss. [DE 243]. Plaintiff offers no good cause for an extension of time and the Court finds that an extension of time is not justified here. Additionally, the Court has considered the motion of Marshal Konig and finds that no argument by plaintiff could counter the correct arguments contained therein. Accordingly, the Court denies plaintiff's motion for extension of time.

    B.    Motion to Correct Clerical Mistake.

Plaintiff moves the Court to allow her to correct her amended complaint by adding her address, telephone number and e-mail address underneath her signature. [DE 194]. The Court denies the motion as it is unnecessary. No party has moved to disqualify plaintiff's amended

12

complaint on the grounds of this matter and the correct information for plaintiff is found throughout the record.

        C.        Motion for a More Definite Statement.

Plaintiff has moved for a more definite statement to various individual's defendants' answer to the amended complaint [DE 193]. [DE 195]. The Court notes that a notice of deficiency was entered on April 30, 2014, and defendants were instructed to file a motion to dismiss separate and apart from their answer. Accordingly, there is nothing that plaintiff needs to respond to at this time and her motion is DENIED.

        D.        Motions for Oral Hearings.

Plaintiff filed two motions for oral hearings [DE 239 & 240] regarding BB&T's motion to dismiss and AT&T, Inc.'s motion to dismiss. However, both are simply the response briefs directed towards the respective motions with the phrase "oral hearing demanded" on the first page. As the Court has already considered and granted both of the pertinent motions to dismiss, the Court also denies her motions for oral hearings.

        E.        Ex Parte Motion.

Plaintiff filed an ex parte motion that "respectfully demands the immediate issue of a court order to compel the production of substantive, discoverable materials, documents, and/or proofs. [DE 241 at 1]. This motion is premature. Discovery has not yet started in this matter and a Rule 26(f) conference has not taken place. Accordingly, plaintiff's motion is denied. It is also unclear to the Court why plaintiff wishes to have this motion sealed. Plaintiff does not explain her request and offers no justifiable reason for this motion (which is better viewed as a motion to compel) to be sealed. Accordingly, the Court directs the Clerk to enter DE 241 on the docket publicly without seal.

13

F.  Motion for Joinder/Adding Additional Defendant.

Plaintiff moves the Court to allow her to add an additional defendant to this matter. She filed the motion with the Court on October 24, 2014, approximately 7 months after filing her amended complaint. Plaintiff appears to want to subject the additional proposed defendant to all of her claims. The proposed defendant was a Johnston County assistant district attorney and plaintiff alleges that he lied to a court about the use of cell phone tracking in relation to plaintiff. Plaintiff has not sufficiently shown cause to convince the Court that adding an additional defendant at this juncture would be prudent. Further it appears that plaintiff is attempting to sue a prosecutor for his actions in or connected with a judicial proceeding. Prosecutors are absolutely immune from such a suit. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006). Accordingly petitioner's addition of this defendant would be futile and her request is properly denied.

G.  Motion for Assistance of Counsel.

There is no constitutional right to counsel in civil cases absent "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation omitted). Further, as a threshold matter it is not proper to appoint counsel unless the plaintiff's case appears likely to be one of substance. *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

Here, the Court is aware of no facts that make this case one of "exceptional circumstances." As such, it is proper to deny the plaintiff's motion for appointment of counsel.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are GRANTED. Defendants BB&T, AT&T, Inc., AT&T Mobility LLC, Unknown Agents/Employees of AT&T, Inc., United States Marshal Konig, and the unknown agents/employees of the United States Marshal Office in North and South Carolina are DISMISSED WITH PREJUDICE from this action. Any reference to Tyre Myers, Dameon Myers, and minor children as plaintiffs to this action is STRICKEN. Plaintiff's motions are DENIED. This matter may proceed in its entirety.

SO ORDERED.

This the 2 day of December, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE