IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-714-BO

| | |
|---|---|
| LOUSHONDA MYERS, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | RESPONSE IN OPPOSITION TO |
| v. ) | PLAINTIFF'S MOTION FOR COURT |
| ) | ORDER, AND MOTION TO QUASH |
| THE STATE OF NORTH CAROLINA, ET ) | SUBPOENA |
| AL., ) | |
| ) | |
| Defendants. ) | |

The United States Marshals Service ("USMS"), by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to Plaintiff's motion for court order [DE-264], and moves to quash the subpoena directed to it by Plaintiff. In support thereof, USMS shows unto the Court as follows:

BACKGROUND

This case involves a civil rights complaint in which Plaintiff claims, among other things, that various law enforcement officers violated her Fourth Amendment rights during the execution of a search warrant at her residence on October 12, 2010, in an effort to apprehend two fugitives from justice, Tyre and Dameon Myers. Plaintiff's version of that day's events is contained primarily in paragraphs 84 through 91 of Plaintiff's amended complaint [DE-189], and includes an allegation that some sort of cellular phone tracking was used to

pinpoint the fugitives' whereabouts (paragraph 107). A marijuana grow operation was observed in plain sight during the initial search of the house, and following the execution of a second search warrant for narcotics, Plaintiff was arrested. Ultimately, neither fugitive was located during the search of the residence; however, a surveillance team physically observed a man matching the description of Tyre Myers on the back porch of the residence just hours before the search, and men's clothes had been left behind in the master bedroom. (Am. Compl., Exh. 17 & 19) [DE-189-18, DE-189-20]. Upon information and belief, Plaintiff is the wife of Tyre Myers, who remains a fugitive from justice to this day.

Deputy U.S. Marshal Bryan Konig, who leads the Violent Fugitive Task Force for the USMS in the Eastern District of North Carolina, was named as a defendant in Plaintiff's amended complaint. This Court dismissed all claims against Deputy Konig by Order dated December 2, 2014 [DE-248]. Therefore, neither Deputy Konig nor the USMS were parties to this action at the time Plaintiff's subpoena (Exh. 1) was received or compliance was required.

On March 31, 2015, the USMS mailed Plaintiff a letter (Exh. 2) explaining to her that no final decision could be made regarding whether to furnish documents requested in the subpoena until she complied with the applicable Touhy regulations. Plaintiff responded to the USMS by letter dated April 8, 2015. (Exh. 3) However,

Plaintiff's letter still fails to comply with applicable regulations, and therefore her subpoena should be quashed.

ARGUMENT

Third-party subpoenas directed to officers or agencies of the United States Department of Justice are governed by the Touhy regulations codified at 28 C.F.R. §§ 16.21 et seq.[1] Where government records are sought pursuant to a subpoena duces tecum, disclosure is prohibited without prior approval by an appropriate DOJ official, and the requesting litigant must provide "a summary of the information sought and its relevance to the proceeding" prior to any decision on the request. 28 C.F.R. § 16.22(a), (d). Following receipt of the summary, DOJ must evaluate the substance and scope of the request in light of DOJ guidelines for release of such information (28 C.F.R. § 16.24(a) and (b)); and consider whether or not disclosure of information is appropriate under various factors listed in 28 C.F.R. § 16.26(a) and (b).

---

[1] The Supreme Court upheld a predecessor of the regulations involved in this case in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). The Court ordered the release from jail of a special agent of the F.B.I. who had been incarcerated on contempt charges. Id. at 470. The agent was subpoenaed to produce investigatory information in a federal habeas corpus proceeding to support an Illinois inmate's contention that his conviction was brought about by fraud. Id. at 464-65. The agent requested instructions from his superiors, and was jailed for contempt of court when he declined to produce the files on orders from the Attorney General. Id. at 465. The Supreme Court noted that employees of the Department of Justice have no discretion to honor subpoenas for official information and that they are bound to follow the lawful orders of the Attorney General. Id. at 467.

The purpose of these regulations is to preserve a claim of privilege for assertion by the Attorney General. <u>United States v. Reynolds</u>, 345 U.S. 1, 6-7 (1953). The information sought by subpoena of the USMS in this case is by law in the custody of the Attorney General. <u>Ex parte Sackett</u>, 74 F.2d 922, 924 (9th Cir. 1935). When a subpoena seeks disclosure of privileged information, the Attorney General as department head (or his designee) is the only officer who may assert claims of privilege against disclosure, and only after consideration of each document or area of testimony subpoenaed. <u>Reynolds</u>, 345 U.S. at 7-8.

Plaintiff's only known efforts to-date to comply with the <u>Touhy</u> regulations are found in her April 8, 2015 letter (Exh. 3). In that document, Plaintiff simply recounts what happened to her and then baldly asserts that she has "a substantive Right to any and all information" relating to these events because it is "directly related to the damages I incurred and the claims that I have asserted."

Plaintiff fails to describe how each or any of the 14 items listed in the subpoena (Exh. 1) are at all relevant to the specific claims asserted and relief sought in this case, as required by 28 C.F.R. § 16.22(d).[2] For this reason alone, Plaintiff's motion to compel must be denied and the subpoena that was directed to the USMS quashed.

---

[2] Furthermore, as Deputy Konig observed in his motion to dismiss [DE-235] n.5 (which Plaintiff completely misconstrues as an admission), even assuming the truth of

4

Furthermore, without predetermining what action the Department of Justice would take in response to a valid and sufficient Touhy request, it should be noted that a majority of the documents Plaintiff requests do not appear to be documents of the United States government. This is apparent from the face of Plaintiff's complaint and the exhibits thereto, which indicate that all information upon which the USMS Fugitive Task Force acted was provided by law enforcement sources in South Carolina, while the search warrants for Plaintiff's residence themselves were obtained by local North Carolina law enforcement authorities and not USMS. (See Am. Compl., Exh. 17 & 18) [DE# 189-18, 189-19]. Furthermore, to the extent that USMS may have documents or information related to particular law enforcement techniques and practices, or information as to whether any such techniques or practices were used during the fugitive investigation of the Myers brothers, it would appear that this information would be subject to a valid claim of privilege under 28 C.F.R. § 16.26(b)(5), particularly in light of the fact that this criminal investigation is ongoing and Tyre Myers remains a fugitive from justice to this day.

---

Plaintiff's contention that some form of electronic surveillance was used to ascertain the whereabouts of the Myers brothers fugitives through the tracing of their cellular telephone, this does not implicate any privacy interest of Plaintiff's and thus it would not appear that this information is at all relevant to whatever claims she may be entitled to pursue under 42 U.S.C. § 1983.

5

CONCLUSION

For the reasons set forth above, the United States requests that Plaintiff's motion to compel be denied and the subpoena issued to Deputy Konig be quashed.

Respectfully submitted, this 12th day of May, 2015.

> THOMAS G. WALKER
> United States Attorney
>
> BY:   /s/ Matthew L. Fesak
>       MATTHEW L. FESAK
> Attorney for the United States
> Assistant United States Attorney
> Civil Division
> 310 New Bern Avenue
> Suite 800 Federal Building
> Raleigh, NC 27601-1461
> Telephone: (919) 856-4530
> Facsimile: (919)856-4821
> Email: matthew.fesak@usdoj.gov
> N.C. Bar No. 35276
> Attorney for US Marshals Service

CERTIFICATE OF SERVICE

I do hereby certify that I have this 12th day of May, 2015 served a copy of the foregoing upon the below-listed parties by electronically filing the foregoing with the Court on this date using the CM/ECF system or by placing a copy in the U.S. Mail.

Loushonda Myers
27 Wateree Trail
Georgetown, SC 29440

Grant S. Mitchell
The Mitchell Law Group
225 Green St., Suite 1100
Fayetteville, NC 28301
Email: grant.mitchell@mlg-mail.com

Timothy C. Smith , Jr.
Yarborough, Winters & Neville, P.A.
115 E. Russell St.
Fayetteville, NC 28301
Email: timsmith@ywnlaw.com

/s/ Matthew L. Fesak
MATTHEW L. FESAK
Assistant United States Attorney
Civil Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919)856-4821
Email: matthew.fesak@usdoj.gov
N.C. Bar No. 35276
Attorney for US Marshals Service

7