IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00714-BO

| | |
|---|---|
| LOUSHONDA MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| AT&T, INC., et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for court order [DE-264] and motion to compel [DE-270], AT&T Inc. and AT&T Mobility LLC's (collectively, "AT&T") objection and motion to quash [DE-271], and the United States Marshals Service's ("USMS") objection and motion to quash [DE-276]. For the reasons stated below, Plaintiff's motions are denied and AT&T's and the USMS's motions are allowed.

## I. BACKGROUND

Plaintiff Loushonda Myers, proceeding *pro se* and *in forma pauperis*, initially filed a complaint on behalf of herself and her three minor children, asserting claims against 47 defendants under state and federal law based on alleged violations of Plaintiff's and her children's constitutional rights. Compl. [DE-3]; Aug. 16, 2013 Order [DE-164] at 1; Dec. 2, 2014 Order [DE-248] at 1. Plaintiff alleged "a wide-ranging conspiracy . . . arising from a traffic stop, search of her home, and arrest on October 12, 2010." Aug. 16, 2013 Order [DE-164] at 1 (citing Compl. [DE-3]). Plaintiff's October 12 encounter with law enforcement was the result of an attempt by the USMS, aided by Johnston County Sheriff's Department officers (the "JCSD Defendants"), to apprehend fugitives

Tyre Myers and Dameon Myers, whom the USMS believed were in Plaintiff's residence. Compl. [DE-3] ¶¶ 5, 29. Several Defendants filed motions to strike and motions to dismiss, all of which were granted (although some without prejudice), Plaintiff's minor children were removed as parties, and Plaintiff was allowed to file an amended complaint. Aug. 16, 2013 Order [DE-164]. Plaintiff filed a notice of interlocutory appeal [DE-166], which was dismissed [DE-179].

On March 31, 2014, Plaintiff filed a 104-page amended complaint (accompanied by 75 exhibits), on behalf of herself, her minor children, and Tyre Myers and Dameon Myers, against numerous Defendants, including AT&T, agents of the USMS, and the JCSD Defendants [DE-189 to -191]. Plaintiff again alleged violations of federal and state law, including a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), based on the events of October 12, 2010. *Id.* On March 14, 2014, the JCSD Defendants filed an answer to the amended complaint. [DE-193]. Several Defendants, including AT&T and Deputy United States Marshal Brian Konig ("Deputy Konig"), filed motions to dismiss, which were allowed. Dec. 2, 2014 Order [DE-248]. Plaintiff's minor children and Tyre and Dameon Myers were again removed as plaintiffs. *Id.* Additionally, Plaintiff sought discovery from AT&T and Deputy Konig regarding alleged "cellular phone tracking, tracing, and/or surveillance that was performed on and/or around October 12, 2010 . . . ." [DE-241]. The court denied the motion as premature. Dec. 2, 2014 Order [DE-248] at 13.

On January 8, 2015, Plaintiff filed a motion to compel the USMS and the FBI to comply with subpoenas. [DE-256]. The motion was denied without prejudice for several reasons, including failure to serve the motion on the respondents (non-parties) and to include the subpoenas Plaintiff was seeking to enforce. [DE-262]. The remaining parties to this action, Plaintiff and the JCSD Defendants each submitted proposed discovery plans [DE-258, -259], and on February 5, 2015, the

2

court entered a scheduling order setting a discovery deadline of July 31, 2015, and a dispositive motions deadline of August 31, 2015. [DE-260]. On March 6, 2015, Plaintiff filed a motion for court order, seeking to enforce subpoenas directed to AT&T and the USMS to produce "any court orders, warrants, and/or likewise for the use of cellular tracking, tracing, surveillance and/or the use of any electronic monitoring." [DE-264]. Plaintiff also subsequently filed two sets of documents in support of her motion. [DE-265, -266]. The court ordered the motion served on counsel for the USMS and directed a response be filed. [DE-268]. On April 23, 2015, Plaintiff filed a motion for extension of time to file an amended complaint, join parties and otherwise pursue and obtain substantive discovery materials [DE-269], and a motion to compel South Carolina Law Enforcement Division, City of Georgetown, Johnston County Department of Social Services, AT&T, the USMS, the FBI, and the Georgetown County Solicitor's Office (all non-parties) to comply with subpoenas [DE-270]. On April 24, 2015, AT&T responded to Plaintiff's motion for court order and moved to quash the subpoena directed to AT&T. [DE-271]. Plaintiff responded to AT&T's motion [DE-272], and AT&T filed a reply [DE-277]. On May 6, 2015, the Johnston County Department of Social Services filed an objection to Plaintiff's motion to compel [DE-273], and Plaintiff filed a reply [DE-282]. On May 12, 2015, the USMS responded to Plaintiff's motion for court order and moved to quash the subpoena directed to the USMS [DE-276], to which Plaintiff responded [DE-283].

## II. DISCUSSION

### A. Plaintiff's Motion for Court Order [DE-264], AT&T's Motion to Quash [DE-271], and USMS's Motion to Quash [DE-276]

Plaintiff moves the court to compel AT&T and the USMS to comply with subpoenas seeking production of "any court orders, warrants, and/or likewise for the use of cellular tracking, tracing,

surveillance and/or the use of any electronic monitoring."[1] Pl.'s Mot. [DE-264] at 1. In support of her motion, Plaintiff asserts that she believes tracking or some other form of surveillance was conducted on her phone and utilized when USMS agents and JCSD officers executed two search warrants at her home seeking two fugitives, after which Plaintiff was arrested, searched, and confined in the Johnston County jail. *Id.* Plaintiff further asserts that she requested this information in a state court criminal case in which she was a defendant, but that the district attorney denied on the record the use of any such electronic surveillance. *Id.* at 2. Plaintiff now contends Deputy Konig admitted that tracking or surveillance was used in the memorandum in support of Deputy Konig's motion to dismiss.[2] *Id.* Plaintiff argues that the alleged tracking violated her constitutional rights and undermines the validity of the search warrants executed at her home. *Id.* 2-3.

AT&T objects to the motion for court order and moves to quash the subpoena directed to AT&T. AT&T's Mot. [DE-271]. AT&T contends the subpoena commands production of

---

[1] Plaintiff's subpoena to Konig is not limited to documents related to the use of cellular tracking, tracing, surveillance or any electronic monitoring. *See* Attachment to Subpoena [DE-265-3]. However, the court will limit its discussion to the topic specifically raised in Plaintiff's motion, i.e., the cellular tracking. *See* Pl.'s Mot. [DE-264].

[2] The purported admission is found in the footnote, which is provided below in the context of the statement to which it pertains:

> While Plaintiff's complaint contains conclusory allegations that the electronic surveillance constituted an illegal search without lawful process, she alleges no facts in support of this assertion and her conclusions are not entitled to a presumption of truth.[5] *See Vitol, S.A. v. Primerose Shipping Co. Ltd.*, 708 F.3d 527, 547 (4th Cir. 2013).
>
> > [5] Additionally, Plaintiff would lack standing to assert a claim for a violation of the Fourth Amendment as to the alleged electronic surveillance insofar as it was a phone known to be used by and under the control of Tyre Myers that was being tracked. *Cf. Casella v. Borders*, 404 F. App'x 800 (4th Cir. 2010).

Mem. in Support of Konig's Mot. to Dismiss [DE-235] at 15, n.5.

documents that are either not in existence, not in AT&T's possession or control, and are privileged, protected, or not subject to disclosure, and to which no exception applies under Rule 45. *Id.* at 3-5. AT&T also contends the subpoena was not properly served, is overly broad, and did not allow a reasonable time for response. *Id.* at 5; *see also* AT&T's Reply [DE-277]. Plaintiff disputes AT&T's contentions and asserts she is entitled to the subpoenaed documents. Pl.'s Resp. [DE-272].

The USMS objects to the motion for court order and moves to quash the subpoena directed to the USMS. USMS's Mot. [DE-276]. The USMS contends Plaintiff has failed to comply with the *Touhy* regulations codified at 28 C.F.R. §§ 16.21 *et seq.* that govern the disclosure of government records pursuant to a subpoena duces tecum, Plaintiff seeks documents not in the possession of the government, and the documents appear subject to a claim of privilege under 28 U.S.C. § 16.26(b)(5), where Tyre Myers remains a fugitive from justice and is the subject of an ongoing criminal investigation. *Id.* at 3. Plaintiff disputes the USMS's contentions and asserts she is entitled to the subpoenaed documents. Pl.'s Resp. [DE-283].

Subpoenas issued to third parties are governed by Rule 45 of the Federal Rules of Civil Procedure. "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45[(d)](3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45[(d)](2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)). "As provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection." *See* Fed. R. Civ. P. 34(c).

"Rule 45 adopts the standard codified in Rule 26." *Schaaf*, 233 F.R.D. at 453. Rule 26(b)(1)

5

provides the general rule regarding the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal citations and quotations omitted). However, the Federal Rules also provide that the court may "limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C).

When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Id.* (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). The party seeking to enforce a subpoena requesting documents from a non-party bears the burden of demonstrating that the documents sought are relevant. *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11,

2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Here, Plaintiff's request for "any court orders, warrants, and/or likewise for the use of cellular tracking, tracing, surveillance and/or the use of any electronic monitoring," Pl.'s Mot. [DE-264] at 1, is outside the scope of discovery as cabined by Rule 26(b). First, Plaintiff's claims based on alleged unconstitutional phone monitoring against AT&T and Deputy Konig have been dismissed and, thus, provide no grounds for discovery into the alleged illegal cellular phone tracking. *See* Dec. 2, 2014 Order [DE-248] at 7 (dismissing claims against AT&T and stating "Chief Judge Dever has already dismissed the action against the law enforcement agencies and their allegedly unlawful phone monitoring"), at 8-12 (dismissing claims against Deputy Konig and unknown USMS agents).

Next, there are no plausible allegations that the JCSD Defendants—the sole remaining Defendants in this action—were involved in obtaining electronic surveillance of Plaintiff's cellular phone. The JCSD Defendants obtained and assisted in the execution of the two search warrants on Plaintiff's residence and arrested Plaintiff. Am. Compl. [DE-189] ¶¶ 141(d)-(q). Plaintiff alleges throughout the amended complaint and in other filings that Deputy Konig or other USMS agents obtained the cellular phone tracking information from AT&T. *See, e.g., id.* ¶ 15 (alleging USMS agents in North and South Carolina knowingly utilized illegal cellular phone tracking), ¶ 67 (alleging Deputy Konig led the use of cellular phone tracking). While there are scant conclusory allegations that the JCSD Defendants used cellular phone tracking, *id.* ¶ 107, 117, those allegations lack factual support and the bulk of Plaintiff's factual allegations are at odds with such a contention, *id.* ¶¶ 16-26 (alleging JCSD Defendants were present during the execution of the search warrants, involved in Plaintiff's criminal prosecution, provided false information to magistrates to obtain the search

7

warrants, and illegally seized Plaintiff, her minor children, and her property).

To the extent Plaintiff contends the JCSD Defendants obtained the search warrants utilizing the alleged illegal cellular phone tracking information, the probable cause affidavit in support of each search warrant, in which there is no mention of any cellular phone tracking, belies her contention. *See* Am. Compl, Exs. 17 & 18, Attachment to Search Warrant [DE-189-18, -189-19]; *see also id.* ¶ 94 (alleging JCSD Defendant Allen stated false, fabricated, and/or tainted statements in his affidavit for two search warrants, none of which relate to cellular phone tracking). Moreover, Plaintiff's belief that the statement in the affidavits that "[i]nformation was received from law enforcement sources in South Carolina indicating that Tyree Myers and Dameon Myers were at [Plaintiff's] residence," [189-18] at 3 & 189-19 at 2, may refer to cellular phone tracking is mere speculation, insufficient to justify what amounts to a fishing expedition for discovery related to previously dismissed claims.[3] Likewise, the basis of the alleged "illegality" of utilizing cellular phones to track two known fugitives—beyond Plaintiff's bald assertion that it was illegal—is unclear from Plaintiff's amended complaint. Finally, Plaintiff has had ample opportunity to explore the basis for the search warrants through discovery from the JCSD Defendants who obtained the search warrants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Having considered the relevance of the discovery sought, the requesting party's need, and the potential hardship to the

---

[3] Plaintiff in her motion indicated that in the course of her criminal prosecution the district attorney "denied on the record the use of any tracking, tracing, surveillance, and/or court order." Pl.'s Mot. [DE-264] at 2.

8

non-parties subject to the subpoenas, the court finds Plaintiff has failed to carry her burden of demonstrating that the documents sought are relevant to the remaining claims in this action or could not be obtained from a more convenient and less burdensome source. Accordingly, Plaintiff's motion for court order [DE-264] is denied, AT&T's motion to quash [DE-271] is allowed, and the USMS's motion to quash [DE-276] is allowed.

## B. Plaintiff's Motion to Compel [DE-270]

Plaintiff moves the court to compel South Carolina Law Enforcement Division ("SLED"), City of Georgetown, Johnston County Department of Social Services, AT&T, the USMS, the FBI, and the Georgetown County Solicitor's Office (all non-parties) to comply with subpoenas. [DE-270]. The Johnston County Department of Social Services filed an objection to Plaintiff's motion to compel [DE-273], and Plaintiff filed a reply [DE-282]. None of the other subpoenaed entities responded to the motion to compel; however, SLED, the City of Georgetown, and the Georgetown County Solicitor's Office responded to Plaintiff with objections after being served with the subpoenas. Pl.'s Mot. [DE-270] at 1-8.

Plaintiff seeks documents from these non-parties, including but not limited to: South Carolina law enforcement's investigation of Tyre Myers and Dameon Myers; communications between the non-party entities and several other agencies related to the search of Plaintiff's home; any information regarding the use of cellular phone tracking on Plaintiff's cellular phone or vehicles; any documents containing any mention of Tyre Myers and Dameon Myers as suspects in the murder of Joey Pope; copies of law enforcement procedural manuals; documents related to Plaintiff's criminal case; information surrounding the appearance of the USMS at Charlena Franklin's home in 2009; any and all communications with the FBI; information concerning a raid on Yvonne Myers's home;

9

copies of National Crime Information Center reports for Tyre Myers and Dameon Myers; and the names of all prosecutors involved in the Joey Pope murder case. [DE-270-4, -270-5, -270-6, -270-7]. Many of these requests are overly broad or completely irrelevant to the sole claims remaining in this case against the JCSD Defendants, which are related to the obtaining and execution of the search warrants and the subsequent arrest of Plaintiff on October 12, 2010. Similarly, it appears some of the information Plaintiff seeks relates to claims both on behalf of and against entities who are not parties to this action. Pl.'s Mot. [DE-270] at 2 ("[T]he information sought is material to my claims that individuals and/or entities in South Carolina concocted a plan and was [sic] able enlist the assistance of several entities and individuals to carry out their agendas."). There are no South Carolina individuals or entities remaining as Defendants in this action. Plaintiff also appears to seek discovery related to undermining the criminal charges against Tyre Myers and Dameon Myers, who are not parties to this action.[4] Simply because the USMS was searching for Tyre Myers and Dameon Myers at Plaintiff's residence does not allow Plaintiff to obtain discovery related to all facets of the criminal investigation of these fugitives. Thus, such discovery is overly broad and would encompass information not relevant to her claims. Mar. 14, 2015 Letter [DE-266] at 3-5.

With respect to documents sought that appear to pertain to the events of October 12, 2010, as explained above, Plaintiff could have requested this information from the JCSD Defendants, who are parties in this action. For example, to the extent Plaintiff attempts to discover the unspecified information from South Carolina law enforcement that was referenced in the probable cause affidavits supporting the search warrants of Plaintiff's home, Mar. 14, 2015 Letter [DE-266] at 4,

---

[4] The court has previously stricken Tyre Myers and Dameon Myers as Plaintiffs from this action. Dec. 2, 2014 Order [DE-248] at 15.

10

Case 5:12-cv-00714-BO Document 284 Filed 07/28/15 Page 10 of 12

Plaintiff has had ample opportunity to request this information from the JCSD Defendants who sought and obtained the search warrants and who are parties to this action. The court must limit the burden where discovery can be obtained from a source that is more convenient and less burdensome, and this is particularly so where documents have been subpoenaed from non-parties. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Schaaf*, 233 F.R.D. at 453. Having considered the relevance of the discovery sought, the requesting party's need, and the potential hardship to the non-parties subject to the subpoenas, the court finds Plaintiff has failed to carry her burden of demonstrating that the documents are relevant to the remaining claims in this action or, alternatively, that she could not have obtained potentially relevant documents from a source that is more convenient and less burdensome. Accordingly, the motion to compel is denied.[5]

---

[5] The court notes that several of the subpoena's could also be quashed for failure to allow a reasonable time to comply pursuant to Rule 45(d)(3)(A)(i): the subpoena directed to the City of Georgetown was served on March 6, 2015, Pl.'s Mot. [DE-270] at 4, and the date for compliance listed on the subpoena is March 9, 2015 [DE-270-2]; the subpoena directed to the Johnston County Department of Social Services was served on March 27, 2015, Pl.'s Mot. [DE-270] at 5, and the date for compliance listed on the subpoena is March 24, 2015 [DE-270-4] at 1; and the subpoenas directed to the USMS and FBI were served on November 19 and November 20, 2014, respectively, Pl.'s Mot. [DE-270] at 6, and the date for compliance listed on the subpoenas is November 21, 2014, *id.*

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for court order [DE-264] and motion to compel [DE-270] are DENIED, AT&T's motion to quash [DE-271] is ALLOWED, and the USMS's motion to quash [DE-276] is ALLOWED.

SO ORDERED, the **27** day of July 2015.

Robert B. Jones, Jr.
United States Magistrate Judge