IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-714-BO

| | |
|---|---|
| LOUSHONDA MYERS, TYRE MYERS, and DAMEON MYERS, Plaintiffs, | ) ) ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| AT&T INC., *et al.,* Defendants. | ) ) |

This matter is before the Court on the parties' cross-motions for summary judgment. Also before the Court are plaintiff's motions to disqualify and recuse, to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, for a default judgment, and for relief for judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. All of these motions are ripe for adjudication. For the reasons stated herein, defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment, motion to disqualify, and Rule 50(e) and 60 motions are denied. Plaintiff's motion for default judgment is denied.

## BACKGROUND

Plaintiff filed her complaint *pro se* on November 19, 2012, alleging various violations of federal law, state law, and her constitutional rights against 47 defendants. Plaintiff's claims against many of the defendants were dismissed by order entered on August 16, 2013, by Chief United States District Judge Dever, who originally had this case. That order also allowed plaintiff to file an amended complaint, which was filed on March 31, 2014, and added several new defendants. In an order dated December 2, 2014, this Court granted a number of motions to dismiss, which had the effect of dismissing defendants BB&T, AT&T, Inc., AT&T Mobility LLC, Unknown Agents/Employees of AT&T, Inc., United States Marshal Konig, and the

unknown agents/employees of the United States Marshal Service (USMS) in North and South

Carolina. Accordingly, the remaining defendants are Sheriff Steve Bizzell, Captain A.C. Fish,

Detective Kritch Allen, Detective Don Pate, Detective J. Creech, Detective J. Canady, Detective

A. Case, Captain D. Daughtry, Lieutenant Stewart, Lieutenant Danny Johnson, Deputy Gillis,

David Hildreth, James Gerrell, and Unknown Officers/Employees of the Johnston County

Sheriff's Office (collectively "the remaining defendants").[1] The remaining claims arise out of a

search by the USMS for two fugitives from South Carolina: Damien L. Myers and Tyre Myers.

The pertinent facts presented in the light most favorable to plaintiff are as follows. Law

enforcement sources from South Carolina informed the USMS that both suspects might be

hiding in a residence at 19 Topsail Island Drive, Garner NC 27529. This turned out to be

plaintiff's residence. While conducting surveillance of the residence on October 12, 2010,

officers believed they observed Tyre Myers on the back porch. After seeing a woman leave the

residence in a car, the USMS conducted a traffic stop of the car. Plaintiff was identified as the

driver. She was asked to give permission for the USMS to walk through her house. She declined

to do so and was allowed to leave the traffic stop. Upon returning home, plaintiff was denied

entry into her home and was told that officers were in the process of obtaining a search warrant.

Marshal Konig requested that the Johnston County Sheriff's Office (JCSO) apply for a

search warrant. Detective Allen applied for and was granted the search warrant by a Johnston

County magistrate judge. After some delay, the search warrant was executed at approximately

3:25pm on October 12, 2010. Plaintiff was not allowed to enter her home prior to its execution.

No fugitives were found during execution of the search warrant, however, officers saw evidence

___

[1] Plaintiff does not specify whether claims against the individual defendants are brought in their
individual or official capacities. Because the Court construes plaintiff's pro se complaint
liberally, *Estelle v. Gamble*, 49 U.S. 97, 106 (1976), the Court considers each claim as against
the defendants in both their individual and official capacities.

of a marijuana grow operation in the laundry room. The JCSO, via Detective Allen, sought and was granted a second warrant to search for narcotics within the residence.

The search recovered 74.9 grams of cocaine and money. Plaintiff was arrested upon charges of possession with intent to sell or distribute marijuana, manufacture marijuana, trafficking in cocaine by possessing and manufacturing, maintaining a dwelling for the purposes of possessing or manufacturing a controlled substance, possession of drug paraphernalia, and possession of pyrotechnics. She was taken before a magistrate who found probable cause, and she was processed into the Johnston County Detention Center. Plaintiff spent two weeks in jail before she was able to make bail, and she alleges that the criminal charges were dismissed in April 2012.

## DISCUSSION

As an initial matter, Rule 4(m) of the Federal Rules of Civil Procedure requires the court to dismiss an action against a defendant who is not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, Rule 4m further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* There is no indication in the record that plaintiff has made an effort to discover the identities and addresses of the unknown officers. Thus, the court dismisses plaintiff's claims against these unnamed and unserved officers without prejudice.

Both parties seek entry of summary judgment in their favor as to all claims. Defendant also raises as a defense the failure of the complaint to state a claim upon which relief can be granted. Before the Court considers whether summary judgment should be granted in favor of either party, therefore, the Court will consider whether any of plaintiff's claims fail as a matter of law.

3

## CLAIMS THAT FAIL AS A MATTER OF LAW

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### I.  RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Claims 1 and 2 of plaintiff's complaint allege violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. §§ 1962 *et seq*. The essential elements of a federal RICO cause of action are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). In this case, plaintiff's complaint fails to allege any plausible facts to support, at minimum, two of these elements. Where, as here "the conduct [plaintiff] complains of is legitimate law enforcement activity carried out in the course of the officers' employment," plaintiff fails to satisfy the conduct element. *Kahre v. Damm*, 342 F. App'x 267, 268 (9th Cir. 2009). Similarly, the

4

enterprise element is not satisfied by "the cooperation between [a] federal agenc[y] and local police in a [criminal] investigation." *Id.* Accordingly, plaintiff's claims 1 and 2 must be dismissed.

II.     STATE LAW VIOLATIONS

Claim 4 of plaintiff's complaint lists eleven causes of action arising under various provisions of the North Carolina criminal code which do not provide a civil remedy. Accordingly, this claim must be dismissed.

Similarly, claims 6 through 12 all allege causes of action arising under the common law of torts. These claims cannot be a basis for section 1983 liability. *Spell v. McDaniel*, 591 F. Supp. 1090, 1100 (E.D.N.C. 1984) *aff'd in part and reversed in part on other grounds*, 824 F. 2d 1380 (4th Cir. 1987), cert. denied *City of Fayetteville v. Spell*, 484 U.S. 1027 (1988) ("However, § 1983 imposes liability solely for violations of rights protected by the constitution and federal law, not for violations arising simply out of state tort law principles."). Moreover, "the doctrine of governmental immunity also bars actions against public officials sued in their official capacity." *Beck v. City of Durham*, 154 N.C. App. 221, 229–30 (2002). Law enforcement officers, including sheriffs and deputy sheriffs, are covered by governmental immunity. *Richmond v. City of Asheville*, 775 S. E. 2d 925, 2015 WL 4081944, \*3 (July 7, 2015); *Summey v. Barker*, 142 N.C. App. 688, 691 (2001). While a governmental entity may waive immunity, a plaintiff bringing claims against its employees acting in their official capacities must allege and prove the capacity of the governmental unit to be sued, including whether the officials have waived their sovereign immunity or otherwise consented to suit. *Mellon v. Prosser*, 126 N.C. App. 620, 623 (rev'd in part on other grounds, 347 N.C. 568 (1998)). Here, plaintiff has not demonstrated that defendants waived their immunity or otherwise consented to suit.

5

Accordingly, claims six, seven, eight, nine, ten, eleven, and twelve against the remaining

defendants in their official capacity are barred by governmental immunity. *Sellers v. Rodriguez,*

149 N.C. App. 619, 623 (2002).[2]

III.     TREASON

Claim 13 asserts a claim for treason. The Fourth Circuit has specifically held that no

private right of action may be implied for treason. *Rodriguez v. Doe,* 549 F. App'x 141, 146 (4th

Cir. 2013). Accordingly, claim 13 must be dismissed as it fails to state a claim under which relief

may be granted.

IV.     STAND-ALONE CONSTITUTIONAL VIOLATIONS

In her fifth claim for relief, plaintiff lists six constitutional violations and a violation of

treaties. The proper vehicle with which to bring a claim for violation of one's constitutional

rights against a state actor is 42 U.S.C. § 1983. Plaintiff also alleges violations of various treaties

which, as far as the Court can tell, do not give rise to a private right of action and/or civil

remedies. Accordingly, plaintiff's fifth claim must be dismissed, but the Court will consider the

constitutional allegations made therein while addressing plaintiff's second claim for relief, in

which she alleges violations of §§ 1983 and 1985.

V.     SECTION 1985

Claim 2 alleges a violation of 42 U.S.C. § 1985. Section 1985(2) prohibits conspiracies to

obstruct justice with the intent to deny any citizen the equal protection of the laws. Section

---

[2] As discussed, *infra*, because plaintiff's federal claims fail, the Court declines to exercise
supplemental jurisdiction over any state law claims against the remaining defendants in their
individual capacities.

6

1985(3) prohibits conspiracies to deprive a citizen of the equal protection of the laws.[3] To allege a conspiracy under 42 U.S.C. § 1985, "a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Evidence of racial or invidious class-based discriminatory animus is required for a claim under either subsection. *Griffin v. Breckinridge*, 403 U.S. 88, 102 (1971). The Fourth Circuit "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy, such that the claim can withstand a summary judgment motion" and has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Simmons*, 47 F.3d at 1377. Here, plaintiff's § 1985 claim is conclusory and fails to allege any supporting facts. Moreover, she has not presented any evidence of racial or invidious class-based discriminatory animus. Accordingly, her claims under § 1985 are dismissed as a matter of law.

VI.    SECTION 1983

Plaintiff also a violation of 42 U.S.C. § 1983 alleges in Claim 2. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1984). Plaintiff alleges substantive violations of the United States Constitution in Claim 5, which the Court will interpret as the

---

[3] Section 1985(1) addresses conspiracies to prevent a person from holding an office or discharging duties in an office. The Court does not see any way that § 1985(1) is implicated by plaintiff's allegations.

predicate violations for her § 1983 claim. She argues that her Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights were violated.

## A. Official-Capacity Claims

Insofar as plaintiff brings her claims against any of the remaining defendants in their official capacities, such claims are in reality claims against the entity for which they were acting, namely the JCSO. "A municipality cannot be held liable *solely* because it employs a tortfeasor," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), but rather it must be shown that the municipality itself causes the constitutional violation through the execution of its policy or custom, *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff has proffered no evidence or argument whatsoever regarding a policy or custom of the JCSO, but discusses only the actions as they relate to her case. Thus, plaintiff's claims against the individual defendants acting in their official capacity fail as a matter of law and are dismissed as such.

## B. Constitutional Claims

Plaintiff's Fifth, Sixth, Eighth and Ninth Amendment Claims bear short shrift, as each fails to state a claim under which relief can be granted.

### 1. Fifth Amendment

Plaintiff alleges that her Fifth Amendment rights were violated because her case was never indicted or presented to the grand jury and she did not receive discovery. By plaintiff's own admission, however, the charges against her were dismissed. Compl. ¶ 159. Moreover, the Fifth Amendment's indictment requirement is not applicable to the states. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("[T]he Court has never held that federal concepts of a 'grand jury', binding on the federal courts under the Fifth Amendment, are obligatory for the

8

States.") (citing *Duncan v. Louisiana*, 391 U.S. 145 (1968). Accordingly, her § 1983 claim for violation of her Fifth Amendment rights must be dismissed for failure to state a claim.

### 2. Sixth Amendment

Plaintiff further alleges that her Sixth Amendment rights were violated because she was never able to confront the witnesses against her, was not informed of the nature of the charges, was denied the ability to obtain witnesses, and was denied her discovery. Central to the protections of the Sixth Amendment is the clause that limits its applicability to criminal prosecutions. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy . . . ."); *Austin v. United States*, 509 U.S. 602, 608 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions.'"); *see also Green v. Saenz*, 812 F. Supp. 798, 802 (7th Cir. 1992) (finding that there can be no § 1983 action for an unfair trial where the charges were dropped). Because the purpose of the Sixth Amendment is to guarantee that criminal defendants receive fair trials, a confrontation clause claim is properly raised in an appeal from a criminal conviction, or in a petition for habeas corpus relief, not, as here, in a freestanding § 1983 action. Plaintiff's § 1983 claim for violation of her Sixth Amendment rights is dismissed.

### 3. Eighth Amendment

Plaintiff also argues that she was forced to pay excessive bail to be released. The Eighth Amendment to the United States Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Courts have held that the Eighth Amendment's prohibition against excessive bail applies to the states through the Fourteenth Amendment. *See, e.g., Roberts v. City of Forest Acres*, 902 F. Supp. 662, 670 (D. S.C. 1995). The test for determining whether bail is excessive is "whether bail is set at a figure

9

higher than an amount reasonably calculated to insure that the accused will stand trial and submit to sentence if convicted." *United States v. Radford*, 361 F.2d 777, 781 (4th Cir.), *cert. denied*, 385 U.S. 877 (1966) (internal quotation omitted). Plaintiff does not allege the amount of her bond, but merely alleges that she spent roughly two weeks in jail, Compl. ¶ 102, and that she should have been able to use her word as her bond, Compl. ¶ 225. As other courts have pointed out, although "policy of requiring a cash bond may have been inconvenient, such an allegation is not sufficient to state a constitutional claim for purposes of § 1983." *Roberts*, 902 F. Supp. at 670. Moreover, plaintiff does not allege that any the remaining defendants were involved in the bail decision. Accordingly, plaintiff fails to state an Eighth Amendment claim as to these defendants.

    4.  Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "[T]he Ninth Amendment is 'a rule of construction, not one that protects any specific right,' and so '[n]o independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action." *Diaz v. City of N.Y.*, No. 99-CV-2944, 2006 WL 3833164 at *7 (E.D.N.Y. Dec. 29, 2006) (quotation and citation omitted) (concluding that a § 1983 claim based on the Ninth Amendment fails to state a claim); *see also Perry v. Jones*, No. 3:14-CV-71, 2015 WL 7016519 at *3 (E.D. Va. Nov. 12, 2015).

    5.  Fourteenth Amendment

Plaintiff also alleges a violation of the Fourteenth Amendment, which prohibits the States from "depriv[ing] any person of life, liberty or property without due process of law." U.S. Const. amend. XIV. It is unclear whether this claim refers to the Fourteenth Amendment to the extent

that it incorporates the Fourth Amendment to the States, *see Wolf v. Colorado*, 338 U.S. 25 (1949) (*overruled on other grounds by Mapp v. Ohio*, 367 U.S. 643 (1961)),[4] whether plaintiff asserts a freestanding claim via the Equal Protection Clause of the Fourteenth Amendment, or whether plaintiff asserts simply a due process claim. Her entire allegation is that defendants denied, restricted, and limited her due process rights because of her race, gender, and social status. Compl. ¶ 230. In support of her claim, plaintiff merely alleges that she is not white and "does not possess a substantial amount of wealth and/or political influence." *Id.*

To the extent that plaintiff intended to invoke the right to the equal protection of the laws secured by the Fourteenth Amendment, she has not pled facts sufficient to sustain a claim. The Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." It is in essence "a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "[T]o survive a motion to dismiss on an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that unequal treatment was the result of discriminatory animus." *Equity in Athletics v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Plaintiff has failed to plead sufficient facts with respect to either element. She states only that the daughter of the Wake County Sheriff, who also is a white female, was charged with similar crimes and received a favorable outcome. Compl. ¶ 230. Even if the Court were to consider such a person to be "similarly situated" to plaintiff for purposes of her claim, the claim still would be dismissed pursuant to Rule 12(b)(6)

---

[4] The Court will consider the Fourth Amendment claim *infra*, under the summary judgment standard.

because plaintiff failed to plead any facts "plausibly identifying any discriminatory intent on the part of the . . . decision makers." *Equity in Athletics*, 639 F.3d at 108.

Procedural due process claims must show that plaintiff (1) had a liberty or property interest, (2) of which defendants deprived her, (3) without due process. *See Kendall v. Balcerzak*, 650 F.3d 515, 528 (4th Cir. 2011). In this context, due process generally requires notice and an opportunity to be heard. *See id.* at 528–29. Here, plaintiff has not alleged facts to support any of these requirements. She does not state specifically what the property or liberty interest is of which defendants allegedly deprived her. This omission also dooms any substantive due process claim, which requires not only allegation of a liberty right or property interest but also a governmental deprivation thereof that shocks the conscience or bears no rational relation to a valid state objective. *See, e.g., Amward Homes Inc. v. Town of Cary*, 206 N.C. App. 38, 64 (2010). Even if the Court were to assume she had adequately pled the deprivation of a liberty or property interest, she does not state how she failed to receive due process. Consequently, there is no genuine issue of material fact as to whether conscience-shockingly arbitrary government action or deprivation of a liberty interest without due process occurred, so this claim, too, must fail.

## SUMMARY JUDGMENT

In sum, the only claim that does not fail against the remaining defendants is plaintiff's § 1983 claim based on the Fourth Amendment. Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could

12

find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986); *Cox*, 249 F.3d at 299. When addressing cross-motions for summary judgment, the court

must ask "whether the evidence presents a sufficient disagreement to require submission to the

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477

U.S. at 251. In determining whether a genuine issue of material fact exists for trial, a trial court

views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v.

Harris*, 550 U.S. 372, 378 (2007). The party seeking summary judgment "bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex.* 477 U.S. at 323. Once the moving party has met its burden, the non-moving party

must then "set forth specific facts showing that there is a genuine issue for trial." *Matsushita

Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Plaintiff alleges that the remaining defendants, acting in their individual capacities,

violated her Fourth Amendment rights by securing and searching her home and by arresting her.

Compl. ¶ 218.

I.     SECURING AND SEARCH OF HOME

The privilege of qualified immunity protects government officials from liability so long

as they could reasonably believe that their conduct does not violate clearly established law.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531

(4th Cir. 2011) (en banc). Qualified immunity is only available to government officials who have

been sued in their personal or individual capacities; it is not available as a defense to an official

capacity suit. *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006)

(citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)).

13

When determining whether qualified immunity applies, a court "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). Judges are permitted to exercise their discretion in regard to which of the two prongs should be addressed first in light of the facts and circumstances of the particular case, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), but the analysis ends if it is found that the officer did not violate any right as he will not need to be entitled to any immunity. *Abney v. Coe*, 493 F.3d 412, 415 (4th Cir. 2007).

In *Segura v. United States*, the Supreme Court held that "securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents." 468 U.S. 796, 810 (1984). Here, the officers secured plaintiff's residence while a search warrant was being obtained. There is no dispute that defendants secured the premises and waited outside thereof, until the warrant was signed several house later. In light of *Segura*, plaintiff has failed to establish that a violation of her Fourth Amendment rights occurred while defendants secured their dwelling. Furthermore, even in the event that the securing of plaintiff's dwelling could be found unreasonable, because a reasonable officer could believe that such actions were lawful under these circumstances based on the holding in *Segura*, the right violated would not be clearly established and defendants would be entitled to qualified immunity.

Defendants also are entitled to qualified immunity as to plaintiff's claims regarding the search of her residence pursuant to a search warrant. A warrant issued by a neutral magistrate is normally sufficient to establish that an officer acted in good faith or an objectively reasonable manner in conducting a search. *United States v. Ross*, 456 U.S. 798, 823 n.32 (1982). An officer

14

would not be entitled to qualified immunity, however, following a search pursuant to a warrant if "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Detective Allen's application for the first warrant reflects that he received information from law enforcement sources stating that Tyre and Dameon Myers were residing at plaintiff's house. [DE 297 at 12]. Surveillance indicated that an unknown black male resembling photos of Tyre Myers was seen on the back porch of the residence. *Id.* A black female (plaintiff) left the house, and when stopped, stated no one was in the house. *Id.* After being told information indicated that Tyre Myers was inside the house, plaintiff refused to provide additional information and was released. *Id.* During the traffic stop, no one was seen entering or leaving the residence, but an unknown black male was seen opening the blinds. *Id.* Based on Detective Allen's affidavit, a search warrant for Tyre and Dameon Myers was issued by a Johnston County magistrate and executed by a number of the remaining defendants. The application for the second warrant reflected law enforcement observations, while executing the first search warrant, of a marijuana grow operation, including high intensity grow lights, safes, fertilizer bags, and growing pots containing marijuana seeds. *Id.* at 13. Based on that affidavit, a search warrant was issued for the residence. Plaintiff has failed to offer any evidence suggesting that no reasonably competent officer would conclude that a warrant to search her residence should not have issued based on the information provided by Detective Allen. Accordingly, defendants would be entitled to qualified immunity as they were objectively reasonable in relying on the magistrate's issuance of the warrant.

15

## II.   VALIDITY OF WARRANT

To the extent that plaintiff argues that Detective Allen obtained the search warrant under false pretenses, her claim fails. An officer "contravenes the Fourth Amendment when he procures a search warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause." *Unus v. Kane*, 565 F.3d 103, 124 (4th Cir. 2009) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The party challenging the warrant must make a "substantial preliminary showing that the false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155–56. Plaintiff has made no such showing here beyond the allegations in her complaint.

Nor has plaintiff shown that her Fourth Amendment rights were violated by the search of her dwelling pursuant to a search warrant. When issuing a warrant, a judge uses a "totality of the circumstances analysis." *Illinois v. Gates*, 462 U.S. 123, 238 (1983). "[This] standard allows a magistrate judge to review the facts and circumstances as a whole and make a common sense determination of whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992) (quoting *Gates*, 462 U.S. at 238). A magistrate's decision to issue a warrant is given great deference, and it is reasonable to assume both that Tyre Myers was in the house and that further evidence of drug dealing would be found in the house after officers' plain view sighting of drug paraphernalia. *United States v. Grossman*, 400 F.3d 212, 217–18 (4th Cir. 2005). Though plaintiff argues that issues of material fact remain regarding false or misleading statements made by Detective Allen to the magistrate, she has failed to proffer any evidence to support such a claim. Accordingly, the Court finds no basis to presume that the search warrant was not valid,

16

and defendants' search of plaintiff's residence pursuant to it was therefore not a violation of Ms. Myers's Fourth Amendment rights.

III.   FALSE IMPRISONMENT

Following execution of the search warrant, plaintiff was arrested for, *inter alia*, trafficking in cocaine by possess and manufacturing. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause exists when the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." *Wadkins v. Arnold*, 214 F. 3d 535, 539 (4th Cir. 2000). To prove the absence of probable cause plaintiff must introduce evidence that made it unjustifiable for a reasonable officer to conclude she was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002).

Detective Allen's affidavit states that a search of the residence revealed "approximately 74.9 grams of cocaine," "a large amount of money," and "a press . . . for the packaging of narcotics." Allen Aff. ¶ 12. Because these objects were found in plaintiff's residence, it was objectively reasonable for officers to believe that plaintiff had committed the offense of drug trafficking. Accordingly, there was probable cause to arrest for at least one charge. The Court thus need not determine whether officers also had probable cause to arrest plaintiff for other charges. *See Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990); *Edwards v. City of Philadelphia*, 860 F.2d 568, 575–76 (3d Cir. 1988). Any false arrest claim, therefore, fails, and summary judgment in defendants' favor is appropriate.

Given that the Court recommends dismissal of plaintiffs' federal claims and summary

judgment of the Fourth Amendment claims, it declines to exercise supplemental jurisdiction of

any state law claims for false imprisonment, emotional distress, loss of consortium, destruction

of property, malicious prosecution, fraud, and loss of earning capacity against the remaining

defendants in their individual capacity.

## REMAINING MOTIONS

Plaintiff has filed several motions which the Court now addresses.

I.    MOTION TO DISQUALIFY AND RECUSE

The Court considers at the outset petitioner's motion to disqualify and for recusal of both

the undersigned and Magistrate Judge Jones. Petitioner contends that 28 U.S.C. § 455(a) requires

the undersigned's recusal because each has given the perception of impropriety, violated the

Code of Conduct for United States Judges, has ignored stare decisis, and has failed to uphold and

support the Constitution of the United States. The memorandum accompanying plaintiff's

motion lists a number of examples of bias, all of which relate to rulings which plaintiff perceives

as unfavorable.

Section 455(a) provides that a judge of the United States "shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality

motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). "Even remarks

made 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases,

ordinarily do not support a bias or partiality challenge.'" *United States v. Lentz,* 524 F.3d 501,

530 (4th Cir. 2008) (citing *Liteky*, 510 U.S. at 540). Moreover, "[t]he alleged bias must derive

from an extra-judicial source." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "An extra-judicial

18

source" is a basis "other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 922 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of the proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky*, 510 U.S. at 551.

In the present case, petitioner has failed to demonstrate any extra-judicial bias justifying disqualification of either the undersigned or Magistrate Judge Jones. The Court's rulings during petitioner's trial do not illustrate any sort of prejudice against plaintiff. In sum, there is no reasonable factual basis for questioning the Court's impartiality and plaintiff's motion for recusal is hereby denied.

## II. RULE 59(E) MOTION TO ALTER JUDGMENT

Plaintiff has filed a motion to alter or amend the Court's prior order denying plaintiff's motions to compel and granting the USMS's motion to quash pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion may be granted to accommodate an intervening change in controlling law, to account for new evidence, or to correct a clear error of law or prevent manifest injustice. *Pac Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff fails to articulate any arguments that fall within these parameters, thus her motion is denied.

Even if the Court were to consider her motion as an appeal of Magistrate Judge Jones's decision pursuant to Rule 78(a) of the Federal Rules of Civil Procedure, the outcome would be the same. Under Local Rule 72.4(a), Judge Jones's order should not be disturbed unless it is "clearly erroneous or contrary to law." Local Rule 72.4(a). It is not.

19

Judge Jones found that plaintiff's subpoena to the USMS was a "fishing expedition" and explained why the information sought has no relevance to her claims. Most notably, there are no claims remaining against either the USMS or the Columbus District Attorney's office pertaining to the alleged electronic surveillance that was the subject of plaintiff's subpoenas. The only remaining defendants are employees of the Johnston County Sheriff's Office, who did not rely on any electronic surveillance to take any actions related to this case. Accordingly, the information sought by plaintiff is not relevant to the remaining issues in this case, and Judge Jones correctly concluded that her subpoenas must be quashed. Accordingly, plaintiff's Rule 59(e) motion is denied.

III. MOTION FOR DEFAULT JUDGMENT

Plaintiff requests judgment as a matter of law on her Rule 59 motion and motion to disqualify/recuse. As the Court has decided those motions, *see supra*, plaintiff's motion is moot and is denied as such.

IV. MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

Plaintiff requests that the Court reconsider its rulings in orders dated December 2, 2014, January 20, 2015, and January 29, 2015, as well Magistrate Judge Jones's ruling in an order dated July 28, 2015, pursuant to Rule 60 of the Federal R ules of Civil Procedure. Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct a clerical mistake or mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It also authorizes the Court to relieve a party from a final judgment, order, or proceeding for, *inter alia*, mistake, excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing

20

party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993

F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). A motion under Rule 60(b) "must be

made within a reasonable time" after entry of the order being challenged. Fed. R. Civ. P.

60(b)(c)(1). He must then demonstrate that relief is appropriate based on one of the grounds

listed in Rule 60(b). *Dowell*, 993 F.2d at 48. A decision to grant or deny a Rule 60(b) motion lies

within the sound discretion of the Court. *Id.* at 47.

Plaintiff's motion requests that the Court reconsider all of the aforementioned prior

orders. Plaintiff points to neither a clerical mistake, nor any excusable neglect, inadvertence, or

surprise, nor does she point to any newly discovered evidence or fraud. Although plaintiff argues

that the orders are void, she presents no cogent argument in support of this contention. A

judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of

the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United

States*, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright & Miller, *Federal Practice and

Procedure* § 2862 AT 198–200 (1973)). None of these circumstances are present. The Court has

jurisdiction over both the parties and the subject matter, and there has been no denial of

plaintiff's due process rights, as she had ample opportunity to assert her arguments and, indeed,

did assert her rights.

Instead, plaintiff's complaints about the Court's orders seem to fall within the category of

Rule 60(b)(6), which entitles a movant to relief based on "any other reason." Fed. R. Civ. P.

60(b)(6). "[C]ase law limits the reasons for which a court may grant relief under Rule 60(b)(6),"

however. *Dowell*, 993 F.2d at 48. "[I]ts context requires that it may be invoked only in

'extraordinary circumstances' when the reason for relief from judgment does not fall within the

list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th

Cir. 2011) (en banc). Here, plaintiff offers no extraordinary circumstances that justify relief. Instead, plaintiff merely reiterates the arguments previously before the Court. Accordingly, plaintiff's motion for relief from judgment under Rule 60(b) is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 295] is GRANTED and plaintiff's motion for summary judgment [DE 302] is correspondingly DENIED. The Court DECLINES to exercise supplemental jurisdiction over any state law claims against the remaining defendants in their individual capacities.

Plaintiff's motions to disqualify/recuse [DE 287], to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 288], and for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [DE 308] are DENIED. Plaintiff's motion for default judgment [DE 306] is DENIED AS MOOT. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the case.


SO ORDERED, this _15_ day of January, 2016.


TERRENCE W. BOYLE
United States District Judge