IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-714-BO

| | |
|---|---|
| LOUSHONDA MYERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| STATE OF NORTH CAROLINA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on plaintiff's demand for relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

The Court incorporates by references as if fully set forth herein the factual and procedural background of this matter as recited in its order entered January 19, 2016. [DE 312]. On January 26, 2016, plaintiff noticed a direct appeal. Plaintiff, proceeding in this matter *pro se*, now seeks relief from the Court's judgment.[1] Plaintiff demands that summary judgment entered in favor of defendants be reversed, that discovery be allowed, that previous rulings be reconsidered, and that the case be set for trial.

## DISCUSSION

A motion made pursuant to Rule 59(e) may be granted in three circumstances: (1) to accommodate and intervening change in controlling law, (2) to account for new evidence not

---

[1] Although plaintiff has filed a notice of appeal, this Court has jurisdiction to consider the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4).

available at trial, and (3) to correct a clear error of law or prevent manifest injustice. *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (citations omitted). Rule 59(e) motion may not be used "to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Whether to grant a Rule 59(e) motion is within the broad discretion of the district court. *Id.*

Plaintiff has identified no new evidence nor has she identified any intervening change in controlling law. Rather, plaintiff argues that material facts, evidence, proof, and documents have been overlook or ignored by the Court.

A. Fourth Amendment

Plaintiff argues that summary judgment should not have been entered in favor of defendants on her claim for violation of her rights under the Fourth Amendment. Plaintiff has provided excerpts from her complaint regarding her Fourth Amendment allegations. The Court has already considered plaintiff's complaint and her arguments related to this claim. Plaintiff has identified no clear error of law committed by the Court.

B. Dismissal of USMS, Konig, and unknown agents

Plaintiff argues that the Court erred in dismissing the United States Marshals Service (USMS) and its deputies. Plaintiff has already asked this Court to reconsider its decision as to these defendants in a previously filed Rule 60(b) motion. Fed. R. Civ. P. 60(b). Though plaintiff continues to argue that the USMS lacked jurisdiction to be in her home, the Court has dismissed plaintiff's claims against the USMS and its deputies as barred by the applicable statute of limitations. [DE 248].

C. Warrant deficiencies, cellular phone tracking, and failure to produce arrest warrant

The Court has considered each of plaintiff's remaining arguments related to the validity of the search warrants, alleged unauthorized cellular phone tracking, and the alleged failure to produce arrest warrant/search warrant and finds no basis upon which to reconsider its prior orders. The Court has addressed plaintiff's claims related to the sufficiency of the search warrants in its order on summary judgment. [DE 312]. Plaintiff's allegations regarding a USMS agent using a computer in a vehicle and that law enforcement agents would appear whenever plaintiff made a phone call do not state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Finally, plaintiff contends that she was not shown a search warrant when officers searched her home and that the search was therefore warrantless. This argument is without merit. *See United States v. Hurwitz*, 459 F.3d 463, 472 (4th Cir. 2006) ("The Fourth Amendment does not require an officer to serve a search warrant before executing it.").

## CONCLUSION

In sum, plaintiff has failed to demonstrate that this Court committed a clear error of law in granting summary judgment to defendants or in its earlier orders dismissing defendants and claims, nor has plaintiff demonstrated that the Court's orders have resulted in manifest injustice. Plaintiff has further failed to produce any new evidence or identify any intervening change in controlling law. Plaintiff's motion pursuant to Rule 59(e) is therefore DENIED.

SO ORDERED.

This the ___7___ day of April, 2016.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE